U. S. DISTRICT COURT
DISTRICT OF OREGON
F I L E D

SEP 13 1968

DONAL D. SULLIVAN, Clerk
By _____ Deputy

1  SIDNEY I. LEZAK
   United States Attorney
2  District of Oregon
   506 U. S. Courthouse, Box 71
3  Portland, Oregon  97207
   226-3361, Ext. 1531
4    Attorney for Plaintiff
     United States of America

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                     FOR THE DISTRICT OF OREGON

10  UNITED STATES OF AMERICA,        )
                                     )
11               Plaintiff,          )    CIVIL NO. 68-*5/3*
                                     )
12          vs.                      )    C O M P L A I N T
                                     )
13  STATE OF OREGON,                 )
                                     )
14               Defendant.          )

15                  COMPLAINT FOR DECLARATORY
                    JUDGMENT AND INJUNCTION.

16
            The United States of America, by Sidney I. Lezak, United States Attorney
17
    for the District of Oregon, acting under authority of the Attorney General and
18
    at the request of the Secretary of the Interior, complains and alleges as follows:
19
                        FIRST CLAIM FOR RELIEF
20
            1.  This Court has jurisdiction by reason of the fact that the United
21
    States is plaintiff.  28 U.S.C. 1345.
22
            2.  The United States brings this action in its own behalf and in
23
    behalf of the Confederated Tribes and Bands of the Yakima Reservation, hereafter
24
    called the Yakima Tribe, the Confederated Tribes of the Umatilla Indian Reser-
25
    vation, composed of the Walla Walla, Cayuse and Umatilla Bands or Tribes and
26
    hereafter called the Umatilla Tribe, the Nez Perce Indian Tribe, and all other
27
    tribes similarly situated, which are tribes or communities of Indians recognized
28
    as such by the Secretary of the Interior.
29
            3.  The United States has entered into treaties with the Tribes named
30
    in paragraph 2 as follows:
31

32

GPO: 1963—O—713-713

Treaty with the Yakima Tribe on June 9, 1855,

12 Stat. 951.

Treaty with the Walla-Walla, Cayuses and Umatilla

Tribes and Bands on June 9, 1855, 12 Stat. 945.

Treaty with the Nez Perce Indians on June 11, 1855,

12 Stat. 957.

Each of said treaties contains a provision securing to the Indians certain

off-reservation fishing rights.  The following provision from the Yakima treaty

is typical of these treaty provisions:

> The exclusive right of taking fish in all
> the streams, where running through or
> bordering said reservation, is further
> secured to said confederated tribes and
> bands of Indians, as also the right of
> taking fish at all usual and accustomed
> places, in common with the citizens of the
> Territory, and of erecting temporary buildings
> for curing them; together with the privilege
> of hunting, gathering roots and berries, and
> pasturing their horses and cattle upon open
> and unclaimed land.

Each of the tribes named has usual and accustomed fishing places on the

Columbia River in the states of Washington and Oregon, and on tributaries thereof,

including the area upstream (east) from the confluence of the Deschutes River in

Oregon and the Columbia River.

    4.  Subsequent to the execution of the treaties and in reliance thereon

the members of the Tribes have continued to fish for subsistence and commercial

purposes at the usual and accustomed places.  Such fishing provided and still

provides an important part of their subsistence and livelihood.  From time to

time each of the aforementioned Tribes, through its respective governing body, has

for conservation and other purposes enacted regulations governing the exercise

by its members of the fishing rights secured by its treaty, including restrictions

as to times, places and manner of fishing.

    5.  The rights of said Tribes of taking fish at all usual and

accustomed places guaranteed by said treaties are subject to regulation by the

defendant only to the extent necessary for conversation.  These rights do not

PAGE 2 - <u>COMPLAINT</u>

1  derive from state authority and must be recognized and protected by the defendant.

2  The defendant's authority to restrict the exercise of such rights is different

3  from and more limited than its authority to restrict the state-conferred fishing

4  privileges of persons who are not the beneficiaries of such rights.  Proper

5  recognition and protection of the rights require that before restricting their

6  exercise the defendant must (a) deal with the matter of the Indians' treaty

7  fishing rights as a subject separate and distinct from that of fishing by others,

8  (b) so regulate the taking of fish that the Tribes and their members will be ac-

9  corded an opportunity to take, at their usual and accustomed places by reasonable

10  means feasible to them, a fair and equitable share of all fish which the defendant

11  permits to be taken from any given run, and (c) establish that it is necessary

12  (as distinguished from merely convenient) for conservation to impose the

13  specifically prescribed restriction on the exercise of the treaty right.

