In The United States District Court
For The District of Oregon

U. S. DISTRICT COURT
DISTRICT OF OREGON
FILED

JAN 8 - 1969

DONAL D. SULLIVAN, Clerk
By M. Spargo    DEPUTY

United States of America, ]
]
      Plaintiff ]
]
v. ] Civil No. 68-513
]
State of Oregon, ] Complaint of Intervener
] Nez Perce Tribe of Idaho
      Defendant, ] (hereinafter "Nez Perce
] Tribe")
Nez Perce Tribe of Idaho, ]
]
      Applicant for Intervention. ]

### First Claim For Relief

1. This Court has jurisdiction under 28 U.S.C. 1345, the action having been brought by the United States.

2. The Nez Perce Tribe of Idaho is a recognized tribe of American Indians which owns and occupies a reservation in the State of Idaho. The Tribe has a constitution under Section 16 of the Indian Reorganization Act of June 18, 1934, 48 Stat. 984, 25 U.S.C. §476, and is authorized to sue in its own name.

3. Pusuant to the Treaty of June 11, 1855, 12 Stat. 957, the United States secured to the Nez Perce Tribe certain off-reservation fishing rights. Article III of such Treaty provides, in pertinent part, as follows:

> "The exclusive right of taking fish in all the streams where running through or bordering said reservation is further secured to said Indians; as also the right of taking fish at all usual and accustomed places, in common with the citizens of the Territory, and of erecting temporary buildings for curing, together with the privilege of hunting, gathering roots and berries, and pasturing their horses and cattle upon open and unclaimed land."

The Nez Perce Tribe has "usual and accustomed" fishing places in the States of Washington and Oregon, on the Columbia River and its tributaries, including the area upstream (east) from the confluence of the Deschutes River in Oregon and the Columbia River.

4. Subsequent to execution of the Treaty of June 11, 1855 and in reliance thereon, members of the Nez Perce Tribe have continued to fish for subsistence and commercial purposes at such "usual and accustomed" places. Such fishing provided and still provides an important part of their subsistence and livelihood. From time to time the Nez Perce Tribe, through its governing body, has for conservation and other purposes enacted regulations governing exercise by its members of such fishing rights, including restrictions as to time, place and manner of fishing.

5. The right of the Nez Perce Tribe to take fish at all "usual and accustomed" places guaranteed by the Treaty of June 11, 1855 is subject to regulation by the defendant only to the extent necessary for conservation of the fish resource. The defendant's authority to restrict exercise of such fishing rights is different from and more limited than its authority to restrict the state-conferred fishing privileges of others not the beneficiaries of such treaties with the United States. Proper recognition and protection of such fishing rights require that before restricting their exercise by the Nez Perce Tribe the defendant must: (a) treat the Nez Perce Tribe's treaty fishing rights as a subject separate and distinct from that of fishing by others, (b) so regulate the taking of fish that the Nez Perce Tribe is accorded full opportunity to take, at "usual and accustomed" places and by reasonable means feasible to them, a fair and equitable share of all fish which the defendant permits to be taken from any given run, and (c) establish that it is necessary (as distinguished

from merely convenient) for conservation purposes to impose the specifically-prescribed restriction on the exercise of such treaty fishing rights.

6. The defendant has failed and refused to recognize and protect the Nez Perce Tribe's treaty rights. It has failed and refused to treat fishing by its members as a separate subject when formulating regulations to govern the taking of fish in the Columbia River and its tributaries. It has denied that the Treaty of June 11, 1855, secures to members of the Nez Perce Tribe any privileges and immunities other than those which the defendant chooses to accord citizens generally. It has dealt with Indian treaty rights as though they were state-conferred privileges, the exercise of which the defendant is required to regulate to the same extent and in the same manner as fishing by persons not beneficiaries of such treaties with the United States. Defendant has failed and refused so to regulate fishing in the Columbia River and its tributaries as to accord members of the Nez Perce Tribe full opportunity to take, at their "usual and accustomed" places and by reasonable means feasible to them, a fair and equitable portion of the harvestable fish from a particular run consistent with adequate escapement for spawning and reproduction. It has not determined what specific restrictions, in the interest of conservation, must necessarily be imposed upon exercise of the treaty fishing rights. It has so framed its statutes and regulations as to allow all the harvestable fish from given runs to be taken by those without treaty rights before such runs ever reach the "usual and accustomed" fishing places of the Nez Perce Tribe.

7. Defendant has not undertaken, or caused to be undertaken, any studies, research, or experimentation (or if it has, the defendant has failed to introduce the results thereof in any hearing or public

- 4 -

proceeding at which state fishing laws or regulations were considered or enacted) of the extent, if any, to which restrictions upon exercise of fishing rights secured to the Nez Perce Tribe by the Treaty of June 11, 1855, are necessary for conservation purposes.