14      6.  The defendant has failed and refused to recognize and protect the

15  Tribes' treaty rights.  It has failed and refused to deal with fishing by the

16  beneficiaries of such rights as a separate subject when formulating regulations

17  to govern the taking of fish in the Columbia River and its tributaries.  It has

18  denied that such rights invest the beneficiaries with any privileges and immunities

19  other than those which the defendant chooses to accord citizens generally.  It

20  has dealt with Indian treaty rights as though they were state-conferred privileges,

21  any exercise of which the state is not only free to, but is required to, regulate

22  to the same extent and in the same manner as it regulates fishing by persons

23  not entitled to exercise said rights.  In conformity with this premise, defendant

24  contends it has no authority to, and has refused to, recognize or allow any manner

25  of exercise of the right, or its exercise during any time, at any place, or for

26  any purpose the defendant does not also allow other persons to take fish.  It has

27  failed and refused to attempt to so regulate fishing in the Columbia River and

28  its tributaries as to accord the beneficiaries of such right an opportunity to

29  catch, at their usual and accustomed places and by reasonable means feasible to

30  them, a fair and equitable portion of the fish which are available for catching

31  from a particular run consistent with adequate escapement for spawning and

32  PAGE 3 - COMPLAINT

reproduction. It has not determined what specific restrictions must necessarily be imposed upon the exercise of the treaty rights in the interest of conservation and informed the beneficiaries thereof in advance of enforcement what those restrictions are. It has so framed its statutes and regulations as in many instances to allow all the harvestable fish from given runs to be taken by those with no treaty rights before such runs ever reach the usual and accustomed fishing places to which the treaty rights apply.

7. Defendant has not undertaken, or caused to be undertaken, any studies, research, or experimentation--or if it has, has not introduced the results thereof into any hearing or public proceeding at which state fishing laws or regulations were considered or enacted--of the extent to which it is necessary for the defendant to restrict the exercise of fishing rights secured to Indian tribes by treaties of the United States.

8. In devising, adopting and promulgating the regulations by which they authorize the taking of fish for commercial or sports purposes by persons subject to the State's jurisdiction, and in establishing and carrying out fishery management policies and programs and determining conservation objectives, the defendant and its officers and agents have not given recognition to, or made proper allowance for, the rights secured to Indian tribes by treaties of the United States.

9. The defendant and various of its officers and agents claiming to act in their official capacities on behalf of the defendant, have seized nets and other property of members of the aforementioned Tribes and have harassed, intimidated and threatened said members or caused them to be arrested and prosecuted for allegedly violating state laws or regulations pertaining to fishing for, taking of, or possession of, fish which were taken or sought to be taken by said members in the lawful exercise of rights secured by the treaties, and have confiscated or released fish belonging to said members and taken in the exercise of said rights, have interferred with, obstructed, and attempted to prevent the transportation or sale of such fish so taken by members of said Tribes and have otherwise harassed and interferred with said members in the exercise of said rights.

PAGE 4 - COMPLAINT

Defendant, its officers and agents, assert their intention to continue these actions. In so acting and threatening to act, the defendant, its officers and agents are acting wrongfully and in derogation of rights secured by the treaties.

10. As a result of the said wrongful acts of defendant, the Tribes and their members are being unlawfully deprived of their treaty right, privilege, and immunity to fish at many of their usual and accustomed places and have suffered, and will continue to suffer, irreparable damage. The plaintiff, the Tribes and members of the Tribes, have no adequate remedy at law because

(a)   the damages which have been and will be sustained are not susceptible of monetary determination;

(b)   the right of the Indians to fish at their usual and accustomed places conferred by treaty with the United States is unique and should be specifically protected; and

(c)   in the case of criminal prosecutions threatened by the defendant or its officers or agents purporting to act under the authority of the State statutes, these Indians have no remedy at all except at the risk of suffering fines, imprisonment and confiscation of property, involving a multiplicity of legal proceedings.