8. In devising, adopting and promulgating regulations authorizing the taking of fish for commercial or sports purposes, and in establishing and carrying out fishery management policies and programs and determining conservation objectives, the defendant and its officers and agents have not given recognition to, or made proper allowance for, the rights secured to the Nez Perce Tribe by the Treaty of June 11, 1855.

9. The defendant and various of its officers and agents, claiming to act in their official capacities on behalf of the defendant, have seized nets and other property of members of the Nez Perce Tribe and have harrassed, intimidated, and threatened such members, causing some of them to be arrested and prosecuted for allegedly violating state laws or regulations pertaining to fishing for, taking of, or possession of, fish taken or sought to be taken by such members in the lawful exercise of rights secured by the Treaty of June 11, 1855, and have confiscated or released fish belonging to such members and taken in the exercise of such rights interfered with, obstructed, and attempted to prevent the transportation or sale of fish so taken and otherwise harrassed and interfered with such members in the exercise of such rights. Defendant, its officers and agents assert their intention to continue these actions.

10. As a result of such wrongful acts of defendant, the Nez Perce Tribes and its members are being unlawfully deprived of their treaty right, privilege, and immunity to fish at many "usual and accustomed" places and have suffered, and will continue to suffer, irreparable damage. The Nez Perce Tribe and its members have no adequate remedy at law because:

(a) the damages which have been and will be sustained are not susceptible of monetary determination;

(b) the right to fish at their "usual and accustomed" places conferred by treaty with the United States is unique and must be specifically protected; and

(c) in the case of criminal prosecutions threatened by the defendant or its officers or agents purporting to act under the authority of the State statutes, no remedy exist except at the risk of suffering fines, imprisonment and confiscation of property, involving a multiplicity of legal proceedings.

11. An actual controversy exists between the Nez Perce Tribe and the defendant as to the nature and extent of the treaty fishing rights described in paragraph 3 hereof and the attempted regulation thereof by the defendant.

## Second Claim For Relief

12. The Nez Perce Tribe restates and re-alleges the allegations of paragraphs 1 through 11 of this complaint.

13. The defendant and its officials have attempted and continue to attempt to impose upon members of the Nez Perce Tribe, among other restrictions, a total and permanent prohibition of all net or commercial fishing in the Columbia River and its tributaries upstream from Miller Island located near the mouth of the Deschutes River. Pursuant to ORS 511.106(1) and ORS 506.006(4), the State of Oregon has imposed a permanent and total prohibition against the taking of food fish from the waters of the Columbia River or its tributaries east of the confluence of

- 6 -

the Deschutes and Columbia Rivers for commercial disposition or by any means other than angling.

14. The effect of ORS 511.106(1) and 506.006(4) is permanently to close to the taking of food fish by any means other than angling, a substantial portion of the Columbia River containing numerous and important "usual and accustomed" fishing places of the Nez Perce Tribe, while permitting commercial fishing on other portions of the Columbia River. The defendant, its officers, and agents, have failed to recognize and to provide for the exercise of the treaty fishing rights of the Nez Perce Tribe and its members at their "usual and accustomed" places, which failure constitutes a denial of the treaty fishing rights and an unlawful and unreasonable discrimination in favor of those fishing commercially below the mouth of the Deschutes River and against the Tribes and their members. Such action has not been and cannot be justified as necessary for the conservation of fish.

### Third Claim For Relief

15. The Nez Perce Tribe restates and re-alleges the allegations of paragraphs 1 through 11 of this complaint.

16. The defendant, acting through the Fish Commission of the State of Oregon, hereinafter called the Commission, has adopted and promulgated Administrative Rules by which it purports to regulate the taking of food fish for commercial purposes on the Columbia River and its tributaries. Sections 10-750, 10-760, 10-835, and 10-840, provide that it shall be unlawful to take any food fish "for commercial purposes" (defined in ORS 506.006 as including any fishing other than by hook and single line) from any waters of the Columbia River or its tributaries, except as authorized by statute or Commission regulation. These

sections further provide that it is unlawful so to take "salmon" (defined in ORS 506.016(6) as including steelhead trout) and all other food fish east of a line located approximately five miles below Bonneville Dam, except from the Bonneville-Celilo Fishing Area in accordance with sections 10-835 and 10-840. Excluded from such Fishing Area are all portions of the Columbia River above Miller Island. These contain many "usual and accustomed" fishing places of the Nez Perce Tribe. Other sections of the Administrative Rules prescribe the seasons within which food fish may be taken from the Bonneville-Celilo Fishing Area and specify the gear which may be used. By these and other sections of the Administrative Rules, the Commission has also authorized the taking of anadromous food fish by non-Indians from the Columbia River both at the "usual and accustomed" Indian fishing places and at other locations on the river at times, places, and in the manner specified in sections 10-750 to 10-850, inclusive, of such Rules. ORS 506.050 provides that the restrictions imposed by the Commission's regulations are not applicable to the taking of salmon by means of hook and line. The Nez Perce Tribe alleges, upon information and belief, that these Administrative Rules were adopted and promulgated pursuant to either ORS 506.141 and 506.146 or ORS 507.030. Notwithstanding ORS 506.045, which excludes certain Indians exercising treaty fishing rights from ORS 506.141, 506.146, and 507.030 (and other sections), various officers and agents of the defendant have stated their intention on behalf of the defendant to apply such Administrative Rules to all Indians fishing at "usual and accustomed" places pursuant to treaties guaranteeing such fishing, have threatened to arrest, prosecute and seize the fishing gear of, and have seized gear and issued arrest citations to such Indians, including members of the Nez Perce Tribe, for fishing in violation of such Administrative Rules.