11. An actual controversy exists between the plaintiff on the one hand and the defendant on the other as to the nature and extent of the treaty fishing rights of the Tribes named in paragraph 2 hereof and the attempted regulation thereof by the defendant.

## SECOND CLAIM FOR RELIEF

12. Plaintiff restates and re-alleges the allegations of paragraphs 1 through 11 of this complaint.

13. The defendant and its officials have attempted and continue to attempt to impose upon members of the Tribes, among other restrictions, a total and permanent prohibition of all net or commercial fishing in the Columbia River and its tributaries upstream from Miller Island located near the mouth of the Deschutes River. The legislature of the state of Oregon has enacted ORS 511.106(1) and ORS 506.006(4) which together impose a permanent and total prohibition against

PAGE 5 - COMPLAINT

the taking of food fish from the waters of the Columbia River or its tributaries
east of the confluence of the Deschutes and Columbia Rivers for commercial
disposition or by any means other than angling.

14. The effect of ORS 511.106(1) and 506.006(4) is to close permanently
to the taking of food fish by any means other than angling a substantial portion
of the Columbia River which contains numerous and important usual and accustomed
fishing places of the Tribes, while permitting commercial fishing on other portions
of the Columbia River. The defendant, its officers, and agents, have failed to
recognize and to provide for the exercise of the treaty fishing rights of the
Tribes, and their members, at their usual and accustomed places which failure
constitutes a denial of the treaty fishing rights and an unlawful and unreasonable
discrimination in favor of those fishing commercially below the mouth of the
Deschutes River and against the Tribes and their members. Such action has not
been and cannot be justified as necessary for the conservation of fish.

### THIRD CLAIM FOR RELIEF

15. Plaintiff restates and re-alleges the allegations of paragraphs 1
through 11 of this complaint.

16. The defendant, acting through the Fish Commission of the State of
Oregon, hereinafter called the Commission, has adopted and promulgated
Administrative Rules by which it purports to regulate the taking of food fish
for commercial purposes on the Columbia River and its tributaries. Sections
10-750, 10-760, 10-835, and 10-840, the text of which is appended to this
complaint, provide that it shall be unlawful to take any food fish "for
commercial purposes" (definded in ORS 506.006 as including any fishing other
than by hook and single line) from any waters of the Columbia River or its
tributaries except as authorized by statute or Commission regulation. These
sections further provide that it is unlawful to so take "salmon" (defined in
ORS 506.016(6) as including steelhead trout) and all other food fish east of a
line located approximately five miles below Bonneville Dam, except from the
Bonneville-Celilo Fishing Area which is more particularly described and limited

PAGE 6 - COMPLAINT

by sections 10-835 and 10-840. Excluded from said Fishing Area are all portions
of the Columbia River above Miller Island which contain many usual and accustomed
fishing places of the Tribes. Other sections of the Administrative Rules
prescribe the seasons within which food fish may be taken from the Bonneville-
Celilo Fishing Area and specify the gear which may be used. By these and other
sections of the Administrative Rules the Commission has also authorized the
taking of anadromous food fish by non-Indians from the Columbia River both at
the usual and accustomed Indian fishing places and at other locations on the
river at times, places, and in the manner specified in sections 10-750 to
10-850 inclusive, of such Rules. ORS 506.050 provides that the restrictions
imposed by the Commission's regulations are not applicable to the taking of
salmon by means of hook and line. Plaintiff alleges upon information and belief
that these Administrative Rules were adopted and promulgated pursuant to
either ORS 506.141 and 506.146 or ORS 507.030. Notwithstanding ORS 506.045 which
excludes certain Indians from the operation of ORS 506.141, 506.146, and 507.030
(and other sections) insofar as such operation would conflict with any rights
or privileges granted to such Indians under terms of their treaties with the
United States, various officers and agents of the defendant have stated their
intention on behalf of the defendant to apply such Administrative Rules to all
Indians fishing at their Tribes usual and accustomed places in the exercise of
rights secured by their treaties and have threatened to arrest, prosecute and
seize the fishing gear of, and have seized gear and issued arrest citations to,
members of such Tribes for so fishing in violation of such Administrative Rules.