- 8 -

17. In devising and adopting the Administrative Rules referred to in paragraph 16 governing the taking of food fish for commercial purposes from stocks which frequent the Columbia River, the Commission has failed to give proper recognition to or make adequate provision for the exercise of treaty fishing rights of the Nez Perce Tribe and its members at their "usual and accustomed" places and has discriminated against the taking of fish at such "usual and accustomed" places of the Nez Perce Tribe in favor of those who take fish at other locations on the Columbia River. Such discrimination results in irreparable damage to such Tribe and its members.

WHEREFORE, the Nez Perce Tribe prays that the Court:

1. Decree and adjudge that:

(a) The Nez Perce Tribe owns and may authorize its members to exercise rights derived from the laws and treaties of the United States to take fish at its "usual and accustomed" places on the Columbia River and its tributaries, wherever located, which rights are distinct from any right or privilege of individuals to take fish derived from common law or state authority, and the exercise of which is subject to state control only through such non-discriminatory statutes or regulations as have been established to be necessary for the conservation of the fishery;

(b) Proper recognition and protection of the Nez Perce Tribe's treaty rights require that fishing be so regulated as to give its members full opportunity to catch, at "usual and accustomed" places and by reasonable means feasible to them, a fair and equitable portion of the total number of fish available for taking from a particular run, while providing for the escapement of sufficient spawning stock to preserve the species;

(c) The defendant must recognize treaty fishing rights as a separate and distinct matter, limit such regulation to what is necessary (as distinguished from merely convenient) for conservation, and provide the Nez Perce Tribe specific notice in advance of the passage of a particular run by its "usual and accustomed" fishing places of the restrictions so imposed;

(d) As one method of accomplishing conservation objectives, the defendant may lawfully restrict or prohibit non-Indian fishing at such "usual and accustomed" places without imposing similar restrictions on the Nez Perce Tribe and its members.

2. Declare ORS 511.106(1) and ORS 506.006(4) null and void insofar as they deny or restrict the right of members of the Nez Perce Tribe, acting under tribal authorization, to take fish for subsistence and commercial purposes at "usual and accustomed" places on the Columbia River or its tributaries east of its confluence with the Deschutes River.

3. Declare that Oregon Administrative Rules 10-750, 10-835 and 10-840 of the Fish Commission of the State of Oregon are contrary to and in violation of ORS 506.045, and are null and void insofar as they fail to recognize and provide for the exercise by the Nez Perce Tribe and its members of treaty fishing rights easterly and upstream from the upper limits of the Bonneville-Celilo Fishing Area.

4. Issue an injunction enjoining the defendant, its officers, agents and employees from enforcing ORS 511.106(1) and ORS 506.006(4) and Oregon Administrative Rules 10-750, 10-835, and 10-840, in such manner as to prevent or restrict members of the Nez Perce Tribe from taking fish at "usual and accustomed" places on the Columbia River or its tributaries pursuant to the Treaty of June 11, 1855 and in accordance with tribal authorization.

5. Issue an injunction enjoining the defendant, its officers, agents and employees from enforcing the provisions of state laws or regulations in such manner as to prevent or restrict members of the Nez Perce Tribes from taking fish at "usual and accustomed" places on the Columbia River or its tributaries pursuant to the Treaty of June 11, 1855 and in accordance with tribal authorization without previously having established that imposition of such state laws or regulations is necessary for conservation of the fish and does not discriminate against the taking of fish pursuant to such treaty rights.

6. Grant such further and additional relief as the Nez Perce Tribe may be entitled to.

7. Award the Nez Perce Tribe its proportion of the costs of this action.

8. Retain jurisdiction of this cause for the purpose of enforcing of the judgment of this Court.

Respectfully submitted,

Arthur Lazarus, Jr., Esq.
1700 K Street N.W.
Washington, D.C.

Robert C. Strom, Esq.
Box 155
Craigmont, Idaho

Attorneys for the Nez Perce Tribe of Idaho

Of Counsel:

David E. Birenbaum
Strasser, Spiegelberg, Fried
    Frank & Kampelman