    17. In devising and adopting the Adminstrative Rules referred to in
paragraph 16 governing the taking of food fish for commerical purposes from stocks
which frequent the Columbia River, the Commission has failed to give proper
recognition or make adequate provision for the exercise of treaty fishing rights
of Indians at their usual and accustomed places and has adopted Rules which
discriminate against the taking of fish at the usual and accustomed places of
the previously mentioned Indian Tribes in favor of those who take fish at other
locations on the Columbia River. In so doing the Commission is unlawfully

PAGE 7 - COMPLAINT

discriminating against the exercise of Indian treaty fishing rights in the
recognition and beneficial use of such treaty rights.  Such discrimination results
in irreparable damage to such Tribes and their members.

WHEREFORE, plaintiff prays that the Court:

1.  Decree and adjudge that

(a)  The Yakima, Umatilla, and Nez Perce Tribes, and other tribes
similarly situated, own and they may authorize their members to exercise a right
derived from the laws and treaties of the United States to take fish at their
usual and accustomed places on the Columbia River and its tributaries, wherever
located, which right is distinct from any right or privilege of individuals to
take fish derived from common law or state authority, and the exercise of which
is subject to state control only through such statutes or regulations as have
been established to be necessary for the conservation of the fishery and which
do not discriminate against the exercise of such right;

(b)  Proper recognition and protection of the Indians' treaty rights
require that fishing be so regulated as to give the Indians an opportunity to
catch at their usual and accustomed places by reasonable means feasible to them
a fair and equitable portion of the total number of fish available for taking
from a particular run, while providing for the escapement of sufficient spawning
stock to preserve the species;

(c)  In regulating the treaty fishing rights, the defendant must
recognize those rights as a separate and distinct matter, must limit such
regulation to what is necessary (as distinguished from merely convenient) for
conservation, and must inform the Indians specifically and reasonably in advance
of the passage of a particular run by their usual and accustomed fishing places
what restrictions it has found necessary to enforce at the usual and accustomed
places to meet the demands of conservation;

(d)  As one method of accomplishing conservation objectives the defendant
may lawfully restrict or prohibit non-Indians fishing at the Indians' usual and
accustomed places without imposing similar restrictions on Treaty Indians.

2.  Declare ORS 511,106(1) and ORS 506.006(4) null and void insofar

PAGE 8 - COMPLAINT

as they deny or restrict the right of members of the above-mentioned Tribes, acting under tribal authorization, to take fish for subsistence and commercial purposes at the usual and accustomed places on the Columbia River or its tributaries east of its confluence with the Deschutes River.

3. Declare that Oregon Administrative Rules 10-750, 10-835, and 10-840 of the Fish Commission of the State of Oregon are contrary to and in violation of ORS 506.045, and are null and void insofar as they fail to recognize and provide for the exercise of the treaty fishing rights of the above-mentioned Tribes easterly and upstream from the upper limits of the Bonneville-Celilo Fishing Area.

4. Issue an injunction enjoining the defendant, its officers, agents and employees from enforcing the provisions of ORS 511.106(1) and ORS 506.006(4) and Oregon Administrative Rules 10-750, 10-835, and 10-840, in such manner as to prevent or restrict members of the above-mentioned Tribes, from taking fish at the usual and accustomed places on the Columbia River or its tributaries in accordance with tribal authorization pursuant to the treaties between those Tribes and the United States.

5. Issue an injunction enjoining the defendant, its officers, agents and employees from enforcing the provisions of state laws or regulations in such manner as to prevent or restrict members of the above-mentioned Tribes from taking fish at the usual and accustomed places on the Columbia River or its tributaries in accordance with tribal authorization pursuant to the treaties between those Tribes and the United States without previously having established that the imposition of state regulation is necessary for the conservation of fish and does not discriminate against the taking of fish pursuant to such treaty right.

6. Grant such further and additional relief as the plaintiff may be entitled to.

7. Award plaintiff the costs of this action.

8. Retain jurisdiction of this cause for the purpose of enforcing of the judgment of this Court.

SIDNEY I. LEZAK
United States Attorney
District of Oregon

GPO:1963—O-713-713

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

A P P E N D I X

OREGON ADMINISTRATIVE RULES
FISH COMMISSION

10-750 APPLICABILITY OF REGULATIONS.  It is unlawful to take any
food fish for commercial purposes from the waters of the
Columbia River or any of the sloughs or tributaries thereof
except as authorized by statute or Fish Commission regulation.

10-760 LOWER COLUMBIA RIVER FISHING AREA.  The Columbia River
fishing area hereinafter referred to as the lower Columbia
River fishing area shall consist of those waters of the
Columbia River upstream from a lower boundary of a straight
line from the knuckle of the south jetty on the Oregon shore
to the inshore end of the north jetty on the Washington shore
to an upper boundary of a straight line from a Fish Commission
deadline marker on the Oregon shore to a Washington Department
of Fisheries deadline marker on the Washington shore, both such
deadline markers located approximately five miles downstream
from Bonneville Dam.

10-835 BONNEVILLE-CELILO FISHING AREA.  The Columbia River fishing
area hereinafter referred to in these regulations as the
"Bonneville-Celilo fishing area" shall consist of those waters
of the Columbia River between a downstream boundary line of the
Bridge of the Gods located approximately 2.3 miles above
Bonneville Dam to an upstream boundary line of a straight line
from the Washington shore across the lower (west) end of
Miller Island through a red buoy near the Oregon shore to an
Oregon Fish Commission deadline marker on the Oregon shore
located approximately one mile below the mouth of the Deschutes
River.

10-840 UPPER COLUMBIA RIVER CLOSED FISHING AREAS.  Notwithstanding
any other section of these regulations, the following described
areas are closed to the taking of any food fish:

(1)   An area from The Dalles Interstate Bridge upstream past The
Dalles Dam approximately 1.5 miles to a straight line from
an Oregon Fish Commission deadline marker on the Oregon
shore through the five mile lock-light (occulting red) on
an island near the Oregon shore through an island near the
Washington shore to a Washington Department of Fisheries
fishing boundary marker on the Washington shore at the south-
west corner of Horsethief Lake, SP & S railroad fill, except
hand dip nets and hoop nets will be permitted at the Lone
Pine Indian fishing site located immediately above The Dalles
Interstate Bridge.

(2)   That area within the Columbia River lying within one-half
mile of the bank and between points one-half mile above and
one mile below the mouth of the following named tributaries
of the Columbia River:

| | | | |
|---|---|---|---|
| (a) | Herman Creek | - | Oregon |
| (b) | Hood River | - | Oregon |
| (c) | Wind River | - | Washington |
| (d) | Klickitat River | - | Washington |
| (e) | Little White Salmon River | - | Washington |
| (f) | Big White Salmon River | - | Washington |
| (g) | Spring Creek | - | Washington |

(3)  All the waters of the Columbia River easterly and upstream from the upper limits of the Bonneville-Celilo fishing area.

SUMMONS IN A CIVIL ACTION

D. C. Form No. 45a Rev. (6-49)

# United States District Court

## FOR THE

### DISTRICT OF OREGON

CIVIL ACTION FILE NO. 68-513



UNITED STATES OF AMERICA,

Plaintiff

v.

STATE OF OREGON,

Defendant

**SUMMONS**

SUMMONS IN CIVIL ACTION

To the above named Defendant :

You are hereby summoned and required to serve upon

Sidney I. Lezak, United States Attorney

plaintiff's attorney, whose address is 506 U. S. Courthouse, P. O. Box 71,
Portland, Oregon 97207

an answer to the complaint which is herewith served upon you, within **twenty** days after service

of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint.

DONAL D. SULLIVAN, *Clerk of Court.*

E. Nowell                          *Deputy Clerk.*

[Seal of Court]

Date: September 13, 1968

Note—This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Officer copy
del E. Marshal
9/13/48

U. S. DISTRICT COURT
DISTRICT OF OREGON
FILED

#21 Rev.

SEP 13 1968

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONAL D. SULLIVAN, Clerk
By _____ Deputy

UNITED STATES OF AMERICA

No. ___Civil No. 68-*513*___

vs.

P R A E C I P E

STATE OF OREGON

Portland, Oregon

Date___September 13, 1968___

TO:  Clerk of the United States District Court for the District of Oregon.

You will please __issue Summons_____

_____in the above-entitled cause.

S/ Sidney I. Lezak

~~ASSISTANT~~ United States Attorney /glw