JUDGE BELLONI

69 5

CIVIL DOCKET

UNITED STATES DISTRICT COURT    **Jury demand date:**    Consol w/Civ 6

D. C. Form No. 106A Rev.

| TITLE OF CASE | ATTORNEYS |
|---|---|
| | For plaintiff:    Chairman of Pltfs' co |

**For plaintiff:**    Chairman of Pltfs' co

SIDNEY I. LEZAK -Michael Morehouse ,
United States Attorney
District of Oregon
506 U. S. Courthouse, Box 71
Portland, Oregon 97207
226-3361, Ext. 1531

GEORGE D. DYSART    US atty
Assistant Regional Solicitor
U. S. Department of the Interior
P. O. Box 3621
Portland, Oregonn 97208
234-3361, Ext. 502    1-A

Party Pltf - Nez Perce Tribe of Idaho by
Arthur Lazarus, Jr., 1700 K St. N.W., Wa
Robert C. Strom, Box 155, Craigmont, Id
John T. Lewis, Suite 1 - 502 Wash. St.,
Dalles, Ore. 97058

UNITED STATES OF AMERICA,

                    Plaintiff,

            vs.

STATE OF OREGON,

                    Defendant.


CONFEDERATED TRIBES OF THE WARM SPRINGS
RESERVATION,

            INTERVENOR

CONFEDERATED TRIBES OF & BANDS OF THE
YAKIMA INDIAN NATION and CONFEDERATED
TRIBES OF THE UMATILLA INDIAN RESERVATION,
            INTERVENORS
Nez Perce Tribe of Idaho,
                    Intervener

**For defendant:**

LEE JOHNSON
Robert Y. Thornton, Attorney General
George S. Woodworth, Asst.    Beverly
Henry Kane, Asst,    RAY UNDERWOOD
469 State Office Building    520 SW yamh
Portland, Oregon 97201    234-33
226-2161, Ext. 359    229-573

                                    229-57A

For the Confederated Tribes & Bands o
Yakima Indian Nation:    UMATILLA
JAMES B. HOVIS    Mark-Mc
P. O. Box 433    1200-A
Yakima, Washington 98902
Tel: GL 3-3165    ( SEE PAGE 1-A

**Call:** 11/18/68

CONF. TRIBES WARM SPGS. RESERV.
Owen M. Panner & David F. Berger
1026 Bond St., Bend. 382-3011

| STATISTICAL RECORD | COSTS | | DATE 1974 | NAME OR RECEIPT NO. | REC. | DISB |
|---|---|---|---|---|---|---|
| J.S. 5 mailed   10/5/68 | Clerk | | 7/10 | #26541 U.S.Treas. | 5 00 | 5 0 |
| supp 5 4/5/80 | | | | | | |
| J.S. 6 mailed  12-1-70 | Marshal | | | | | |
| Basis of Action: Regulation of Tribes' treaty fishing rights | Docket fee | | | | | |
| | Witness fees | | | | | |
| Action arose at: | Depositions | | | | | |

Howard G. Arnett
Johnson, Marceau, Karnopp & Peterson
835 N.W. Bond Street
Bend, Oregon 97701
(503) 382-3011
Attorney for Plaintiff-Intervenor-
Appellee Warm Springs Tribe

Closed on
Judgment 10-69
10-10-69

CIVIL DOCKET

UNITED STATES DISTRICT COURT

JUDGE BELLONI

Jury demand date:

Consol w/Civ

D. C. Form No. 106A Rev.

| TITLE OF CASE | ATTORNEYS |
|---|---|

**For plaintiff:**     Chairman of Pltfs' c

SIDNEY I. LEZAK -Michael Morehouse
United States Attorney
District of Oregon
506 U. S. Courthouse, Box 71
Portland, Oregon 97207
226-3361, Ext. 1531

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

STATE OF OREGON,

      Defendant.

NOTICE OF CHANGE OF ADDRESS

_SW:_   George D. Dysart, Attorney
Land & Natural Resources Division
U.S. Department of Justice
P.O. Box 150
Portland, Oregon  97207

CONFEDERATED TRIBES OF THE WARM SPRING
RESERVATION,

      INTERVENOR

Robert C. Strom, Box 155, Craigmont, I
John T. Lewis, Suite 1 - 502 Wash. St.
Dalles, Ore. 97058
**For defendant:**

LEE JOHNSON

CONFEDERATED TRIBES OF & BANDS OF THE
YAKIMA INDIAN NATION and CONFEDERATED
TRIBES OF THE UMATILLA INDIAN RESERVATION,
      INTERVENORS

Nez Perce Tribe of Idaho,
      Intervener

Robert Y. Thornton, Attorney General
George S. Woodworth, Asst. Beverly
Henry Kane, Asst. RAY UNDERWOO
469 State Office Building 52OSW/fan
Portland, Oregon  97201   734-33
226-2161, Ext. 359             229-599

                    229-57A

For the Confederated Tribes & Bands o
Yakima Indian Nation:          UMATILL
JAMES B. HOVIS                 Mark-Mc
P. O. Box 433                  1200 Am.
Yakima, Washington 98902
Tel. GL 3-3165   ( SEE PAGE 1-A con

CONF. TRIBES WARM SPGS. RESERV.  Do
Owen M. Panner & David F. Berger  900
1026 Bond St., Bend. 382-3011    Bi

Call:  11/18/68

| STATISTICAL RECORD | COSTS | | DATE 1974 | NAME OR RECEIPT NO. | REC. | DISB. |
|---|---|---|---|---|---|---|
| J.S. 5 mailed   10/5/68 | Clerk | | 7/10 | #26541 U.S.Treas. | 5 00 | 5 00 |
| supp 55 415180 | | | | | | |
| J.S. 6 mailed  12-1-70 | Marshal | | | | | |
| Basis of Action: Regulation of Tribes' treaty fishing rights | Docket fee | | | | | |
| | Witness fees | | | | | |
| Action arose at: | Depositions | | | | | |

Closed on
Judgment 10-69
10-10-69

D. C. 110A Rev. Civil Docket Continuation

| DATE | PROCEEDINGS |
|------|-------------|

<u>Confederated Tribes Warm Spgs. Reserv.</u>
Dennis Karnopp
1026 Bond St.
Bend Oregon, 97701
Tel: 382-3011


<u>Umatilla Tribe</u>
Douglas R. Nash
c/o Native American Rights Fund
1506 Broadway
Boulder, Colorado 80302


<u>Nez Perce Tribe Party Pltff</u>
Robert C. Strom
Box 155,
Craigmont, Idaho

John T. Lewis
Suite 1
502 Washington St.
The Dalles, Oregon  97058

Mr. Arthur Lazarus, Jr.
600 New Hampshire Avenue
Washington, D.C.

Sohappy Pltffs
Frederic Noland
c/o MacDonald, Hoague & Bayless
1500 Hoge Building
Seattle, Washington  98104

<u>Yakima Tribe</u>
James B. Hovis
P.O. Box 437
Yakima, Washington  98902
Tel: GL3-3165




211

| # | DATE 1968 | PROCEEDINGS | Date Or Judgmex |
|---|---|---|---|
| 1) | Sept 13 | Filed Complaint | |
| 2) | 13 | Filed Praecipe to issue summons | |
| 3) | 13 | Issued summons to U. S. Marshal | |
| 4) | 13 | Filed Motion of deft. State of Oregon for Three-Judge Court. | |
| 5) | 13 | Filed Memorandum in Support of Defendant's Motion for Three-Judge Court Under 28 U.S.C.A. § 2284. | |
| 6) | 16 | Filed Interrogatories of Defendant to Steward L. Udall (First Set.). | |
| 7) | 19 | Filed Plaintiff's Memorandum in Opposition to Three-Judge Court. | |
| | | | S |
| 8) | 24 | Filed Summons with Marshal's return. | |
| 9) | 30 | Filed Reply Memorandum of Defendant in Support of Motion for Three-Judge Court. | |
| 10) | Oct. 1 | Filed Stipulation that time for answer on behalf of State of Oregon may be extended to Nov. 1, 1968. | |
| 11) | | Extension granted by Clerk's endorsement - M. Hartzell. | |
| 12) | 2 | Filed and Entered Order [On Stipulation] that U.S. may have to and including Nov. 11, 1968, in which to answer or object to interrogatories.  m 10/9/68 | S |
| 13) | Nov. 18 | Record of hearing on motion for 3-Judge Court | |
| 14) | 18 | Entered Order denying Motion for 3-Judge Court | B |
| 15) | 18 | Record of hearing on Pltffs motion to consolidate with Civ 68-409 | |
| 16) | 18 | Entered Order allowing Motion For Consolidation | B |
| 17) | 18 | Entered Order that government answer interrogatories by Dec. 1, 1968 | B |
| 18) | 18 | Entered Order that State of Oregon file its answer and any motions by Dec.5,1968 | B |
| 19) | 18 | Entered Order that PTO be lodged by Dec. 23, 1968 | B |
| 20) | 18 | Entered Order setting trial (Firm) for Jan 6, 1969 | B |
| 21) | 21 | Filed Interrogatories of Deft to Stewart L. Udall (Second Set) | |
| 22) | Dec. 2 | Filed Interrogatories of Pltff to Deft (First Set) | |
| 23) | 2 | Filed Objections to Interrogatories (First Set) | |
| 24) | 2 | Filed Answers to Interrogatories of Deft. to Stewart L. Udall (First Set) | |
| 25) | 5 | Filed Motion to Intervene as a Pltff | |

(cont'd to Pg 2)

D. C. 110A Rev. Civil Docket Continuation

| | DATE 1968 | U.S.A. vs. STATE OF OREGON | PROCEEDINGS |
|---|---|---|---|
| 26) | Dec. 5 | Filed Complaint of Confederated Tribes & Bands of Yakima Indian Nation For Declaratory Judgment and Injunction | |
| 27) | 5 | Filed Motion For Intervention Re Yakima Indian Nation | |
| 28) | 5 | Entered Order specially admitting James Hovis for this case | |
| 29) | 5 | Record of hrg on motion to intervene by the Warm Springs and Yakima Tribes | |
| 30) | 5 | Entered Order allowing motion to intervene    (Filed 12/13/68) | |
| 31) | 5 | Filed Intervenor's Complaint | |
| 32) | 5 | Entered Order that briefs be filed by 12/18/68 on question indispensable parties and standing of individuals v. Tribe | |
| 33) * | 9 | Filed and Entered Order allowing intervention of Confederated Tribes and Bands of the Yakima Indian ;Nation     (¤ dated 12/5/68) | |
| 34) | 16 | Filed deft's Motion declaring complaint constitutes a class action on behalf of all Indian Tribes and Communities of Indians, etc. (See Motion) | |
| 35) | 16 | Filed Deft's Memorandum in support of above motion | |
| 36) | 16 | Filed Deft's brief in support of Interrogatories (First Set) | |
| 37) | 16 | Filed defendant's Motion to dismiss, pursuant to Rule 19, FR Civ. P. | |
| 38) | 16 | Pltf's Objections to Interrog. resolved by parties | |
| 39) * | 13 | Filed and Entered Order allowing Motion of Confed. Tribes of Warm Springs Reservation of Oregon to intervene as pltf - with affidavit of service ~~filed~~ ~~xi filed Complaint in Intervention~~ | |
| 40) | 18 | Filed Motion of Confederated Tribes of Umatilla Indian Reservation for leave to intervene | |
| 41) | 18 | Filed and Entered Order allowing Motion of Confederation Tribes of the Umatilla Indian Reservation to intervene | |
| 42) | 18 | Filed Complaint in intervention of Confederation Tribes of the Umatilla Indian Reservation | |
| 43) | 19 | Filed Pltf's Memorandum in opposition to motion to dismiss | |
| 44) | 19 | Filed Objections to Interrogatories to deft Stewart L. Udall (Second Set) | |
| 45) | 19 | Filed Answers to Interrogatories of deft to Stewart L. Udall (Second Set) | |
| 46) | 19 | Filed Brief in Support of Objections | |
| 47) | 20 | Filed Memorandum in Opposition to Deft's Motion for Class Action | |
| 48) | 17 | Filed Motion to Dismiss Rule 12(b) by Deft. State of Oregon | |
| 49) | 17 | Filed Defts. Brief in Support of Motion to Dismiss | |

2/2



| # | DATE 1968 | PROCEEDINGS | Date Of Judgment |
|---|---|---|---|
| 50) | Dec 23 | Entered Order setting Motions for January 2, 1969, at 9:30 A.M. | B |
| 51) | 23 | Entered Order resetting for pretrial January 8, 1969, at 9:30 A.M. | |
| 52) | 23 | Entered Order striking from trial calendar January 6, 1969 and resetting for trial February 17, 1969 | P |
| 53) | 23 | Filed Defendant's Reply Memorandum in Support of Motion. | |
| 54) | 23 | Filed Defendant's Reply Brief in Support of Motion to Dismiss. | |
| 55) | 24 | Filed Defendant's Reply Brief Re Yakima Tribe's Brief on Defendant's Motion to Dismiss. | |
| 56) | 1969 Jan 6 | Filed Motion for leave to Intervene as a party pltf of Nez Perce Tribe of Idaho | |
| 57) | 6 | Filed Pointed and Authorities in Support of above motion of Nez Perce Tribe of Idaho for leave to intervene as party plaintiff | |
| 58) | ? 6 ? | Filed Answer of deft | |
| 59) | 6 | Record of hearing on Motion to dismiss by State of Oregon | |
| 60) | 6 | Entered Order denying Motion to dismiss by State of Oregon | |
| 61) | 6 | Record of hearing on Motion of State of Oregon for Order declaring class action | |
| 62) | 6 | Entered Order denying Motion of State of Oregon for Order declaring class action | |
| 63) | 6 | Entered Order striking certain portion of ¶2 of Gov. Complaint | |
| 64) | 6 | Record of Pretrial Conference | Be |
| 65) | 6 | Order appointing Michael Morehouse Chairman of all pltfs' trial counsel | B |
| 66) | 8 | Entered Order allowing Nez Perce Bribe of Idaho to Intervene | |
| 67) | 8 | Filed Complaint of Intervener Nez Perce Tribe of Idaho | |
| 68) | ? 16 | Filed Motion of Plaintiff to Dismiss Deft's Cross Complaint | |
| 69) | 20 | Filed and Entered Order Granting Nez Perce Tribe of Indaho Leave to Intervene as Party Pltff (dated 1/9/69) | B |
| 70) | ? 27 | Filed defendant's brief in opposition to motion to dismiss defendant's cross-complaint | |
| 71) | 27 | Record of hearing on motion to dismiss deft's counterclaim. | |
| 72) | 27 | Entered order taking under advisement. Briefing schedule: Gov. to file reply brief on or before February 3, 1969. | |
| 73) | 27 | Record of pretrial conference | B |
| 74) | 27 | Entered order setting for pretrial conference before Judge Belloni Feb. 5, 1969, at 9:30 A.M. | B |
| 75) | ? 30 | Filed Pltfs reply memorandum in support of motion to dismiss counterclaim | |
| 76) | 31 | Filed Deposition of Arthur L. Oakley | |

2/3

D.C. 110A Rev. Civil Docket Continuation

| DATE 1969 | PROCEEDINGS |
|---|---|
| | U.S.A. vs. STATE OF OREGON |
| 77) Feb 3 | Filed Deposition of Philip W. Schneider |
| 78) 2 Feb 3 | Filed Deposition of Edward G. Huffschmidt |
| 79) Feb 6 | Filed deposition of Robert W. Schoning Vol I |
| 80) 5 | Record of Pretrial conference |
| 81) 5 | Entered Order that pretrial order & exhibits due on 2/17/69 |
| 82) 5 | Entered Order that briefs from U. S. & State of Oreg. due by 3/3/69; remaining pltfs briefs due 3/18/69; all final briefs due 4/8/69 |
| 83) 1o | Filed Deposition of Robert W. Schoning, continued |
| 84) 12 | "       "       "       "     VOL II. |
| 85) 24 | Record of Court trial |
| 86) 24 | Entered Order that briefs be filed per schedule set earlier |
| 87) 24 | Entered Order taking under advisement |
| 88) 24 | Lodged pretrial order |
| 89) 27 | Filed and Entered Pretrial Order |
| 90) Mar 3 | Lodged pltf's opening brief on segregated issues |
| 91) 3 | Lodged deft's opening brief |
| 92) 14 | Filed certificate of mailing |
| 93) 17 | Lodged opening brief |
| 94) 18 | Filed motion for leave to file brief amicus curiae on behalf of National Congress of American Indians |
| 95) 19 | Lodged brief of intervenor Nez Perce Tribe of Idaho |
| 96) 19 | Lodged opening brief of intervenor The Confederated Tribes of the Warm Springs Reservation of Oregon |
| 97) Apr 1 | Filed stipulation to amend PTO |
| 98) 8 | Filed Plaintiff's Reply Brief. |
| 99) 9 | Filed Reply Brief of Intervenor The Confede.rated Tribes of The Warm Springs Reservation of Oregon. |
| 100) 24 | Record of oral argument on the merits |
| 101) 24 | Entered oral opinion by Court in favor of pltf. |
| 102) July 8 | Filed Closing Arguments |
| 103) 88 8 | Filed and Entered Opinion (see Opinion) |
| 104) Oct 10 | Filed and Entered Judgment (see Judgment)  EHX Judgment filed in Civ. 68-409 |

(m 10/13/69)

| CR P | DATE 1969 | PROCEEDINGS | Date O Judgme: |
|---|---|---|---|
| 105) | ct 14 | Filed Notice of Withdrawal of Donald J. Horowitz as counsel for a pltf | |
| 106) 88 | Aug13 | Entered Order directing clerk to correct error in original opinion (memO | B |
| 107) | ov 25 | Filed Transcript of Judge's Opinion dated July 7, 1969 | |
| 108) | 1970 april 10 | Filed Pltfs' Motion for PXXIXXHIX Preliminary Injunction with statement of points and authorities attached (original filed in Civ 68-409) | |
| 109) | 14 | Filed and Entered Order that defts appear on Friday,& April 17, 1970, at 9:30 a.m. MHHX before Judge Belloni to show cause why a preliminary injunction should npt issue B | |
| 110) | Aug. 13 | Filed Petition for Additional Reliee Relief          (original filed in Civ 68-4 | |
| 111) | 27 | Filed Petition for Additional Relief on behalf of the Confederated Tribes of the Warm Springs Reservation of Oregon | |
| 112) | Sept. 2 | Filed Statement of Position and Petition for Additional Relief | |
| 113) | 8 | Filed Petition for Additional Relief of the the Nez Perce Tribe of Idaho | |
| 114) | k4 | Filed Memorandum of the USA | |
| 115) 116) | 971 ept 8 8 | Filed Motion for Preliminary injunction or restraining order Filed Memorandum in support ofmotion | |
| | 1972 | | |
| 117) | ar. 27 | Filed Motion for Order Setting Time for Hearing on Plaintiffs' Motion for Preliminary Injunction and additional Relief | |
| 118) | 27 | Filed Motion for Preliminary Injunction and For Additional Relief | |
| 119) | 27 | Filed Statement of Points and Authorities | |
| 120) | 27 | Filed and entered Order Setting Time for Hearing on Plaintiffs' Motion for Preliminary Injunction and Additional Relief (set for April 6, 1972, 9:30 a.m.)   M 3-28-72 | RCB |
| 121) | April 6 | Record of Hearing on Motion for Preliniary Injunction and for Additional Relief Fred Noland, and Joel Benolielas specially admitted to U.S. District Court for this case. | B |
| 122) | | Order taking Under Advisement | B |
| 123) | 1973 eb. 16 | Filed order releasing certain exhibits to Vern Cook for not more than 30 days. | JMB |
| 124) | ril 21 | Record of hearing Govts Motion for preliminary injunction or temporary restraining order. Swore witnesses. Ordered restraining order granted. Mr. Dysart directed to prepare formal order. | |
| 125) | 23 | Filed Injunction enjoining Defts, Servants, Agents, officials and employees from interfering with fishing activities of members of the Pltf Tribes in waters of the Columbia River or its tribs bet Bonneville Dam and McNary Dam M4/24/73                                                    4/24/73 | RCF |
| 126) | 23 | Filed Certificate of Attorney | |
| 127) | May 30 | Filed Motion for Clarification of Judgment | |

SEE PAGE FOUR

2/5

D. C. 110A Rev. Civil Docket Continuation

| | DATE 1973 | U.S.A. VS. STATE OF OREGON     PROCEEDINGS |
|---|---|---|
| 128) | May 30 | Filed affidavit of Thomas E. Kruse |
| 129) | July 11 | Filed deft motion to permit Douglas Nash, New Mexico to appear of record |
| 130) | 11 | Filed Order granting motion to permit Douglas Nash to appear. m 7/12/72 |
| 131) | 11 | Counsel notified of above order |
| 132) | 26 | Sent letter re hrg on Motion for Clarification of Judgment reset from 8/6/73 to Monday 9/10/73 at 9:00 am before RCB |
| 133) | Sept.12 | Filed Deft's Memorandum |
| 134) | Oct. 1 | Record of hearing State of Oregon's motion for clarification of judgment. Ordered further hearing set Novembe r 8, 1973 at 3:30 pm |
| 135) | 1 | Filed Substitution of Attorneys Douglas R. Nash m 10/2/73 |
| | XXXXXX 1974 | |
| 136) | Feb. 12 | Filed Motion and Order for Permission to Remove Files. Received 2/12/74 5:00 pm returned 2/14/74 4:45 pm m 2/20/74 |
| 137) | 13 | *Recived letter from RMC re: case closed. State withdrew motion* |
| 138) | Apr. 17 | Filed Motion to Intervene of State of Washington, Dept. of Fisheries (filed in 68-409) |
| 139) | 17 | Filed Memorandum of Authorities in Support of Motion to Intervene(filed in 68-409) |
| 140) | 17 | Filed Pleading in Intervention (filed in 68-409) |
| 141) | 17 | Filed Motion for Preliminary. Injunction(filed in 68-409) |
| 142) | 17 | Filed Affidavit of Henry O. Wendler (filed in 68-409) |
| 143) | 17 | Filed Affidavit of J.E. Lasater·(filed in68-409) |
| 144) | 17 | Filed Notice of Motion for Leave to Intervene and Motion for Preliminary Injunctio (filed in 68-409) |
| 145) | 25 | Filed Complaint in Intevention of Columbia River Fishermen's Protective Union, Ross Lindstrom and Leslie C. Clark (filed in 68-409) |
| 146) | 25 | Filed Petition to Intervene (filed in 68-409) |
| 147) | 25 | Filed Response of U.S.A. and Certain Tribes to State of Wahhington, Dept of Fisher Motions to Intervene and for Preliminary Injunction (filed in 68-409) |
| 148) | 26 | Filed Response of Yakima Indian Nationa To State of Washington, Department of Fisheries, Motion to Intervene and for Preliminary Injunction |
| 149) | 26 | Filed Affidavit of James B. Hovis |
| 150) | 26 | Filed Affidavit of Mailing |
| 151) | 29 | Filed Sohappy Pltffs' Response in Opposition to State of Washington, Dept fo Fisheries' Motion to Intervene and for Preliminaty Inunction |
| 152) | 29 | Filed Affidavit of J. E. Lasater (XXXX filed in 68-409) |
| 153) | 29 | Filed Affidavit of James M. Johnson (filed in 68-409) |
| 154) | 29 | Record of hearing motion of Washington Game Comm. for leave to intèrvene. Ordered motion denied. Ordered State of Washington's oral motion for leave to intervene granted. Formal motion to be filed. Ordered State of Washingtons' motion for preliminary injunction denied. Ordered gillnetters' motionfor leave to intervene set for hearing 5/13/741 |
| 155) | 30 | Filed Motion for Temporary Restraining Order (filed in 68-409) |
| 156) | 30 | Filed Affidavit of Jack Shields and Henry O. Wendler (filed in 68-409) |



| DATE 1974 | PROCEEDINGS | Date Judgme |
|---|---|---|
| 157) Apr 30 | Filed Resolution of Yakima Tribal Council(filed in 68-409) | |
| 158) 30 | Filed Temporary Restraining Order effective 5/1/74 12:00 noon m 5/1/74 | R |
| 159) [29] | Filed Certificate of Mailing | |
| 160) 30 161) | Record of hearing Oregon and Washington's motion for temporary restraining order. Ordered motion granted. | R |
| May 2 162) | Filed Statement of Sohappy Plaintiffs in Support of Motion to Dissolve or modify restraining order and for order holding parties in contempt | |
| May 2 163) | Filed on behalf of Plaintiff-Intervenor, Yakima Indian Nation: | |
| | Motion to Dissolve or Modify Temporary Restraining Order with Notice | |
| | Affidavit of James B. Hovis in Support of Motion for Order Holding Parties in Contempt | |
| | Motion for Order Ho lding Parties in Contempt with Notice of Hearing | |
| | Affidavit of Mailing | |
| | Affdiavit of James B. Hovis to Support Motion to Dissolve or Modify Restraining Order& | |
| 2 164) | Filed on behalf of Confederated Tribes of the Warm Springs Reservation of Ore: | |
| | Motion for Preliminary Injunction or Temporary Restraining Order | |
| | Affidavit of Dennis C. Karnopp | |
| | Memorandum of Authorities in Support of Motion for Preliminary Injunction or Temporary Restraining Order | |
| 165) 3 | Record of hearing motions to dissolve TRO. Swore witnesses and filed exhibits. Ordered briefs be submitted not later than 5/7/74. Ordered motions taken under advisement. Record of order that court will not hear the Yakima Indian Nation's motion to hold parties in contempt and Warm Stpring Indians' motion for preliminary injunction or TRO | R |
| 166) May 7 | Filed Sohappy Plaintiffs' Statement of Points and Authorities in Support of Yakima Indian Nation's Motion to Dissolve or Modify Restraining Order and in Support of Motion for Preliminary Injunction or Temporary Restraining Order by Confederated Tribes of the Warm Springs Reservation of Oregon | |
| 167) 7 | Filed Memorandum of Pltff United S.A. | |
| 168) 7 | Filed Certificate of Mailing | |
| 169) 7 | Filed Yakima Nations Memorandum Regarding Dissolution of Restraining Order | |
| 170) 7 | Filed Memorandum Regarding Standards for State Agency | |
| 171) 7 | Filed Intervening Columbia River Fishermen's Protective Union, et al's memorandum of Establishment of principles of Regulation and Restoration of Runs | |
| 172) 7 | Filed Memorandum of the Confederated Tribes of the Umatilla Indian Reservation | |
| 173) 8 | Filed Memorandum on Spring Chinook Salmon Season | |
| 174) 8 | Filed Memorandum of the Confederated Tribes of the Warm Springs Reservation of Oregon inSupport of Motion for Temporary Restraining Order or Preliminayy Injunction | |
| 175) 8 | Filed Response of the Confederated Tribes of the Warm Springs Reservation of Oregon to Columbia River Fishermens Protective Union, Ross Lindstrom & Lesley C. Clark Petition to Intervene | |
| 176) 8 | Filed Order Dissolving Temporary Restraining Order m 5/8/74 -ntfd- | RCB 5/8 |
| 177) 8 | Filed Certificate of Mailing (filed in 68-409)    (filed in68-409) | |
| 178) 10 | Filed Sohappy Plaintiffs' Statement of Points and Authorities in Opposition to Petition to Intervene of Columbia River Fishermens' Protective Union | |



217

D. C. 110A. Rev. Civil Docket Continuation

| DATE 1974 | PROCEEDINGS |
|---|---|
| 179) May 10 | Filed Plaintiff's Response to Motion to Intervene by R Columbia River Fishermen's Protective Union, Ross Lindstrom and Leslie C. Clark |
| 180) 10 | Filed Response of the Nez Perce Tribe of Idaho to Columbia River Fishermen's Protective Union, Ross Lindstrom and Lesley C. Clark Petition to Intervene |
| | Filed Response of Yakima Nation to Columbia River Fishermen's Protective Union, Ross Lindstrom and Leslie C. Clark Petition to Intervene |
| 181) 18 | Filed Order Amending Judgment of 10/10/69 to Indian treaty fishermen entitled to opportunity to take up to 50% of harvest of slamon run. Remainder of judgment to remain in full force & effect) m 5/10/74-ntfd-  (filed in 68-409) |
| 182) 13 | Record of hearing petition of the Columbia River Fishermen's Protective Union (Gillnetters) for leave to intervene. Ordered motion denied. Ordered siad gillnetters may have amicus privileges |
| 183) 20 | Filed Notice of Withdrawal of Attorney Ralph W. Johnson as atty for pltff in 68-409 |
| 184) 20 | Filed Motion of the State of Washington to Intervene(filed in 68-409) |
| 185) 20 | Filed Order granting Leave to Intervene as to State of Washington m 5/22/74-ntfd- (filed in 68-409) |
| 186) 31 | Filed Notice of Appeal by deft from Order entered May 10, 1974 (Order amended judgment entered on October 10, ~~1974~~ 1969) JOINT NOTICE OF APPEAL CARRYING BOTH CIVIL NOS. 68-409 and 68-513) |
| June 3 | Mailed conformed copy of Notice of Appeal to all attys appearing on certificate of service, which is attached to order entered May 10, 1974 |
| 187) 5 | Filed Notice of Appeal by intervenor (See Notice) JOINTH NOTICE OF APPEAL CARRYIN( BOTH CIVIL NOS. 68-409 and 68-513 |
| 188) 5 | Mailed conformee copies of Notice of Appeal to all attys ntfd on 6/3/74 |
| | RXXXHXM Filed cost bond of intervenor (filed in 68-409) |
| 189) 6 | Filed Designation of Record on Appeal (filed in 68-409) |
| 190) 17 | Filed Order that motion for pœeliminary Injunction is denied m 6/17/74-ntfd- (filed in 68-409) |
| 191) 17 | Filed  Designation of Record on Appeal and Request to Transmit Record on Appeal (filed in 68-409) |
| 192) 28 | Filed Petition re Commercial Indian Fishing on Columbia River (filed in 68-409) |
| 193) July 1 | Filed Petition re eommercial fishing season (filed in 68-409) ( 2 volumes) |
| 8 | Mailed original Clerk; s record on appeal to Court of Appeals. together with exhibits as indicated on the Index. Counsel notified. |
| 194) 10 | Filed Notice of Appeal by Intervenors Columbia River Fishermen's Protective Union, Ross Lindstrom, and Leslie Clark |
| 195) 10 | Filed Bond for Costs on Appeal |
| 196) 9 | Filed petition re 1974 summer shad and steelhead commercial fishing season (treaty Indian) signed by  29persons (2 pages) filed in 68-409 |
| 197) 11 | Filed Designation of Record on Appeal (intervenors Columbia River & Fishermen's Protective Union, Ross Lindstrom and Leslie Clark) |
| Aug 16 | Mailed cert copies of Notice of Appeal filed July 10, 1974 and cert copies of docket entries to Court of Appeals (cover letter filed in 68-409) |
| 198) 19 | Filed Order extending time for transmission of the record for an addt'l thirty days (record due in Court of Appeals 9/18/74) M8/19/74    8/19/ (filed in 68-409) |

| DATE | PROCEEDINGS | Date C Judgme |
|---|---|---|
| Sept. 6 | Filed Motion to Supplement Record on Appeal (filed in 68-409) | |
| 200) 9 | Filed Order allowing Motion to Supplement Record m 9/10/74-ntfd0 (filed in 68-409) | R |
| 201) 10 | Filed Orig and one Reporter's Trans of Proc had April 30, 1974 (filed in 68-409) | |
| 202) 10 | Filed Orig and one Reporter's Trans of Proc had May 3, 1974 (Vol. I) (filed in 68-409) | |
| 203) 10 | Filed Orig and one Reporter's Trans of Proc had May 3, 1974 (Vol. II) (filed in 68-409) | |
| 204) 11 | Filed Orig and one Reporter's Trans of Proc had April 29, 1974 (filed in 68-409) | |
| 12 | Mailed Supplemental Record to Court of Appeals (Order to supplement record entered 9/10/74) | |
| 205) 12 | Filed Original and one Reporter's Transcript of PRXKKNNXX Proceedings had May 13, 1974 (filed in 68-409) | |
| 12 | Mailed Supplemental Record to Court of Appeals (Notice of Appeal by applicants for intervention filed July 10, 1974 | |
| 206) Oct. 13 | Filed Motion for Protective Order | |
| 207) 13 | Filed Memorandum in Support og Motion for Protective Order | |
| 208) 13 | Filed Affidavit of Douglas R. Nash | |
| 209) 13 | Filed Certificate of Mailing | |
| 16 | Filed Certificate of Service | |
| 210) 16 | Filed United States Objections to Interrog | |
| 211) 23 | Filed Intervenor State of Washington's Response to Motion for Protective Order and to United States' Objection to Interrogatories | |
| 212) 30 | Record of hearing Tribes motion for protective order. Ordered motion granted. | RCB |
| 1975 Aug. 213) 7 | Filed Motion for Preliminary Injunction or Temporary Restraining Order and Request for Early Hearing (filed in 68409) | |
| 11 | Filed Certificate of Service (filed 68-409) | |
| 214) 13 | Filed Yakima Nation's Memorandum of Po nts and Authorities (filed 68-409) | |
| 215) 13 | Filed Affidavit of Louis Cloud (68-409) | |
| 13 | Filed Certificate of Mailing | |
| 216) 13 | Filed Affidavit of Levi George | |
| 217) 14 | Filed Motion for Injunction | |
| 218) 14 | Filed Affidavit of Dennis C. Karnopp | |
| 14 | Filed Certificate of Service | |
| 219) 14 | Filed Memorandum of Pltff U.S.A. on Yakima Tribe Motion for Further Relief | |
| 220) 14 | Filed Memorandum of Amici Curiae in Opposition to Motion for Injunction (68-409) | |
| 221) 15 | Record of hearing motions of Yakima, Warm Springs, Umatilla and Nez Perce Indians for injunction. Evidence adduced, under advisement (68-409) | |
| 18 | Filed Affidavit of Service by Mail (68-409) | |
| 222) [15] | Filed Affidavit in Support of Motion for Prelim. Inj and TRO (68-409) | |
| 223) [15] | Filed Affidavit of Larry G. Brown (68-409) | |
| 224) [15] | Filed Memorandum in Opposition to Motion for Prelim. Inj. (68-409) | |
| 225) [15] | Filed Affidavit of Beverly B. Hall (68-409) | |
| 226) [15] | Filed CRFPU et al Response to Memorandum of Yakima Nation (68-409) | |
| 227) 20 | Filed Order allowing preliminary injunction (see order) m 8/21/75-ntfd- (68-409) | R |

SEE PAGE SIX



219

CR4 D. C. 110A Rev. Civil Docket Continuation

| DATE 1975 | PROCEEDINGS U.S.A., et al vs State of Oregon, et al |
|---|---|
| 228) Aug. 26 | Filed Order Amending Injunction m 8/26/75-ntfd-    (filed 68=409)    RCB |
| 229) 29 | Filed Motion of Northwest Steelheaders for leave to appear Amicus Curiae (68-409) |
| :pt. 230) 12 | Filed Order granting motin of NW Steelheaders for leave to appear Amicus Curiea (RCB 9/12/75) ntfd m 9/12/75 (68-409) |
| 1976 231) March 5 | Received and filed MANDATE from Court of Appeals AFFIRMING in three cases (CA74-2376; CA74-2409; CA74-2617) original filed in Civil 68-409) |
| 232) 29 | Filed Notice of Withdrawal of Attorney - Sylvia Drew Ivie (68-409) |
| 233) May 19 | Filed ORDER releasing certain documents for the purpose of photocopying (by Beverly B. Hall) m5/21/76  s5/19/76J  (68-409) |
| 234) June 10 | Filed Pltfs Motion For Temporary Restraining Order and Preliminary Injunction |
| 235) 10 | Filed Affidavit in Support of Motion for Preliminary Injunction or Temporary Restrai Order |
| 10 | Filed Certificate of Service (on motion) |
| 236) 10 | Filed Affidavit of Dennis C. Karnopp |
| 11 | Filed Certificate of Service (on memorandum) |
| 237) 11 | Filed Washington's Memorandum in Opposition to Motion for Preliminary Injunction |
| 238) 14 | Filed Petition For Additional Declaratory Relief and Preliminary Injunction |
| 14 | Filed Certificate of Service |
| 239) 15 | Filed and Entered ORDER enjoining the State of Washington from permitting any furth ocean commercial troll fishery harvest until such time as Wash shows that the closi is no longer necessary to insure sufficient escapement to conserve the resources or until July 1, 1976, whichever date occurs first. Also, denying motion to enjoin the State of Oregon. m6/15/76  s6/15/76 BE  copies mailed to all Counsel b |
| 240) [11 | Record of hearing govts motion for preliminary injunction or temporary restraining order. Further briefs may be submitted. Under advisement. Ordered Oregon's motio to sever these cases under advisement. Further briefs may be submitted. Ordered Sohappy pltffs motion for injunctive relief under advisement. Further Briefs may be submitted    BE |
| 241) 16 | Filed Certificate of Service - that copy of Affidavit of Dennis C. Karnopp was served on attys of record of each of the Pltfs, defts and Intervenors |
| 242) 18 | Filed Memorandum in Opposition to the United States Motion For Preliminary Injuncti and in Support of the State of Washington's Motion to Dissolve Preliminary Injuncti with Affidavit of Robert T. Gunsolus and Certificate of SErvice |
| 243) 18 | Filed pltffs Memorandum In opposition to Motion For severance (68-409) |
| 244) 18 | Filed Excerpts of Proceedings had June 11, 1976 |
| 245) 18 | Filed Excerpts of Proceedings (Volume II) had June 11, 1976 |
| 246) 18 | Record of order allowing Myles E. Flint before the Bar for this case for the govt. of hearing deft Washington's motion to dissolve injunction entered June 15, 1976. |
| 247) | Ordered motion granted and said injunction dissolved. Record of hearing govts moti for temporary restraining order/preliminary injunction. Evidence adduced Ordered motion granted and new injunction issue. Govt to submit formal order. Injunction stayed until June 21, 1976, at 5 p.m.    BE |
| 248) 18 | Filed List of Exhibits and Witnesses |
| 249) 21 | Filed Motion to Dissolve Temporary Restraining Order/Preliminary Injunction |
| 250) 21 | Filed Affidavit of Samuel G. Wright in Support of Motion to Dissolve TEmporary Restraining Order and Preliminary Injunction |
| 251) 21 | Filed State of Washington's Motion for Orders Implementing Injunction |
| 252) 18 | Filed Notice of Appeal (by deft intervenor State of Washington) |
| 22 | Mailed copy of Notice to counsel & court reporter |
| 22 | Mailed a certified copy of the Notice & docket entries to Court of Appe |

| DATE 1976 | | PROCEEDINGS | Date On Judgment |
|---|---|---|---|
| une 25) | 25 | Filed ORDER releasing documents (see ORDER) to Beverly B. Hall for the purpose of photocopying. m6/25/76 s6/25/76BE | |
| 254) | [21 | Record of hearing deft Washington's motion for order implementing injunction.  Under advisement                                BE | |
| 255) | 22 | Filed ORDER Implementing Injunction  m6/25/76 s6/24/76BE | |
| 256) | 22 | Filed ORDER denying Motion of State of Oregon to enjoin. m6/25/76 s6/22/76BE | |
| | 25 | Filed Certificate of Service | |
| g 257) | 6 | Transc of Mots had June 18, 1976 - orig and 2 copies | |
| 258) | 6 | Mot for TRO and Prelim Inj | |
| 259) | 6 | Memo in Suppt of Mot For TRO and Prelim Inj | |
| 260) | 6 | Affid of George D. Dysart | |
| 261) | 6 | Affid of Dennis C. Karnopp | |
| 262) | 6 | Affid of Steven K. Olhausen | |
| | 6 | Cert of SErv of Above | |
| 263) | 10 | TRO - States of Oreg and Wash are enj from permitting harvest of upriver bound fall chinook by nontreaty gillnet fishermen in the Columbia below Bonneville Dam. Takes effect 6 p.m. Aug. 13, 1976   m8/10/76   s8/10/76  BE | |
| 264) | [9 | Rec of hearing for TRO and Prelim Inj-granted. St of Ore to serve PTO Aug. 16, 1976 Govt to resp by Aug. 23, 1976 at which time parties to meet. | |
| 265 | 9 | A/Pet for Dec Relief | |
| 266) | 9 | Cert of SErv - of Amend Pet for Dec Relief | |
| 266) | [6 | Transc of Mots had June 18, 1976 with 2 copies | |
| 267) | 13 | Rec of furth hrng on ord regard salmon fishing                           BE | |
| 268) | 15 | Rec of furth hrng on ord regard salmon fishing. Ct ord mot for TRO and Prelim Inj taken u/a.  Req by govt for furth hrng Mon., Aug 16, 1976 at 3 p.m. grntd.  Ct will consid mots for interv by non-treaty users upon their submission          BE | |
| 269) | 15 | Mot for TRO and Prelim Inj Staying State Ct. Prcdgs | |
| 270) | 15 | Pltfs Memo in Suppt of Mot for TRO and Prelim Inj | |
| 271) | 15 | Affid of Sidney I. Lezak | |
| 272) | 16 | Mod and Ext of TRO m8/16/76  s8/16/76BE | |
| 273) | 16 | Rec of hrng joint mot for mod of TRO.  Ord mot grntd                 BE | |
| 274) | 17 | Not of W/dhof Mot to Stay State Ct Prcdgs | |
| 275) | [16] | Trans of mot for temp Rest. Ord and Prelim Inj dated 6/11/76 and 2 copies | |
| 276) | 27 | Mot of West Coast Trollers Assoc To Intervene as Party | |
| 277) | 27 | MOT of Ilwaco Fish Co To Intervene As Party | |
| ept 278) | 3 | Resp of the Conf. Tribes of Warm Springs Reserv. of Oreg. Against the Mot to Intervene of Ilwaco Fish Co., West Coast Trollers Assoc, Richard G. Calhoun, NW Trollers Assoc and Robert Nevaril. | |
| 279) | /10 | Resp of the Conf Tribes of the Umatilla Ind Reserv Against The Mot to Intervene of Ilwaco Fish Co., West Coast Trollers Assoc, Richard G. Calhoun, Northwest Trollers Assoc and Robt Nevaril | |
| 280) | 24 | Respns of the Nez Perce Tribe of Idaho to the Ilwaco Fish Co., West Coast Trollers Assoc, Richad G. Calhoun, NW Trollers ASsn and Robert Nevaril Petition to Intervene | |
| 281) | [23 | Respns of US to Mots to Intervene by Ilwaco Fish Co., West Coast Trollers Assn, Richard G Calhoun, NW Trollers Assoc and Robt Nevaril | |
| 292) | 29 | Resp of St of Wash to Mot to Intervene of Ilwaco Fish Co, West Coast Trollers Assoc, Richard G. Calhoun, NW Trollers Assoc and Robt Nevaril | |
| 283) | /30 | Rep Memo of NW Trollers Assoc, et al in Suppt of Mot to Intervene | |
| t 4 284) | | Resp of the Yak Ind Nation Against the Mot to Intervene of Ilwaco  Fish Co., West Coast Trollers Assoc, Richard G. Calhoun, NW Trollers Assoc and Robt Nevaril | |
| 285) | 12 | Resp of St of Ore To Mot to Intervene of Ilwaco Fish Co., West Coast Trollers Assoc, Richard G. Calhoun, NW Trollers Assoc and Robt Nevaril | |
| | 12 | Cert of SErv | |
| 286) | 12 | Rec that Judge BE will hear mots of NW Trollers Assoc and West Coast Trollers Assoc for leave to intervene on Nov 8, 1976 at 9:15 am. | |

(see page 7)

221

D.C. 110A Rev. Civil Docket Continuation

| DATE 1976 | PROCEEDINGS  USA et al   v Conf. Tribes et al |
|---|---|
| 289) Nov   3 | Mot for Disml of Appeal |
| 290)        3 | Not of Mot |
|             3 | Affid of ServBy Mailing |
| 291)        8 | Rec of hrng mot of NW Trollers Assn and West Coast Trollers Assn for Leave to Intervene. U/A. Ord State of Wash's mot to dism appeal grntd.                BE |
| 292) Dec 28 | Fldg Order Dismissing Appeal s BE |
|          28 | Mailed post card (notifications) to all counsel |
|          28 | Mailed a cert. copy of the Order Dismissing Appeal to C/A |
| 1977 293) Jan  10 | Opinion and ORD that mots to intervene of Ilwaco Fish Co, West Coast Trollers Assn and Northwest Trollers Assoc are denied(see doc) ml/10/77 sl/10/77BE |
| 294) Feb 23 | Mot for ORD approving the plan for managing fisherines on stocks originating from the Columbia River and its tributaries above Bonneville Dam(see doc). |
|          23 | Cert of Mailing |
| 295) 28 | Rec of hearing all parties' mot to approve a plan for managing fisheries on stocks originating from the Columbia River and tis tribs above Bonneville Dam. ORD plan approved                                      BE |
| 296) 28 | MOT for ORD approving plan for managing fisheries on stocks originating from the Columbia River etc   so ORD m3/1/77  s2/28/77BE |
| 297) Mar  7 | ORD severing 68-409 and 68-513 m3/8/77   s3/7/77BE(68-409) |
| 298) Apr  6 | Retd Exbts (see doc)- |
| 299) Jun 15 | Received the following from USCourt of Appeals, 9th Cir.: 1. Orig Clerk's Record in three volumes 2. Orig Transcripts of Proceedings in five volumes 3. US Exhibit #10, Yakima Exhibits 1, 2, 3, 4, 5, 6, and 8, and Washington Ex #20 4. Annual Fish Passage Report by Corps of Engineers |
| 299) August 23 | Filed motion of the U.S.A. for a temp. restraining ord. |
| 300) 23 | Filed affid. of Helen F. Althaus. |
| 301) 23 | Filed affid. of John R. Donaldson. |
| 302) 23 | Rec of hearing govt's motion for a TRO: Ordered motion granted. Ordered hearing on preliminary (or premanent) injunction set Sept. 2, 1977, 9:30 A.M..  BE |
| 303) 23 | Filed and entered Temp. Restg. Ord. that Columbia River Fishermen's Protective Union, Leslie Clark and all persons in active concert or participation with them are restrained from engaging in a chinook salmon fishery with gillnets for commercial purposes in Columbia River below the Bonneville Dam after 6 p.m. on Aug. 23, 1977.   s/7/23/77      Entered on docket at 6:50 P.M.  8/23/77    BE |
| 304) 24 | Rec of conf w/Ct at counsel's req.                                    BE |
| 305) 24 | Not of Hearing and Mot- 9:30 am Friday, September 2, 1977 before Judge BE |
| 306) 24 | Pltfs Mot for Perm Inj |
| 307) 24 | Exbts subm at the Hearing on the Govts Mot for a TRO had Aug. 23, 1977 |
| 308) 25 | State of Oreg's Mot for Perm Inj |
| 309) 25 | Memo In Suppt of Oreg's Mot for Perm Inj |
| 310) 25 | ORD -OSC Friday, September 2, 1977 at 9:30 am before Judge BE        s8/25/77SK |
| 311) 26 | Memo of US and Intervenor Tribes in Suppt of Perm Inj |
| 312) 30 | Ret of serv ORD on Jack Marincovich, RA, Columbia River Fishermen's Prot U. exec8/ |
| 313) 30 | Ret of serv ORD on Mr. Leslie Clark, Ch, Bd of Dir.,    "       exec 8/26/77 |
| 314) 30 | "       TRO, Mot in Suppt & attchd affids, Not of Hearing & Mot for PI exec 8/2 |
| 315) 30 | "            "          "            "            "            "    (Mar |

| DATE 1977 | PROCEEDINGS | Date O: Judgmen |
|---|---|---|
| 316) ept 1 | Pet for Intervention (Lawrence E. Goodell, Ch. of Wauhkiakum Chinook Tribe) | |
| 317) 1 | Affid of Lawrence Goodell | |
| 318) 1 | Memo of Yakima Nation in Suppt of Perm Inj | |
| 319) 2 | Not of Mot to Quash ORD (hearing 9:30 9/2/77 before Judge BE) | |
| 320) 2 | Mot to Quash ORD (Leslie Clark) | |
| 321) 2 | Memo In Suppt of Mot to Quash ORD | |
| 322) 2 | Rec of hearing mot of Columbia River Fishermen"s Prot Union and Leslie Clark to quash injunctive ords and US and State of Oreg's mots for inj. ORD Mots of Us and State of Oreg for permanent inj granted. Mr. Collins directed to prep formal ord. ORD the pet of the Wauhkiakum Tribe of Chinook Quinault Indians and Lawrence E. Goodell for intervention will be heard at 9:15 am. Oct 3, 1977. | |
| 323) 2 | ORD of Perm Inj                                    s/E9/2/77BE | |
| 324) 7 | Affid of Serv of ORD of Perm Inj | |
| 325) 9 | NOT OF APPEAL by Columbia River Risherman's Protective Union, and Leslie Clark from the Ord of Permanent Inj entered 9/2/77 | |
| 326) 9 | COST BOND ON APPEAL | |
| 327) 9 | DESIGNATION OF RECORD | |
| 9 | Served copy of Not of Appeal on counsel & court reporter | |
| 9 | Mailed cert copy of the Not of App & docket entries to C/A | |
| 328) 14 | Filed service copy of Order of Perm. Inj. dtd 9/8/77 | |
| 329) 9 | Filed service copy of TRO, Motion in Support, & attached affidavits. | |
| 330) 14 | Designation of Record (Deft. - State of Oregon) | |
| 331) 16 | Ret of serv ORD of Perm Inj exec 9/11/77 | |
| 332) 16 | Desig of Recd By the Conf Tribes and Bands of The Yakima Indian Nation | |
| 333) 16 | Pltfs Desig of Recd on Appeal, (U.S,A, Pltf) | |
| 334) 21 | Rec of ord cont the hearing on the pet of Lawrence E. Goodell and the Wauhkiakum Chinook tribe for leave to intervene from Oct. 3, 1977 to Oct 31, 1977 at 9:15 am. | BE |
| 335) 21 | Memo in Oppos to Pet for Intervention(conf tribes) | |
| 336) 23 | Oppos to Pet of Wauhkiakum Tribe, et al for Intervention by Lawrence E. Goodell | |
| 337) 26 | Ret of Serv Ord of Perm Inj on Leslie Clark exec 9/20/77 | |
| 338) 27 | Desig of Recd | |
| t 339) 4 | Memo in Oppos to Pet for Intervention of Lawrence E. Goodell & Wauhkiakum Chinook Quinault Tribe | |
| 340) 5 | Affid of Mailing | |
| 12 | Resp of US to Wash's Memo in Oppos to Pet of Lawrence E. Goodell and Wauhkiakum Ind's to intervene | |
| 341) 31 | Rec of hrg: petition of Waukiakum Tribe for leave to intervene. Taken UA     BE | |
| 342) Nov. 10 | Filed C/A ORDER that: a. the motion for an expedited appeal is granted, argument will be heard during the week of Jan 9, 1978 in S.F.; b. Puget Sound case is ordered expedited & argument shall be heard on the same date at the Columbia River cases, etc. | |
| 343) 23 | Opinion & ord that mot to intervene by Pet Lawrence E. Goodell is denied. Opinion shall servier as fndngs of fact & conclusions of law m/12/13/77-ntfd-                                            s BE 11/23/77 | |
| 1978 344) Jan 11 | Filed Reporter's Trans proceedings had September 2, 1977 with one copy | |
| 12 | Transmitted Record to the Court of Appeals | |
| 16 345) | Filed reporter's trans procdgs of Nov. 8, 1976 w/copy. | |
| 16 346) | Filed reporters trans prcdgs of Feb. 28, 1977 w/copy. | |
| Mar 30 347) | Pltf Mot for expedited hrg, prelim inj, & TRO. (DM to set hrg) | |
| June 19 348) | MANDATE:(Judgment); Judgmnt of District Court is affirmed. The case is remanded so that the district courts may retain continuing jurisdiction.(& Opinion 223                C/A | |

CIVIL DOCKET CONTINUATION SHEET                                                      FPI-MAR

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| U.S.A., et al | CONF. TRIBES, et al | DOCKET NO. 68-51 |
| | | PAGE 8 OF___ P. |

| DATE 1978 | CR NR. | PROCEEDINGS |
|---|---|---|
| Sept 18 | 349) | Findings of Fact & order that the season set by Oregon-Washington Columbia River Compact Agencies is modified by excluding non-Indian Commercial Fishing from 6pm 9/19/78 at 6pm 9/21/78 in the Columbia River east of the East Bank of the Willamette River at the Kelley Point light to Bonneville Dam.                    ent 9/18/78                      s BE 9/18/78 |
| 18 | 350) | Rec of hrg pltfs' mot for the court to restrict gillnetters from catching fish on certain portions of the Columbia River.  Ord mot granted.  Cnsl dir to submit form of ord.                                    BE |
| 21 | 351) | Mot for ord dissolving TRO issued by this court on 9/18/78.   MC 10/16/78 no |
| 21 | 352) | Affid of Richard M. Laramie |
| 25 | 353) | Certificate of service by mailing |
| 1979 May 1 | 354) | Pltf's-intervenors mot for TRO or prel inj.        HRG Thurs.,5/3/79 4:00 BE |
| 1 | 355) | Affid of Jean Edwards |
| 1 | 356) | Affid in supp of mot for TRO for prel inj. |
| 2 | 357) | Mot of NW Indian Fisheries Commission & Lummi, Makah, Tulalip & Quileute India Tribes for leave to appear as amici curiae        (will be heard 5/3/79 BE) |
| 2 | 358) | Notc of mot |
| 2 | 359) | Motn for ord to shorten time |
| 2 | | Cert of serv by mailing                        (given copies BE) |
| 3 | 360) | Affid of Samuel G. Wright    c/bE |
| 3 | 361) | Memo in oppos to mot for TRO or prel inj & supp affids   c/BE |
| 3 | 362) | Rec of hrg mot of intervening pltfs for a TRO or a prel inj.  ORD mot to admi atty Mason Morrisset granted and he is admitted for the purposes of this proceeding.  ORD mots of NW Indian Fisheries Comm.,et al for leave to file amicus curiae brief & mot for inj relief cont. to 5/22/79, at 9:30 am. Cnsl will stipulate on briefing schedule.                 BE (HRG 5/22/79BE) |
| 9 | 363) | Exhbt to affid of John R. Donaldson |
| 11 | 364) | Rec of ord continuing the hrg on the intervenor pltf's mot for TRO or prel in from 5/22/79 to 6/14/79 at 9:30 am., 2 days.      BE        (HRG 6/14/79BE) |
| 14 | 365) | Add'l exhbts for attachment to affid of Jean Edwards       to BE |
| 21 | 366) | Wash.Dept (State) of Fisheries mot for TRO/prel inj      c/BE |
| 21 | 367) | Notc of hrg re Wash. Dept mot     c/BE |
| 21 | 368) | Affid of Richard M. Laramie    c/BE |
| 21 | 369) | Affid of serv by mailing   c/BE |
| 22 | 370) | Affid of Doug Dompier in oppos to mot for TRO on Klickitat & Yakima Rivers |
| 22 | 371) | Affid of Harris Teo in oppos to mot for TRO on Klickitat & Yakima Rivers |
| 22 | 372) | Affid of Robert Tuck in oppos to mot for TRO |
| 22 | 373) | Rec of hrg State of Washington's mot for TRO or prel inj.  Ord prel inj allow effective noon, 5/28/79.  Bond of $250.00 allowed to be posted.      BE |
| 22 | 374) | Bond for TRO/prel inj ($250.00) |
| 22 | 375) | Prel Inj --ORD:Yakima Tribe & its members,etc., are enjoined from fishing in Yakima & Klickitat Rivers, & further enjointed from encouraging & purportin to authorized such a fishery through the promulgation or retaining in effec regulations providing for such a fishery.  This includes on & off reservati fisheries.  This inj shall be effective 12:00 noon, 5/28/79 conditioned the posting of bond of $250.00 & shall continue in effect until further ord of the Court or agreement of the parties that fishing shall be allowed.       s/e/m 5/22/79 BE |

(Cont.)

CIVIL DOCKET CONTINUATION SHEET

PLAINTIFF

FPI-MAR

DOCKET NO. _____

PAGE ___ OF ____ PAGE

| 1979 DATE | NBR. | PROCEEDINGS |
|---|---|---|
| June 4 | 376) | Rec of ord continuing the intervenor pltf Yakima Tribes' mot for TRO of prel inj from 6/14/79 to 6/28/79 at 9:30 AM    BE    (wk 6/25/) |
| 5 | 377) | Transcript of mot for prel inj., 5/22/79. |
| Aug. 10 | 378) | Mot for TRO & Prel inj |
| 10 | 379) | Affid of Harris Teo in supp of mot for TRO & prel inj |
| 10 | 380) | Affid of Douglas Dompier |
| 13 | 381) | A/Motn for TRO & prel inj |
| 13 | 382) | Yakima Nation's memo in supp of pltf intervenors mot for TRO & prel inj |
| 13 | | Cert of personal serv |
| 13 | 383) | Memo in Oppos to Mot for TRO and prelim. Inj. |
| 13 | 384) | MOT to Intervene as Deft or in the Alternative Amicus of Columbia River Fisherm Protective Union, Hank Niemi and Jack Marinkovich |
| 13 | 385) | Affid of Samuel G. Wright |
| 14 | 386) | Rec of hrg: ORD continuing to Thurs, 8/23/79 at 11:00 am before Judge Schwarzer. ORD continuing pending mots(mot for TRO & prel inj; mot to intervene Col.Riv. Fishermen, Hank Niemi & Jack Marinkovich) to 8/23/79--pending further conf. re alternative recommendations.  Cnsl to notfy court of results of conf.  SCHWARZEI |
| 15 | 387) | Transcript of proceedings, 8/13/79 |
| 21 | 388) | Ltr re cancelation of hrg on 8/23/79 as parties reached agreement on proposed modification to the fishing seasons for zone 6(treaty Indian) commercial fishery above Bonneville Dam. |
| Sept 14 | 389) | State of Idaho(applicant for intervention) mot for TRO (Judge Craig will be here on 9/24/79)   c/Craig |
| 14 | 390) | State of Idaho mot for a prel inj (c/Craig) |
| 14 | 391) | Affid of Stacy Gebhards c/Craig |
| 14 | | Cert of serv   c/Craig |
| 14 | 392) | State of Idaho mot to intervene for a limited purpose or to participate as amicu curiae   c/Craig |
| 17 | 393) | Rec of ord - Hrg date Tuesday, 9/25/79 at 9:30 am for mots filed by Idaho dept of Fish & Game.  ( Mot to intervene for limited purposes or to participate as |
| 21 | 394) | Amicus Curiae, Mot for TRO) |
| 21 | 395) | Rec of w/drawal of mots to Intervene, Mot for TRO, Mot for prelim inj in MEH intervention.  Ord striking hrg Tuesday 92/5/79 before Judge Craig. (per telephone call from John C. Vehlow - formal notc of w/drawal to come.)    MI |
| Nov. 7 | 396) | MANDATE:(Judgmnt): ORD that the causes are remanded to US Dist Ct. for the W'ern Dist of Washington & The Dist. of Oreg. for further proceedings in conformity w/ the opinion of the Sup. Ct.    C/A |
| 1980 March 5 | 397) | Deft Intervernor's mot for TRO or in the alternative prel inj   c/DMC |
| 5 | 398) | Affid of Douglas Dompier in supp of mot for TRO |
| 5 | 399) | Affid of Tim Weaver in supp of mot for TRO |
| 5 | 400) | Cert of serv re documents re TRO filed 3/5/80 |
| 10 | | Cert of serv by mail |
| 10 | 401) | Oreg'resp to mot for TRO   c/DMC |
| 11 | 402) | Affid of Dennis Karnopp in supp of mot for TRO or prel inj |
| 11 | 2) | Affid of serv by mail |
| 17 | 403) | Washington's resp in oppos to Tribes' mot for inj |
| 17 | 404) | Affid of Richard M. Laramie |
| 17 | | Cert of serv |
| 17 | 405) | ORD that the mot for TRO is denies.  s/3/13/80 CRAIG e/3/18/80 |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET    FPI—MAR—2-14-

| PLAINTIFF | DEFENDANT | DOCKET NO 68–5 |
|---|---|---|
| U.S.A., et al | Conf. Tribes, et al | PAGE 9 OF ___ |

| DATE 1980 | C.NR. | PROCEEDINGS |
|---|---|---|
| Apr 30 | 406) | Pltf's mot for TRO/Preliminary Injunc    [MC 5/26/80-noa] |
| 30 | 407) | Affid of Richard M. Laramie |
| 30 | | Certificate of Service |
| 30 | | Certificate of Attorney |
| 30 | 408) | Affid of Service by mailing |
| 30 | 409) | U.S.s' response to mot for TRO re 1980 spring run treaty fishery on Klickit and Yakima Rivers. |
| May 1 | 410) | Memo of Yakima Nation in oppos to mot for TRO or in the alternative for pre injunc and in support of mot to dismiss. |
| 1 | 411) | Affid of Bob Tuck in oppos to mot for TRO |
| 1 | 412) | Affid of Bob Tuck regarding Klickitat River |
| 1 | | Certificate of Service |
| 2 | 413) | Rec of hrg on mot for State of Washington Depart of Fisheries for TRO. Evid adduced. Mot to dismiss on behalf of Yakima Tribe. Ord denying mot.  Ord gr prelim. injunc.. Ord setting bond in the amount of $250.00.  Ord that injur to be effective until 7 May 80 at 5:00 p.m. |
| 2 | 414) | Affid of Levi George in oppos to mot for TRO on Klickitat and Yakima Rivers |
| 2 | 415) | Bond for TRO-Prelim Injunc in the amount of $250.00 |
| 2 | 416) | Memo on security on TRO |
| | 417) | Affid of service by mail |
| | 418) | Rec'd from C/A reporter's transcripts (see ltr in file for descr ion). |
| | 419) | Preliminary Injunction effective Wednesday, 7 May 1980, at 5:00 p.m.  e/m 5/6/80                                          s/5/5/80 |
| 15 | 420) | Response to request for increased bond. |
| 15 | 421) | Affid of service by mailing. |
| 15 | 422) | MOT of Yakima Indian Nation for: 1) Reconsideration; 2) Approval of limited fishery plan; 3) Additions to findings and conclusions.  [MC 6/9/80-noa] |
| 15 | | Affid of mailing. |
| 15 | 423) | Supplemental affid of Robert Tuck on mot for reconsideration. |
| 16 | 424) | Rec of conf call: Rec of hrg on mots of Yakima Indian Nation for: 1) Reconsi ation of Court's injunction order denying; 2) Approval of a limited fishery ord denying; 3) additions to findings and conclusion ord referring to Judge Rec of hrg on request to increase amount of bond. ord denying mot. |
| 20 | 425) | Telephone Conf  Transcript of proceedings held on 5/8/80 |
| 21 | 426) | ORD: Mot for reconsid of prelim injunc denied; Mot re security bond denied; |
| | 427) | Mot to approved limited fishery on Yakima River denied; portion of Yakima Na |
| | 428) | mot to make add'l findings of fact and conclusions of law referred to Judge (See Order).              e/m 5/23/80                        s/5/16/80 |
| 23 | 429) | Affid of Edward Buschini |
| 23 | 430) | Affid of Jesse Palacios |
| 23 | 431) | Affid of Jeff Tayer |
| 23 | | Affid of service by mailing |
| 28 | 432) | ORD modifying ord of May 16, 1980: 1) Allowed fishery for male spring chinoo salmon only beginning at noon 5/27/80 for 72 hours to noon Friday 5/30/80;2) shall operate only in vicinity of Wapato & Sunnyside Dams;3) Fishery shall b monitored from 4:00 AM to 10:00 PM during all periods;4) fish shall be inspe monitors & determination made as to sex of fish;5) after each 24-hour period |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET                    FPI—MAR—2-14-79-50M-1534

| PLAINTIFF | | DEFENDANT | DOCKET NO. _____ |
| --- | --- | --- | --- |
| | | | PAGE ____ OF ____ PAGES |

| DATE | NR. | PROCEEDINGS |
| --- | --- | --- |
| | | biologists will evaluate fishery to determine numbers of fish harvested and/or killed; 6) if in judgment of monitoring biologist there should be a a shortening of the harvest, all parties will be notified so approp. action may be taken; 7) monitoring biologists shall prepare a report with all info. to be served to all parties and the court.          e/m 5/30/80    s/5/27/80          BU |
| June 6 | A33 | NOTICE OF APPEAL by pltf from the order granting injunctive relief to Deft-Intervenor entered May 6, 1980 |
| 6 | A34 | no fees pd-just sent cost bond for $300.00-letter sent to Weaver requesting fees |
| 6 | A35 | mailed copy of notice of appeal to Dysart, Karnopp, Weaver, Nash, Strom, B. Hall, James Johnson, Willner, Ady. |
| 6 | A36 | mailed copy of notice of appeal, docket to court of appeals. |
| July 7 | A37 | Designation of reporter's transcript received. |
| 7 | A38 | Certificate of record prepared and mailed to court of appeals. |
| Aug 18 | A39 | Designation of the clerk's record |
| 18 | A40 | Affid of service by mail |
| Sep 18 | A41 | Rec of ord setting hrg on mot for prelim injunc on Thursday, 9/25/80 at 9:30 am before Judge Walter E. Craig.                    CRAIG |
| 19 | A42 | Mot for injunction |
| 19 | A43 | Affid of service |
| 19 | A44 | ORD to show cause & setting hrg for 9/25/80 at 9:30 AM . s/9/16/80 CRAIG |
| 22 | A45 | Affid of Jean Edwards in support of mot for injunction |
| 22 | A46 | Affid of Samuel G. Wright in oppos to mot for injunction |
| 22 | A47 | Affid of service by mailing |
| 22 | A48 | Pre-Hearing memo of the U.S. |
| 22 | A49 | Certificate of service |
| 24 | A50 | Oregon's response in oppos to pltf's mot for injunc (C/Craig) |
| 25 | A51 | Affid of Leslie Clark in oppos to mot for injunc. |
| 25 | A52 | Affid of serv |
| 25 | A53 | Affid of Timothy W. Roth |
| 25 | A54 | Rec of hrg re pltfs' mot for prelim injunc. Ord that Richard Slaole be admitted for the purpose of this case only. Ord that Lester Clark & the Northwest Gillnetters Assn be admitted as amicus in this case. Evid adduced. Ord that parties to get together & prepare supplemental ord to comprehensive plan of 1977 to clarify the functions of various agencies operating under that ord. Supplemental ord is to be done by 10/24/80.  Mr. Dysart will act as lead counsel to get everyone together. Ord that pltfs' mot for prelim injunc denied.          FR |
| 26 | A55 | List of exhibits & witnesses |
| 26 | A56 | Transcript of proceedings held on May 2, 1980 before Judge Burns. |
| Oct 7 | 1000) | Transcript of motions held 9/25/80 before Judge Walter Craig |
| 10 | 1001) | Pltf-Intervenor's mot for reconsideration to be heard on affid & w/o oral argument. [MC 11/3/80 noa] |
| 10 | 1002) | Affid of Willis "Chip" McConnaha |
| 10 | 1003) | Affid of service by mail |
| 20 | 1004) | ORDER from court of appeals allowing pltf. until 10/31/80 to file its brief. |

CIVIL DOCKET CONTINUATION SHEET                                                                    FPI-MAR

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| USA, et al | Conf. Tribes, et al | DOCKET NO. 68-513 PAGE 10 OF ____ PAGES |

| DATE 1980 | NR. | PROCEEDINGS |
|---|---|---|
| Oct   24 | 1005) | ORDER pltf-intervenor's mot for reconsideration is denied. |
| 31 | 1006) | ORD that the date on which the proposed suppl ord for implementation of the    e/m 10/27/80   s/10/21/80   CRAIG<br>5-yr plan is due is ext to 11/25/80.          CRAIG |
| Nov. 3 | 1007) | State of wa. (appellees ) designation of clerks record. |
| 4 | 1008 | USA designation  of clerks record received. |
| 10 | (( ))) | Mailed record on appeal to court of appeals. |
| **1981** | | |
| AUG  20 | 1009) | Pltfs Mot for TRO or Prelim Inj                        [to Judge Craig] |
| 20 | 1010) | Affid re: Notfication of cnsl & certificate of Svce       [c-Craig] |
| 20 | 1011) | Notc of hrg                                            [c-Craig] |
| 20 | 1012) | Joint Legal Memo in support of Mot for TRO & Prelim Inj     [c-Craig] |
| 20 | 1013) | Affid of Jean Edwards                               [c-Craig] |
| 20 | 1014) | Affid of Willis E. McConnaha |
| 20 | 1015) | Affid of Phillip B. Roger |
| 21 | 1016) | Memo of the State of Washington Dept of Fisheries in oppos to Tribal Req for<br>Mandatory Inj. & attchd exh A                         [c-Craig] |
| 21 | 1017) | Affid of Michael E. Fraidenburg                     [c-Craig] |
| 21 | 1018) | Affid of Svce by mailing                             [c-Craig] |
| 21 | 1019) | Affid of A. Dennis Austin w/ attchmnt A              [c-Craig] |
| 21 | 1020) | Memo of the State of OREG                          [c-Craig] |
| 24 | 1021) | Prelminary INjunction re: 1981 Treaty Fall Chinook Fishery m/e 8/24/81<br>                                             s Craig 8/24/81 |
| 24 | 1022) | Rec of hearing. Ord granting pltff's mot for prelim inj #1009 (order signed)<br>Ord setting for, final hearing Monday, 10/19/81.    CRAIG   (Hrg 10/19/81) |
| 31 | 1023) | LTR: of Regulations adopted by Fish & Wildlife Comm of The Confederated Tribes<br>of the Umatilla Indian Reservations pursuant to Prelim inj issd by<br>Judge Craig on 8/24/81 |
| SEPT 2 | 1024) | LRTR: Re Resolution of the NEZ PERCE TRIBAL EXECUTIVE COMMITTEE OF IDAHO<br>ADOPTING THE 1981 FALL CHINOOK SALMON GILLNET SEASON |
| 3 | 1025) | Resolution of Warm Springs Tribe adopting the 1981 Fall Chinook Salmon Gillnet<br>Season • |
| 14 | 1026) | State of WA mot to dissolve prelim inj or alt for stay (c-Craig) |
| 14 | 1027) | Affid of A. Dennis Austin |
| 14 | 1028) | Mot to shorten time of serv & Affid of Dennis D. Reynolds (c-CR) |
| 14 | 1029) | Affid of Jack D. Ayerst |
| 14 | 1030) | Affid of serv |
| 14 | 1031) | Notc of hrg. |
| 16 | 1032) | Rec of ORD strik mots & notc of hrg re State of WA's Mot to dissolve prelim inj &<br>mot to shorten time of serv. (Mots are moot per Mr. Reynolds from State of WA.<br>                                         M. DeLap |
| 21 | 1033) | Affid of Tim Weaver in oppos to mot to dissolve Prelim inj |
| 21 | 1034) | Affid of Svce |
| 28 | 1035) | Opinion of the Court taken 8/24/81 before The Honorable Judge Walter E. Craig |
| OCT  13 | 1036) | Rule 37 Mots                                        [to M.D.] |
| 13 | 1037) | Affd of Svce of Howard G. Arnett |

(OVER)

CIVIL DOCKET CONTINUATION SHEET                                            FPI-MAR

| PLAINTIFF | | DEFENDANT | | |
|---|---|---|---|---|
| | | | DOCKET NO. 68-513 | |
| | | | PAGE ___ OF ___ PAGES | |

| DATE 1981 | NR. | PROCEEDINGS |
|---|---|---|
| OCT 15 | 1038) | Rec of ord striking hrg on 10/19/81. Pltf-Intervenor Conf. Tribes of the Warm Springs Reservation Rule 37 mots will be set by Judge Craig's ofc.                                    CRAIG/v.j. |
| 16 | 1039) | Mot for leave to file Amicus Curiae briefs by professional resource organization Salmon                                                          [c-Craig-v.j.] |
| 20 | 1040) | U.S. Memo in oppos to mot for leave to file Amicus Briefs by the Professional Resource Organization-Salmon                                        [c-Craig-v.j.] |
| 21 | 1041) | Suplemntary Cert of Svce by George D. Dysart-Spec Asst US Atty   [c-Craig] |
| 22 | 1042) | Affid of Svce by mailing by Mary E. Love                         [c-Craig] |
| 22 | 1043) | State of Washington's Amended Mot to dissolve Prelim Inj         [c-Craig] |
| 22 | 1044) | Notc of Hrg on 11/3/81 or soon thereafter at Seattle, WA presided by Judge Craig re Defts A/Mot to dissolve Inj & Deft State of Wash for Comprehensive Mgt Plan                                                       [c-Craig] |
| 22 | 1045) | Suplmntl ORD RE: Comprehensive Mgt Plan                          [c-Craig] |
| 22 | 1046) | Affid of A. Dennis Austin                                        [c-Craig] |
| 23 | 1047) | State of OREG'S Memo in oppos to mot for leave to file Amicus Briefs by the Professional resource organization-Salmon                             [c-Craig] |
| 30 | 1048) | Affid of Svce by mailing  A/Mot to dissolve Prelim Inj to all cnsl of record                                                                    [c-Craig] |
| 30 | 1049) | Washington Brief in support of Mot to dissolve Injunction re: 1981 Fall Chinook                                                          [c-Craig] |
| NOV 3 from Seattle | 1050) | Rec of HRG  re USA vs State of Wa- mot denied on State of Wa. Dept. of Fisheries for preliminary injunction-untimely & lack of serv.; Conf. Tribes of Yakima vs Malcolm Baldridge-pltf's req continuance of due date of workable plan-Tim Weaver appears on behalf of pltfs; USA vs State of Ore- hrg on deft's mot to dissolve portions of the preliminary injunct & deft's mots for supplementary ord re Comprehensive management plan.ORD cnsl get together & work out the matter of the supplementary ord. State of Wa & Ore req calling technical witness. ORD being immature & directs cnsl 1st before calling witnesses. State of WA req a return date to report-no date set at this time. ORD denying mot to dissolve ord of preliminary injunct.. CRAIG |
| 3 from SE | 1051) | Notc of withdrawal & subsition of atty for professional resource org. Salmon (pros).(Audrey B. Eide withdrawing-Mark S. Lyon to be substituted) |
| 3 | 1052) | Reply memo in support of mot for leave to file amicus briefs by the professional resource organization (Salmon). |
| DEC 28 | 1053) | ORD dissolving preliminary injunction entered 5-5-80.e/m 12-28 s/12-28-81BU ntfd |
| 1982 | | |
| MAR 8 | 1054) | Notc of w/drawal from 5 yr plan |
| 8 | 1055) | Affid of Svce by mail |
| (3) | 1053a) | Notc of Umatilla Tribe's w/drawal from "A Plan for Mgng Fisheries on Stocks originating from the Columbia River & its Tributaries above Bonneville Dam |
| (3) | 1053b) | Affid of Svce by mail |

(SEE PAGE 11)

DC-111A REV. (1/75)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET                 FPI—MAR—2-14-79-50M-1534

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| USA, et al | CONF TRIBES, et al | DOCKET NO. 68-513 |
| | | PAGE 11 OF____ PAGES |

| DATE 1982 | NR. | PROCEEDINGS |
|---|---|---|
| APR 26 | 1056) | Intervenor-Pltfs mot & affid for ord releasing cost bond on appeal |
| 26 | 1057) | ORDER Releasing Cost bond on appeal-ORD that the bond on appeal is exonerated. DONE IN OPEN COURT this 19th day of April, 1982                     s CRAIG |
| MAY 10 | 1058) | ORDER-In view of the resignation of the Ct's Technical Advisor, effective 5/7/82, the parties ot this litigation may submit the names & qualifications of a successor Technical Advisor to Clk of USDC  on or before 5/21/82 at noon. Thereafter, the CT by appropriate ord, will make its appt of the successor. SO ORD                     s CRAIG/v/j 5/5/82 e/m 5/10/82 ntfd |
| 17 | 1059) | MANDATE Judgent C/A affirmed     ntfd |
| 17 | () ) | ORD-retnd as unable to forward to Mr. James B. Hovis |
| 21 | 1060) | Deft's mot for TRO or in the alternative for Preliminary Injunction                                   [c-Craig] |
| 21 | 1061) | Memo of Yakima Indian Nation in support of Mot for TRO or in the alternative for Prelim Inj agnst the State of Wash closure of The Yakima River Subsistence Fishery (Spring 1982)[c-Craig] |
| 21 | 1062) | Affid of Bob Tuck in support of mot for TRO          [c-Craig] |
| 21 | 1063) | Affid of Tim Weaver in Support of Mot for TRO          [c-Craig] |
| 21 | 1064) | Affid of Levi George in support of Mot for TRO or in the alternative for Prelim Inj on Yakima River Subsistence Fishery                                   [c-Craig] |
| 21 | 1065) | Affid of Svce by mail |
| 24 | 1066) | Mot for TRO/Preliminary Inj                     [c-Craig] |
| 24 | 1067) | Affid of A. Dennis Austin                     [c-Craig] |
| 24 | 1068) | Affid of Svce by mailing |
| 24 | 1069) | Bond for Preliminary Inj in the amt of $250.00 (no signature on bond as matter has been settled per Judge Craig's ofc) |
| [21 | 1065a) | Ltr: re response to Ct ORD in US v. Washington, & US v. Oreg & Wash. |
| JUNE 4 | 1070) | Affid of Bob Tuck in support of Mot for TRO          (c-Craig) |
| 11 | 1071) | ORDER-on 6/22/82 there will be an informal, in-chambers meeting at 9:30 am US Cthse in Ptld. SO ORD     s CRAIG/vj 6/1/82 ntfd |
| 22 | 1072) | ORDER-that Dr. Howard Horton is apptd as the ct's technical advisor w/respect to problems arising in the Columbia River Basin & ocean fisheries & in such further areas as it may be pertinent, subject to further ord of this ct. ntfd     s CRAIG/vj 6/22/82 e/m 6/22/82 |
| AUG 25 | 1073) | Notc of Hrg on 8/27/82                     [c-Craig,vj] |
| 25 | 1074) | Affid of Svce by mailing & Notification of cnsl     [c-Craig] |
| 25 | 1075) | Pltf Intervenors mot for Temp Restraining Ord & Prelim Inj     [c-Craig] |
| 25 | 1076) | Pltf Intervenors Memo in support of mot for TRO & Prelim Inj     [c-Craig] |
| 25 | 1077) | Affid of Jean Edwards                     [c-Craig] |

(OVER)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET                FPI-MAR—2.14.79-SOM-1S34

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| | | DOCKET NO. 68-513 |
| | | PAGE ___ OF ____ PAGES |

| DATE 1982 | NR. | PROCEEDINGS |
|---|---|---|
| AUG 27 | 1078) | Deft State of Oreg Memo in opposn of MOt for TRO & Preliminary Inj    [c-CRaig] |
| 27 | 1079) | U.S. Memo to accompany offer of exh                                    [c- CRAIG] |
| 27 | 1080) | Rec of hrg pltf's mot for TRO and/or Prelim inj. George Dysart present for USA. Dennis Reynolds for State of Wash. Mary J. Deits for State of Oreg. Howard Arnett, Catherine Wilson, Robert Strom & Tim Weaver for various tribes. State of Wash witness Albert Dennis Austin sworn & examined. Hrg cont'd to Mon 8/30/ at 9 AM                          CRAIG/vj ntfd |
| 30 | 1081) | Notc of Hrg on 8/31/82 on deft's mot to shorten time & mot to reconsider mot to dissolve TRO                                              [c-CRAIG] |
| 30 | 1082) | Deft States Wash & Oreg's mot for reconsideration, mot to dissolve TRO re: 1982 treaty Fall Chinook Fishery                              [c-CRAIG] |
| 30 | 1083) | Affid of A. Dennis Austin in support of Mot to reconsider/mot to dissolve TRO [c-CRAIG] |
| 30 | 1084) | Affid of Mary J. Deits                                               [c-CRAIG] |
| 30 | 1085) | Deft States Wash & Oreg mot to shorten time to hear mot for reconsideration, mot to dissolve TRO.                                        [c-CRAIG] |
| 30 | 1086) | Rec on Cont'd hrg on TRO (ex. 82-A & 82-1,2,3,4 & 5 admitted for illusttative purposes only) Cont'd examination of Mr. Austin, Ct calls Dr. Horton, technical adviser, Sworn & examined. The Ct grants TRO w/respect to noon on 9/1/82 thru noon on 9/3/82 for Zone 6 gill net fishing by Indians in Ronneyville Dam to McNary Dam. Further grants fishing by Indians from noon 9/7/82 thru noon 9/11/82 in Bonneyville pool only. No ruling at present time will be made as to 9/14/82 thru 9/16/82. There will be no restraint on the fishing to begin this date at 5 PM. Ord no fishing on river after 8/30/82 prior to 10/1/82 for non-Indian fisheries.                          CRAIG /vj ntfd pr:pr |
| 31 | 1087) | Deft State of Oregon's mot for stay pending appeal    [c-CRAIG] |
| SEPT 1 | 1088) | TRO RE 1982 Treaty Fall Chinook Fishery-ORD-States of Wash & Oreg are enjoined from Interfering w/the taking or disposition of fish taken from the Columbia River above Bonneville Dam by members of the Pltf Tribes in conformity w/regulations of the member's tribe that conform to noon 9/1/ to noon 9/3/82 ZONE 6; Noon 9/7 to noon 9/11/82 Bonneville Pool Only; restrictions: 8" mesh nets;, all existing state sanctuaries remain closed except that the Spring Creek Hatche Sanctuary, the White Salmon River sanct;uary, & the Wind River mouth Sanctuary will be opened during the seasons proposed for Bonneville Pool (SEE ORDER FOR DETAILS) SO ORD          s CRAIG 8/31/82 e/m 9/1/82 ntfd |
| [AUG 31 | 1087A) | Rec of hrng on State of Oreg's mot for stay pending appeal & amending M/E dated 8/30/82 to read Ex. 82-A was admitted in full). (Mot for Stay denied. Mot to shorten time denied. Ct's ord of 8/30 applies to Chinook only.                         CRAIG/vj pr:pr ntfd |
| SEPT 7 | 1089) | Pltf, Yakima Nation's mot for reconsideration & Modification of Ct's ord of 8/30/82                                                    [to Craig] |
| 7 | 1090) | Notc of Hrg of Pltf-Intervenor Tibes on 9/8/82 at 9:30 AM Ptld    [to Craig] |
| 7 | 1091) | Affid of Svce by mailing |
| 8 | 1092) | Resolution of Warm Springs Tribe adopting the 1982 Fall Chinook Salmon Gillnet SEason                                                  [to Craig] |

(SEE PAGE TWELVE)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

FPI—MAR—7-14-80-70M-4398

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| USA, et al | CONF. TRIBES, et al | DOCKET NO. 68-513 |
| | | PAGE 12 OF ____ PAGES |

| DATE 1982 | NR. | PROCEEDINGS |
|---|---|---|
| SEPT 8 | 1093) | Affid of Jean Edwards                                             [c-Craig] |
| 8 | 1094) | Rec of Yakima Nation's mot for reconsideration & Modification of Ct's ord of 8/30/82. Mot denied. Subsequently ord that the TRO is converted to Prelim Inj.                               CRAIG/vj pr:pr ntfd |
| 30 | 1095) | Notc of appeal by deft State of OREGON FROM THE FINAL ORD GRANTING AN INJUNCTION ent on 9/8/82. |
| 30 | () | Mailed copy of appeal to all cnsl & C/A w/ updated docket sheet |
| 30 | () | $70.00 fee pd-$5.00 USDC & $65.00 C/A receipt #18286 |
| OCT 6 | () | Copy of notc of appeal retnd –left no forwarding address for Clemens Ady |
| 27 | 1096) | Notc of Appeal by Deft Sate of Washington from the TRO ent on 8/31/82 & as converted to Preliminary Injunction on 9/8/82. |
| 27 | () | Mailed copy of appeal & updated docket to C/A |
| 27 | () | Mailed copies of appeal to all cnsl |
| 27 | () | $70.00 fee pd –$5.00 USDC & $65.00 C/A receipt #18640 |
| 27 | 1097) | Affid of Svce by mailing |
| NOV 5 | 1098) | Resolution of Warm Springs Tribe Adopting the 1982 Late Fall Coho Salmon Gillnet Season                                          [c-Craig] |
| 8 | 1099) | TRO RE: 1982 Treaty FAll Coho Fishery-ORD that the States of Wash & OREG, Their officers, etc in active concert or participation w/them who receive actual notc of this od by personal svce or otherwise are enjoined from: Interfering w/the taking or disposition of fish taken from the Columbia River from Bonneville Dam to the Lyle Boat landing by members of the Pltf Tribes as follows: Noon 11/1/82 to Noon 11/5/82 from Bonneville Dam to the Lyle Boat landing. Gillnets 7 inches & smaller & 9 inches & larger shall be authorized. This ord shall not affect any traditional subsistence fishery heretofore authorized by appropiate state or tribal law or regulation. FURTHER ORD that all the parties are directed to use good faith effort to monitor the catch during the season ord & report the findings to the CT. ORD  this 1st day of 11/82.                                          s CRAIG/vj 11/1/82 ntfd e/m 11/8/82 |
| 12 | 1100 | Reporter's T/P of proceedings had 8/27, 30 & 31 before Judge Craig |
| 15 | 1101 | T/P Designation from Deft State of Wash (82-3604 |
| DEC 7 | 1102) | ORDER-These appeals are consolidated for all purposes. Appellants shall ord the addtnl portion of the rptr's t/p previously designated on 12/10/82; Appellants to file a joint brief on 2/28/83 (35 pgs); The Tribes shall file a joint brief or separate briefts on or before 4/1/83 (40 pgs); U.S. shall file a brief on or before 4/15/83 (15 pgs); Appellants may file a joint reply brief w/in 14 days of svce date of the U.S. BRIEF(20 pgs) C/A (82-3604 & 82-3556) |
| 23 | 1103) | Transcript of proceedings had 9-8-82 before Judge Craig |

(OVER)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

FPI-MAR—7-14-80-70M-4398

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| | | DOCKET NO. 68-513 |
| | | PAGE ___ OF ____ PAGES |

| DATE 1983 | NR. | PROCEEDINGS |
|---|---|---|
| JAN 26 | () ) | Certificate of Record mailed to C/A & all cnsl |
| MAR 1 | 1104) | Appellants designation of record on appeal |
| APR 4 | 1105) | ORDER-Mot of Conf Tibes for ext of time to 4/15/83 to file ans is DENIED. Their answering brief shall be filed no later than 4/11/83. The mot of US for ext of time to 4/29/83 to file its answering brief is denied. The U.S shall file its ans brief no later than 4/25/83.  C/A ntfd |
| 12 | 1106) | Designation of record on appeal. (Warm Springs) |
| 25 | 1107) | Appellee USA designation of Clerk's record |
| MAY 16 | 1108) | Conf Tribes of Warms Springs, Yakima Indian Nation, Umatilla Indian Reservation & Nez Perce Tribe of Idaho's mot for TRO or in the alternative for Prelim Inj                                                                 [to Craig] |
| 16 | 1109) | Affid of Tim Weaver in support of Mot for TRO or in the Alternative for Prelim Inj                                                                 [c-Craig] |
| 16 | 1110) | Affid of Wm Yallup in support of Mot for TRO or in the alternative for Prelim Inj                                                                 [c-Craig] |
| 16 | 1111) | Pltf-Intervenors Memo in support of Mot for TRO & Prelim Inj RE: 1983 Ceremonial & Subsistence Fishery                                                                 [c-Craig] |
| 16 | 1112) | Memo of Yakima Indian Nation in support of Mot for TRO or in the alternative for Prelim Inj agnst the State of Wash Closure of the Yakima River Subsistence Fishery (Spring 1983)                                                                 [c-Craig] |
| 16 | 1113) | The Conf Tribes & Bands of the Yakima Indian Nation's mot for TRO or in the alternative for Prelim Inj (Yakima River, Spring 1983)                                                                 [to Craig] |
| 16 | 1114) | Affid of Tim Weaver in support of Mot for TRO or in the alternative for Prelim Inj (Yakima River, Spring 1983)                                                                 [c-Craig] |
| 16 | 1115) | Affid of Levi George in support of mot for TRO or in the alternative for Prelim Inj on Yakima River Subsistence Fishery (1983)                                                                 [c-Craig] |
| 16 | 1116) | Affid of John Hollowed in support of Mot for TRO or in the Alternative for Prelim Inj (Yakima River, Spring 1983)                                                                 [c-Craig] |
| 16 | 1117) | Affid of Svce by mail                                                                 [c-Craig] |
| 16 | 1118) | Affid of Svce by mail                                                                 [c-Craig] |
| 16 | 1119) | Affid of N. Kathryn Brigham                                                                 [c-Craig] |
| 16 | 1120) | Affid of Jean Edwards                                                                 [c-Craig] |
| 17 | () ) | Mailed Record on appeal to C/A & copies to cnsl |
| 23 | 1121) | Affid of A. Dennis Austin                                                                 [c-Craig] |
| 23 | 1122) | Affid of Svce by Mailing                                                                 [c-Craig] |
| 27 | 1123) | Defts State of Oreg & State of Wash's mot to dissolve TRO                                                                 [c-Craig] |
| 31 | 1124) | Affid of Svce by Mail of Prelim Inj Ord                                                                 [c-Craig] |
| JUNE 3 | 1125) | Preliminary Injunction-Ord the States of Oreg & Washington, etc & all other persons acting in this concert w/them are enjoined form interfering w/the exercise of Pltf's treaty-secured ceremonial & subsistence dipnet fisheries at their usual & accustomed fishing sites on the Columbia River in the States of Oreg & Washington, until they have harvested an addtnl 150 spring chinook or 6/1/83 whichever occurs first.  s CRAIG/v.j. 5/31/83 e/m 6/6/83 ntf |
| 3 | 1126) | ORDER-ORD that the mot of the States of Washington & Oregon to dissolve the TRO granted by this Court on 5/18/83 is hereby denied as moot.                                                                 s CRAIG/v.j. 5/31/83 e/m 6/6/83 ntf |

(SEE PAGE THIRTEEN)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

FPI—MAR—7-14-80-70M-4398

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| USA, et al | CONF. TRIBES, et al | DOCKET NO. 68–513 |
| | | PAGE 13 OF ____ PAGES |

| DATE 1983 | NR. | PROCEEDINGS |
|---|---|---|
| JUNE 6 | 1127) | Affid of Tim WEaver in opposn to State of Oreg's mot to dissolve Prelim inj [c-CR] |
| 6 | 1128) | Affid of Svce by Mail |
| 20 | 1129) | Telephone Conf on mot for TRO & Prelim Inj had 5/18/83 before Judge Craig |
| 20 | 1130) | Affid of A. Dennis Austin                                          [c-Craig] |
| AUG 19 | 1131) | Pltf Intervenors Mot for TRO & Prelin Inj                          [c-Craig] |
| 19 | 1132) | Notc of hrg Pltf-Intervenor Tibes have hrg on 8/24/83 at Pioneer Cthse 8/24/83 9:30 am by W. Craig                          [c-Craig] |
| 19 | 1133) | Affid re notification of cnsl & cert of svce                       [c-Craig] |
| 19 | 1134) | Pltf-Intervenors Yakima Indian Nation's memo of pts & authorities in support of Pltf-Intervenors' mot for TRO & Prelim Inj                                                    [c-Criag] |
| 23 | 1135) | Pltf's memo of U.S. RE 1983 Indian Fall Fishing                    (c-Craig) |
| 23 | 1136) | Deft State of OREGON"S RESPONSE TO Pltf- Intervenor's mot for TRO & Prelimn Inj                                                               [c-Craig] |
| 23 | 1137) | Affid of Burnell R. Bohn                                           [c-Craig] |
| 23 | 1138) | Cert of Svce & affid of svce                                       [c-Craig] |
| 24 | 1139) | State of Idaho's mot to intervene & Memo in support               [c-Craig] |
| 24 | 1140) | State of Idaho's pleading in Intervention                          [c-Craig] |
| 24 | 1141) | Affid of John Coon                                                 [c-Craig] |
| 24 | 1142) | Cert of Svce                                                       [c-Craig] |
| 24 | 1143) | Suplmntl Affid of Jean Edwards RE 1983 Indian Fall Fishery         [c-Craig] |
| 24 | 1144) | Rec of hrg on pltf-Intervenor's mot for TRO & PRELIM INJ #1131. Ord deft's o/mots for special admission of Stephen Goddard & participation of State of Idaho granted for the purposes of this proceeding only. No ruling made at present time on State of Idaho's mot for intervention. Deft's (State of Wash) witness Donald McIsaac sworn. Ord pltf's mot for prelim inj is granted. Ord parties to negotiate & have their experts come up with a solution. Parties to follow former plan & make adjustments as appropriate. A plan should be submitted to the ct by 11/1/83. If at an impasse, each party should submit own plan by 11/10/83, Pltf to prepare form of ord. The following were present: H. Arnett (Warm Springs Tribe); Tim Weaver (Yakima Indian Nation); Catherine Wilson (Umatilla Tribe); Robert Strom (Nez Perce Tribe); James M. Johnson (Washington Fisheries & Game); Mary J. Deits (Oreg Fish & Wildlife) Stephen Goddard (Idaho Dept of Fish & Game)                    CRAIG/vj pr:pr ntfd |
| 29 | 1145) | Affid of James J. DeShazo                                          [c-Craig] |
| 29 | 1146) | Affid of James B. Martin                                           [c-Craig] |
| 31 | ()) | Rec'd transcriptd dated 5/2/80 & Govt exhs from C/A. |
| SEPT 6 | 1147) | Petitioner for intervention's supplement to State of Idaho's mot to Intervene                                                    [c-Craig] |
| 6 | 1148) | Preliminary Injunction RE: 1983 Treaty Fall Fishery-ORD that the States of Wash & Oreg & those persons in active concert or participation w/them who receive actual notc of this ord by personal svce or otherwise are hereby enjoined from (a) interfering w/the taking or disposition of fish taken from the Columbia River above Bonneville Dam by members of the pltf Tribes in conformity w/the following regulations: noon 8/31/ to noon 9/3/83- zone 6 gillnet fishing area (Bonneville DAm to McNary Dam); noon 9/7 to noon 9/10, 1983-Bonneville pool only; noon 9/14/ to noon 9/16/83-Bonneville pool only:                    CONT'D OTHER SIDE) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET                    FPI—MAR—7-14-80-70M-4398

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| | | DOCKET NO. 68=513 |
| | | PAGE ___ OF ___ PAGES |

| DATE 1983 | NR. | PROCEEDINGS |
|---|---|---|
| SEPT 6 | 1148(CONT'D) | Restrictions: All existing state sanctuaries remain closed except that the Spring Creek Natl Fish Hatchery sanctuary & the Little White Salmon River mouth sanctuary, will be open during the seasons proposed for Bonneville pool. No mesh size restriction. FURTHER ORD THAT: (b) Changed circumstances of law & fact since its entry have rendered this Ct's ord of 2/28/77, subject to revision or modification. The parties are ord to meet & attempt to agree upon a revised or modified ord for allocation & mgt of Columbia River anadromous fish. (c) That if agreement is reached, said ord shall be submitted by 11/1/83. If no agreeemnt is reached, the parties shall independently submit proposed ords no later than 11/10/83. s 9/1/83 e/m 9/6/83 CRAIG/vj |
| 13 | 1149) | Mot for amendment of prelim inj, Affid,                    [c-Craig] |
| 19 | 1150) | ORDER AMENDING PRELIMINARY INJUNCTION RE 1983 TREATY FALL FISHERY-1)There is a conservation need to close the fall salmon fisheries on the Columbia River. 2)The Prelim Inj date 9/1/83 is amended to delete that portion from line 17, pg 5 reading "Noon 9/14 to Noon 9/16/83-Bonneville Pool only" so the treaty Indain fishing season scheduled for that period is not allowed & shall remain closed 3)All Indian & non-Indian fisheries for salmon on the Columbia River shall be & remain closed thru 9/20/83. The Columbia River Compart will meet on 9/20/83 to consider further fisheries. Fisheries to be considered at that hrg include further treaty Indian fisheries above Bonneville as well as further non-Indian fisheries. 4)The closure of treaty Indian fisheries is effective as of the time of the ct's oral ruling 9/13/83 & the closure of sports fisheries is effective 6:00 AM 9/15/83 (to allow notc). Parties shall ntfy fisheries. DATED at Honolulu, Hawaii 9/14/83 s CRAIG/vj e/m 9/19/83 ntfd all cnsl |
| 19 | 1151) | Opposn of Pltf-Intervenor Tribes(Warm Springs, Yakima Indian, Nation, The Umatilla Tribe & the Nez Perce Tribe)mot to intervene                    [c-Craig] |
| 19 | 1152) | Pltf' Intervenor Tribes' Memo in opposn to Mot to Intervene                    [c-Craig] |
| 19 | 1153) | Cert of Svce                    [c-Craig] |
| 26 | 1154) | T/P of Conf Call had 9/13/83 before Judge Craig |
| 27 | 1155) | ORDER SETTING TIME FOR RESPONSE TO STATE OF IDAHO'S MOT TO INTERVENE-ORD that the time for any party to submit its response to the Mot of State of Idaho to Intervene in this matter is ext to/includ 9/28/83.  The Ct's copy of any such response hereafter submitted shall be sent to Judge Craig at Phoenix, Arizona. FURTHER ORD that pending final action of the CT on said mot, the State of Idaho shall be permitted to participate fully in the discussions & negotiations which this Ct directs the parties to conduct for the purpose of attempting to reach agreement on the consideration, modification or replacement of the mgt plan for Upper Columbia River fish run approved by this CT on 2/28/77. DATED AT HONOLULU, HAWAII 9/23/83 s CRAIG/vj ntfd e/m 9/27 |
| 28 | 1156) | State of Idaho's Memo in reply to Pltf-Intervenor Tribes' Memo in opposn to Idaho's mot to Intervene                    [c-Craig] |
| 28 | 1157) | Response to Idaho's MOT to Intervene |
| 28 | 1158) | State of Washington's Response to STate of Idaho's Motion to Intervene |
| OCT 4 | 1159) | U.S. Memo re State of Idaho's mot to Intervene                    [c-Craig] |
| 7 | 1160) | Idaho's reply to OR's response to ID's mot to intervene |
| 7 | 1161) | ID's reply to WA's response to ID's mot to intervene |
| 7 | 1162) | ID's reply to response of USA to ID's mot to intervene |
| 7 | 1163) | Additional memo of The Yakima Indian Nation in oppos to ID's intervention |
| 7 | 1164) | Cert of serv |

(SEE PAGE FOURTEEN)

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| USA, et al | CONF. TRIBES, et al | DOCKET NO. 68-513 |
| | | PAGE 14 OF____ PAGES |

| DATE 1983 | NR. | PROCEEDINGS |
|---|---|---|
| OCT 17 | 1165) | Idaho's reply to the Yakima Nation's Memo in opposn to Idaho's mot to intervene                          [c-Craig) |
| 21 | 1166) | AMENDATORY ORDER RE: SUBMISSION OF ALLOCATION & MANAGEMENT ORDER-ORD that: the times specified in paragraph (c) of the ord of 9/1/83 (ent 9/6/83) for submitting an agreed ord for allocation & mgt of Columbia River anadromous fish, or in the alternative, separate proposed orders are ext to 12/16/83 & 1/3/84 respectively. s 10/13/83 at Phoenix, Arizona                                     s  CRAIG /vj ntfd e/m 10/21/83 |
| 28 | 1167) | Notc of hrg on the State of Idaho's mot to intervene on 11/14/83 at 2 PM in Ctrm #5 before Judge Craig          (cc: LRC) |
| 31 | 1168) | Notc of Appeal by Defts State of Oregon & State of Washington from the final ord granting a prelim inj, ent on 9/1/83. ntfd |
| 31 | ()) | No fee pd-will mail shortly |
| NOV 1 | ()) | Notc of appeal & updated docket sheet mailed to C/A |
| 1 | ()) | Notc of appeal & docketing stmnt mailed to all cnsl |
| 1 | ()) | $70.00 filing fee pd receipt #29460 |
| 14 | 1169) | Rec of hrg State of Idaho's mot to intervene. ORD mot denied. ORD State of Idaho may participate as amicus curiae. Pltf to prepare ord.                                     CRAIG/vj ntfd |
| 21 | 1170) | Designation of reporter's transcript filed (8-24-83) |
| DEC 5 | 1171) | ORDER-the State of Idaho's present mot to intervene pursuant to FRCP 24(a) (2) & 24 (b) (2) is denied as untimely; and FURTHER ORD that the State of Idaho is granted the right to participate in this case as amicus curiae, to the fullest extent allowed by law, including its non-voting participation in the parties negotiations to attempt to agree upon a new or modified plan for mgt & allocation. The CLK & the parties are directed to include the State of Idaho on the svce list for all future pleadings, mots, notcs, memo & ords filed in this case. It shall be noted that Idaho's mot to intervene is denied w/o prej. Should Idaho feel that its interests are not being adequately represented, in a future proceeding, Idaho is granted leave to reassert its mot to intervene.          s CRAIG/vj 11/30/83 e/m 12/5/83 ntfd |
| 14 | 1172) | MANDATE-ORD the judgment of D.C is affirmed. Costs taxed agnst States of Wash & Oreg in the amt of $138.85. C/A ntfd & cc:Craig LD 7 p. 152 &                                                x p. 233 |
| 19 | 1173) | ORD granting ext of deadline until 2-17 for the Columbia River Management Plan proposal talks. e/12-19 s/12-16-83 Walter Craig ntfd |
| 21 | 1174) | Notc of Appeal by Applicant for Intervention State of Idaho from the final ord denying Idaho's mot to intervene ent on 12/5/83.     [c-Craig] |
| 21 | 1175) | State of Idaho's mot to stay pending appeal & attchd affid of J.Coon [c-Craig] |
| 21 | 1176) | Memo in support of Idaho's mot for a Stay                    [c-Craig] |
| 21 | 1177) | Cert of Svce                                              [c-Craig] |
| 21 | ()) | $70.00 fee pd receipt # 30180 |
| 21 | ()) | Notc of appeal & updated docket sheet mailed to C/A |
| 21 | ()) | Copies of notc of appeal & docketing stmnt to all cnsl |
| | | CONTINUED |

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

RICHARD SOHAPPY; ALECK SOHAPPY; DAVID )
SOHAPPY; MYRA SOHAPPY; CLARA S. SOHAPPY; )
JAMES ALEXANDER; JAMES ALEXANDER, JR; )
LEO ALEXANDER; CLIFFORD ALEXANDER; HENRY )
J. ALEXANDER  ANDREW JACKSON;  ROY WATLAMET; )
SHIRLEY McCONVILLE and CLARENCE TAHKEAL, )

|  | |
|---|---|
| **Plaintiffs** ) | CIVIL NO. |
| **Appellees** ) | 68-409 |

v. )

McKEE A. SMITH, EDWARD G. HUFFSCHMIDT, )
J.I. EOFF, Commissioners, Oregon Fish )
Commission; ROBERT W. SCHONING, Director, )
Oregon Fish Commission, their agents, )
servants, employees and those persons in )
active concert or participation with them; )
JOHN W. McKEAN, Director, Oregon Game )
Commission, his agents, servants, employees )
and those persons in active concert or )
participation with him, )

**Defendants -APPELLANTS**

STATE OF WASHINGTON, INTERVENOR-APPELLANT )

UNITED STATES OF AMERICA, )

**Plaintiff**
**Appellee**

v. )

|  | |
|---|---|
| STATE OF OREGON ) | CIVIL NO. |
|  | 68-513 |

**Defendant**
**Appellant**

v. )

THE CONFEDERATED TRIBES OF THE WARM SPRINGS )
RESERVATION OF OREGON; CONFEDERATED TRIBES )
& BANDS OF THE YAKIMA INDIAN NATION; )
CONFEDERATED TRIBES OF THE UMATILLA INDIAN )
RESERVATION; and NEZ PERCE TRIBE OF IDAHO, )

**Intervenors**

RECORD ON APPEAL
FROM THE DISTRICT OF OREGON
RECORD IN __2__ VOLUMES
CLERK'S RECORD IN __2__ VOLUMES
REPORTER'S TRANSCRIPT IN ___ VOLUMES
THE HONORABLE ROBERT C. BELLONI, TRIAL JUDGE

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF OREGON
PORTLAND, OREGON 97205

CHAMBERS OF
JUDGE ROBERT C. BELLONI

January 9, 1969

Robert C. Strom
Attorney at Law
Box 155
Craigmont, Idaho 83523

        Re:  United States of America v. State of Oregon
             Civil No. 68-513 —

Dear Mr. Strom:

        The motion of the Nez Perce Tribe of Idaho to intervene
as party plaintiff herein is granted.  Kindly prepare an
appropriate order.

        I am pleased to note from your motion that your
participation will not delay the trial of this matter.
I assume that your participation will also not delay the
filing of the consolidated pretrial order, which is being
prepared by Mr. McClanahan for lodging on or about January 22.

        I am directing a copy of this letter to all partici-
pating counsel so that copies of all documents will hereafter
be mailed to you as well as the others.  Kindly send copies
of all your correspondence or documents to all counsel listed
on this letter.

        In order to avoid duplication of effort, the Court
has appointed Mr. Michael Morehouse chairman of all plaintiffs'
(including intervenors) trial counsel.  The principal purpose
for this move was to channel plaintiffs' demands upon the
defendant through one conduit to avoid unnecessary, multiple,
and time-consuming requests.

Robert C. Strom                    -2-              January 9, 1969


        Kindly tell me the name of your associated Oregon
counsel.

                        Very truly yours,

                        ROBERT C. BELLONI

cc:   Sidney I. Lezak, United States Attorney
      506 U. S. Courthouse
      Portland, Oregon 97205

"     Michael Morehouse, Assistant U. S. Attorney
"     Robert Y. Thornton, Attorney General of the State of Oregon
      State Office Building
      Salem, Oregon 97310
"     Henry Kane and George Woodworth, Assistant Att'y. Gen.
      469 State Office Building
      Portland, Oregon 97201
"     Mark C. McClanahan
      American Bank Building
      Portland, Oregon 97205
"     James Hovis
      Box 437
      Yakima, Washington 98902
"     Owen Panner
      1026 Bond Street
      Bend, Oregon 97701
"     Donald Willner
      900 Corbett Building
      Portland, Oregon 97204

HOVIS, COCKRILL & ROY
ATTORNEYS AND COUNSELORS
426 MILLER BUILDING
P. O. BOX 437
YAKIMA, WASHINGTON 98901

JAMES B. HOVIS
LEONARD M. COCKRILL
TED A. ROY
PAT COCKRILL

TELEPHONE
GLencourt 3-3165
AREA CODE 509

December 20, 1968

Hon. Robert C. Belloni, Judge
United States District Court
United States Court House
Portland, Oregon 97205

Re:  United States v. Oregon
     Civil No. 68-513

RECEIVED

DEC 23 1968

ROBERT C. BELLONI

Dear Judge Belloni:

                    Enclosed find our
brief on defendant's motion to dismiss.

                    Apologies for its
late arrival, but I had the flu bug hit me and I
didn't even have strength enough to explain to my
partners how to finish it up.

                              Sincerely yours,

                              HOVIS, COCKRILL & ROY

                              By _____

jbh:de
encl.
CC:  Hon. Robert Y. Thornton        Mr. Owen M. Panner, Att'y.
     Attorney General               1026 Bond Street
     469 State Office Building      Bend, Oregon 97701
     Portland, Oregon 97201
     Attention:  Henry Kane and     Mr. Don S. Willner, Att'y.
       George Woodworth             905 Corbett Building
                                    Portland, Oregon 97204
     Hon. Sidney I. Lezak
     United States Attorney
     United States Court House
     Portland, Oregon 97205

LAW OFFICES

## McKAY, PANNER, JOHNSON & MARCEAU

1028 BOND STREET

BEND, OREGON 97701

DUNCAN L. McKAY
OWEN M. PANNER
LYMAN C. JOHNSON
RONALD L. MARCEAU
DAVID F. BERGER
DENNIS C. KARNOPP

AREA CODE 503
TELEPHONE 382-3011

December 10, 1968

The Hon. Robert C. Belloni
Federal District Judge
U.S. Courthouse
Portland, Oregon 97200

Dear Judge Belloni:

Enclosed is a proposed Order stating your decision on the Motion
to Intervene of the Confederated Tribes of the Warm Springs Reservation
of Oregon.

Copies of the proposed Order have been sent to all parties in
this action.

Very truly yours,

McKAY, PANNER, JOHNSON & MARCEAU

DAVID F. BERGER

DFB/bc
enclosure

RECEIVED

DEC 1 1968

ROBERT C. BELLONI



ROBERT Y. THOMPSON
ATTORNEY GENERAL
E. G. FOXLEY
DEPUTY ATTORNEY GENERAL
SALEM

PORTLAND OFFICE:
GEORGE S. WOODWORTH
HENRY KANE
ASSISTANT ATTORNEYS GENERAL

*P ut in file*

. STATE OF OREGON
DEPARTMENT OF JUSTICE
469 STATE OFFICE BUILDING
PORTLAND, OREGON 97201
226-2161, EXT. 357, 359
November 19, 1968

Michael L. Morehouse, Esq.
Assistant United States Attorney
District of Oregon
United States Courthouse
Portland, Oregon  97207

      Re: United States of America vs. State
        of Oregon, Civil No. 68-513

Dear Mr. Morehouse:

Your attention is called to paragraph 2 of the above titled complaint.
Paragraph 2 reads:

> "2.  The United States brings this action in its own behalf
> and in behalf of the Confederated Tribes and Bands of the Yakima
> Reservation, hereafter called the Yakima Tribe, the Confederated
> Tribes of the Umatilla Indian Reservation, composed of the Walla
> Walla, Cayuse and Umatilla Bands or Tribes and hereafter called
> the Umatilla Tribe, the Nez Perce Indian Tribe, and all other
> tribes similarly situated, which are tribes or communities of
> Indians recognized as such by the Secretary of the Interior."
> (emphasis supplied)

The emphasized language of paragraph 2 appears to make the complaint a class
action under Rule 23 of the Federal Rules of Civil Procedure as amended
February 28, 1966 and effective July 1, 1966.

Your attention is directed to the MANUAL FOR COMPLEX AND MULTIDISTRICT
LITIGATION, prepared by the Co-ordinating Committee for Multiple Litigation
and approved by the Judicial Conference of the United States.  Inasmuch as
the manual has been approved by the Judicial Conference of the United States
we assume that its recommendations will be followed by this court.  Page 29
of the manual provides:

> "Before proceeding to plan the completion of discovery, the
> court should, whenever feasible, determine the class action issue,
> if any, and the preliminary legal questions the determination of
> which will fix the scope of discovery.  If it is determined that
> there is to be a class action, an opportunity should be given to
> potential additional parties to participate if they are to be
> bound by discovery.  Rule 23, F.R.Civ.P.  After these preliminary
> matters have been determined, planning the completion of discovery
> can proceed."

Michael L. Morehouse, Esq., Nov. 19, 1968, page two

We urge the plaintiff to follow Rule 23, F.R.Civ.P. in order to designate and notify the members of the class for the benefit of the parties and the as yet unidentified class members, and to identify the tribes subject to any decree.

Identification of the class members is important to the defendant because we must know the identity of each member in order to prepare our defense as to each such tribe.

In our telephone discussion of this date, for example, you indicated that the plaintiff considers the Warm Springs Indians to be members of the class, although not so identified in the complaint. We then called your attention to the fact that the off-reservation treaty fishing rights of the Warm Springs Indians under one treaty were terminated by a subsequent treaty.

If the plaintiff intends to include the Warm Springs Indians as a member of the class it will be necessary for the defendant to oppose such designation on the ground that the Warm Springs Indians lack off-reservation treaty fishing rights because of a subsequent treaty between the Indians and the plaintiff.

Determination of any alleged invalidity of the treaty with the Warm Springs Indians terminating the confederation's off-reservation treaty fishing rights would be, in our opinion, a complex separate issue which would have to be adjudicated before the main case may be tried on the merits.

Similarly, our understanding is that the Wy-Am or Celilo Indians who resided at Celilo Falls, Oregon, have no treaty with the plaintiff guaranteeing such Indians off-reservation treaty fishing rights.

On the assumption that the complaint is a class action we believe it is incumbent on the plaintiff to obtain a court order directing the Clerk of the Court to notify members of the class, as determined by the Court, of the filing of the complaint.

Such notification will give the members of the class the opportunity to assert their off-reservation treaty fishing rights and will identify the tribes subject to any decree.

An alternative method of resolving the issue raised by the class action allegations is for the plaintiff to amend the complaint by deleting such allegations and listing only those tribes the plaintiff asserts possess off-reservation treaty fishing rights on the Columbia River and tributaries located within the State of Oregon.

Michael L. Morehouse, Esq., Nov. 19, 1968, page three

Accordingly, we request that the plaintiff either:

1. Comply with the provisions of Rule 23, F.R.Civ.P. and section 2.1 of the MANUAL FOR COMPLEX AND MULTIDISTRICT LITIGATION, or

2. Amend the complaint by deleting the class action allegations and listing only those tribes the plaintiff asserts possess off-reservation treaty fishing rights on the Columbia River and tributaries located within the State of Oregon.

Because of the deadlines for the preparation and trial of this case we respectfully request an early decision on this matter.

Sincerely,

ROBERT Y. THORNTON
Attorney General

Henry Kane
Assistant Attorney General

cc: Hon. Don S. Wilner
Donal D. Sullivan, Esq.
Robert W. Schoning, Esq.
Roy C. Atchison, Esq.
George D. Dysart, Esq.

**WILLNER, BENNETT & LEONARD**
ATTORNEYS AT LAW
CORBETT BUILDING
PORTLAND, OREGON 97204

DON S. WILLNER
ROBERT A. BENNETT
GEORGE D. LEONARD
LILLIAN MEYERS
R. WILLIAM RIGGS

October 25, 1968

TELEPHONE
228-2117

The Honorable Robert C. Belloni
United States District Judge
United States Courthouse
Portland, Oregon

Re: Sohappy vs. Smith

Dear Judge Belloni:

George Woodworth, Assistant Attorney General of Oregon,
tells me that you wish a status report on this case.  I
will be filing at the start of the week, a motion to
consolidate this case with a similar case that was filed
more recently by the United States Attorney.

Respectfully yours,

WILLNER, BENNETT & LEONARD

Don S. Willner

DSW:em
cc: George Woodworth
     Sidney Lezak

RECEIVED
OCT 25 1968
ROBERT C. BELLONI

**WILLNER, BENNETT & LEONARD**
ATTORNEYS AT LAW
CORBETT BUILDING
PORTLAND, OREGON 97204

January 13, 1969

TELEPHONE
228-2117

DON S. WILLNER
ROBERT A. BENNETT
GEORGE D. LEONARD
LILLIAN MEYERS
R. WILLIAM RIGGS

JAN 1⸱ 1969

The Honorable Robert C. Belloni
District Court Judge
United States Court House
Portland, Oregon 97205

    Re: Sohappy, et al vs. Smith, et al, Civil No. 68-409

Dear Judge Belloni:

Enclosed please find a form of order respecting the court's
ruling of January 6, 1969.

                                    Very truly yours,

                                    WILLNER, BENNETT & LEONARD

                                    Robert A. Bennett

RAB:em
encl.
cc:Michael Moorehouse
    Henry Kane
    Mark C. McClanahan
    James Hovis
    Owen Panner
    Robert C. Strom
    David Hood
    Melvin Zarr

ROBERT C. STROM
ATTORNEY AT LAW
120 WEST MAIN
CRAIGMONT, IDAHO 83523
WAVERLY 4-5671

16 January 1969

Hon. Robert C. Belloni
District Court Judge
U. S. Courthouse
Portland, Oregon

Re: United States of America v. State of Oregon
Civil Case No. 68-513

Dear Sir:

Pursuant to the instructions of your letter of January 9, I am enclosing an order granting the motion of the Nez Perce Tribe of Idaho to intervene as party plaintiff in the above entitled case. We have associated Mr. John T. Lewis of the firm of Lewis & Remington, Suite 1 – 502 Washington Street, The Dalles, Oregon 97058 as our Oregon counsel.

Pursuant to your instructions, we are also forwarding copies of this order to all counsel listed in your letter.

Sincerely,

Robert C. Strom

RCS/p
Encl.

## NAMES AND ADDRESSES OF ATTORNEYS OF RECORD

### FOR APPELLANTS.

Lee Johnson,
Attorney General of Oregon
Raymond P. Underwood
Beverly B Hall
Assistant Attorneys General
555 State Office Building
Portland, Oregon 97201

Slade Gorton,
Attorney General of Washington
Paul D. Solomon
James M. Johnson
Attorneys for Intervenor
600 N. Capitol Way
Olympia, Washington 98504

### FOR APPELLEES

Sidney I. Lezak,
United States Attorney
506 U. S. Courthouse
Portland, Oregon 97207

George D. Dysart
Assistant Regional
    Solicitor
U. S. Department of
    Interior
Portland, Oregon 97208

James B. Hovis
P.O. Box 437
Yakima, Washington 98901

Douglas R. Nash
Native American Rights Fund
1506 Broadway
Bolder, Colorado 80302

Arthur Lazarus, Jr.
Suite 1000
Watergate 600
Washington, D. C. 20037

Lloyd W. Weisensee
900 S. W. Fifth Avenue
Portland, Oregon 97204

Frederick L. Noland
1500 Hoge Bldg.
Seattle, Washington 98104

Dennis Karnopp
1026 Bond Street
Bend, Oregon 97701

Darrell L. Cornelius
700 Corbett Bldg.
Portland, Oregon 97204

Sylvia Drew
10 Columbus Circle
N.Y. 10019

## INDEX

Opinion Filed July 8, 1969 — 1

Judgment Filed October 10, 1969 — 23

Motion to Intervene Filed April 17, 1974 — 27

Memorandum of Authorities in Support of Motion to
    Intervene   Filed April 17, 1974 — 29

Pleading in Intervention   Filed April 17, 1974 — 33

Motion for Preliminary Injunction   Filed April 17, 1974 — 37

Affidavit of J. E. Lasater Filed April 17, 1974 — 40

Affidavit of Henry O. Wendler   Filed April 17, 1974 — 50

Notice of Motion for Leave to Intervene and Motion
for Prelimary Injunction   Filed April 17, 1974 — 54

Complaint in Intervention of Columbia River Fishermen's
Protective Union, Ross Lindstrom and Leslie C. Clark
Filed April 25, 1 974 — 56

Petition to Intervene Filed April 25, 1974 — 61

Response of United States of America and Certain Tribes
to State of Washington, Department of Fisheries, Motions
to Intervene and for Prelimary injunction
Filed April 25, 1974 — 66

Response of Yakima Indian Nation to State of Washington,
Department of Fisheries, Motion to Intervene and for
Preliminary Injunction   Filed April 26, 1974 — 89

Affidavit of James B. Hovis Filed April 26, 1974 — 96

Minute entry April 29, 1974 — 103

SoHappy Plaintiffs' Response in Opposition to State
of Washington, Department of Fisheries' Motion to
Intervene;for Preliminary Injunction   Filed April 29,
1974 — 104

Affidavit of J. E. Lasater   Filed April 29, 1974 — 110

Affidavit of James M. Johnson Filed April 29, 1974 — 113

Memorandum to All Counsel dated April 24, 1974
from George H. Boldt, Sr. — 114

Motion for Temporary Restraining Order
Filed April 30, 1974 — 117

Affidavit & findings by the State of Oregon and
Washington in Joint Session   Filed April 30, 1974 — 122

Minute entry dated April 30, 1974 — 129

Resolution  Filed April 30, 1 974 — 130

Temporary Restraining Order   Filed April 30, 1974 — 131

Statement of SoHappy Plaitiffs in Support of Motion to
Dissolve or Modify Restraining Order and for Order
Holding Parties in Contempt  Filed May 2, 1974 — 134

INDEX
VOLUME I, Page I        (pages 1 through 136)
                        U.S.D.C. 68-409, 68-513 SoHappy et al
                        v. U. S. et al

Motion to Disolve or Modify Temporary Restraining
Order with Notice    Filed May 2, 1974
----------------------------------------------------------    137

Affidavit of James B. Hovis    Filed May 2, 1974
----------------------------------------------------------    139

Motion for Order Holding Parties in Contempt with
Notice of Hearing          Filed May 2,1974
----------------------------------------------------------    141

Affidavit of James B. Hovis    Filed    May 2, 1974
----------------------------------------------------------    143

Motion for Preliminary Injunction or Temporary
Restraining Order    Filed May 2, 1974
----------------------------------------------------------    155

Affidavit of Dennis C. Karnopp    Filed May 2, 1974
----------------------------------------------------------    157

Memorandum of Authorities in Support of Motion for
Preliminary Injunction or Temporary Restraining Order
Filed May 2, 1974                                              167

Minute entry    dated May 2, 1974
----------------------------------------------------------    170

SoHappy Pltfs' Statement of Points and Authorities
Filed May 7, 1974                                              171

Yakima Nations Memorandum Re Dissolution of Restraining
Order       Filed May 7, 1974
----------------------------------------------------------    185

Memorandum regarding Standards for State Agency
Filed May 7, 1974                                              191

Intervening Columbia River Fishermen's Protective Union
et al- Memorandum on Establishment of Principles of
Regulation and Restoration of Runs Filed May 7,1974           201

Memorandum of the Confederated Tribes of the Umatilla
Indian Reservation    Filed May 7, 1974
                                                              208

Memorandum of Plaintiff United States of America
Filed May 7, 1 974                                            215

Memorandum on Spring Chinook Salmon Season
Filed May 8, 1974                                             230

Memorandum of the Confederated Tribes of the Warm Springs
Reservation of Oregon in Support of Motion for T emporary
Restraining Order or Prelim. Inj. Filed May 8, 1974      237
----------------------------------------------------------

INDEX
VOLUME I, Page 2      (pages 137 through 251)
                       U.S.D.C. 68-409, 68-513 So Happy et al

1 SLADE GORTON
  Attorney General
2
  PAUL D. SOLOMON
3 Senior Assistant Attorney General

4 JAMES M. JOHNSON
  Assistant Attorney General
5
  Attorneys for Intervenors
6 Washington Department of Fisheries

7 600 No. Capitol Way
  Olympia, WA 98504
8
  Telephone:  AC 206, 753-2498
9

LEE JOHNSON
Attorney General of Oregon
RAYMOND P. UNDERWOOD
Assistant Attorney General
555 State Office Building
Portland, Oregon 97201
229-5533
   Attorney for Defendant
   State of Oregon

U. S. DISTRICT COURT
DISTRICT OF OREGON
FILED

APR 3 0 1974

ROBERT M. CHRIST, Clerk
By _____ DEPUTY

10              UNITED STATES DISTRICT COURT

11              FOR THE DISTRICT OF OREGON

12 RICHARD SOHAPPY, et al.,              )
                                         )
13           Plaintiffs,                 )
                                         )
14 vs.                                   )
                                         )
15 McKEE A. SMITH, EDWARD G. HUFF-       )      CIVIL NO. 68409
   SCHMIDT, J.I. EOFF, Commissioners,    )
16 Oregon Fish Commission; ROBERT W.     )
   SCHONING, Director, Oregon Fish       )
17 Commission, their agents, servants,   )
   employees and those persons in active )
18 concert or participation with them;   )
   JOHN W. McKEAN, Director, Oregon Game )
19 Commission, his agents, servants,     )
   employees and those persons in active )
20 concert or participation with him,    )
                                         )
21           Defendants.                 )
                                         )
22 UNITED STATES OF AMERICA,             )
                                         )
23           Plaintiff,                  )
                                         )
24 vs.                                   )      CIVIL NO. 68513
                                         )
25 STATE OF OREGON, Defendant,           )
                                         )
26           and                         )
                                         )
27 THE CONFEDERATED TRIBES OF THE WARM   )
   SPRINGS RESERVATION OF OREGON; CON-   )
28 FEDERATED TRIBES & BANDS OF THE YAKIMA)
   INDIAN NATION; CONFEDERATED TRIBES OF )
29 THE UMATILLA INDIAN RESERVATION; and  )
   NEZ PERCE TRIBE OF IDAHO,             )
30                                       )
             Intervenors.                )
31

32              TEMPORARY RESTRAINING ORDER

Page

LEE JOHNSON, ATTORNEY GENERAL
STATE OFFICE BUILDING
PORTLAND, OREGON 97201
TELEPHONE 229-5725

1        Upon consideration of the motion for temporary

2    restraining order filed herein on this 30th day of April, 1974,

3    the allegations of which were verified by affidavit of Henry

4    Wendler and Jack Shield, dated April 30, 1974, together with

5    the affidavits of the attorneys for petitioners, dated

6    April 30, 1974, it appears to the court,

7        That the States of Washington and Oregon are and

8    will be suffering irreparable injury in that the fishing

9    activities and the encouraging of fishing activities of the

10   parties sought to be restrained will take fish from the

11   Columbia River and its tributaries in large numbers before

12   necessary escapement for spawning has been achieved and at

13   times when such escapement is not assured.

14       That it appearing from sworn affidavits before the

15   court and because of the foregoing petitioners will suffer

16   irreparable injury, loss and damage unless the temporary

17   restraining order be granted as prayed, it is by the court

18   at _5:00 pm_ this _30_ day of _April_ ordered that ~~Richard~~

19   ~~Sohappy, Aleck Sohappy, David Sohappy, Myra Sohappy, Clara S.~~

20   ~~Sohappy, James Alexander, Leo Alexander, Clifford Alexander,~~

21   ~~Henry J. Alexander, Andrew Jackson, Roy Watlamet, Shirley~~

22   ~~McConville and Clarence Tahkeal, and the Confederated Tribes~~

23   ~~of the Warm Springs Reservation of Oregon,~~ Confederated

    _Confederated_

24   Tribes & Bands of the Yakima Indian Nation, ~~Confederated~~

25   ~~Tribes of the Umatilla Indian Reservation, and Nez Perce~~

26   ~~Tribe of Idaho, Intervenors~~, and all agents of those parties

27   and all members of those tribes and all persons in active

28   concert or participation with them, be and they hereby are

29   restrained and enjoined from fishing in the Columbia River

30   and its tributaries, excepting sport fishing pursuant to

31   the laws and regulations of the State of Washington or the

32   State of Oregon and subsistence and ceremonial fishing as

Page    2 - TEMPORARY RESTRAINING ORDER

LEE JOHNSON, ATTORNEY GENERAL
STATE OFFICE BUILDING
PORTLAND, OREGON 97201
TELEPHONE 229-5725

1   permitted by the laws and regulations of the State of

2   Washington or the State of Oregon and to restrain each and

3   all of them from encouraging such fishing as so enjoined.

4         IT IS FURTHER ORDERED THAT this temporary

5   restraining order expire on the 11ᵗʰ day of MAY,

6   unless extended by order of this court.

7   effective , May  @ 12:00 noon.

8

9                                    JUDGE

10  parties sought to be restrain

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

LEE JOHNSON, ATTORNEY GENERAL
STATE OFFICE BUILDING
PORTLAND, OREGON 97201
TELEPHONE 229-5725

Page  3 - TEMPORARY RESTRAINING ORDER

133

# DISTRICT OF OREGON

## CIVIL MINUTES — GENERAL

Case No. 68=409 - 68-513

Date April 29, 1974

Title Richard Sohappy et al v. McKee A. Smith et al - U.S.A. v. State of Oregon

### DOCKET ENTRY

Record of hearing motion of Washington Game Comm. for leave to intervene. Ordered said motion denied. Ordered State of Washington's oral motion for leave to intervene granted. Formal motion to be filed. Ordered State of Washington's motion for preliminary injunction denied. Ordered gillnetters' motion for leave to intervene set for hearing May 13, 1974. (RCB)

### PRESENT:

HON. ROBERT C. BELLONI , JUDGE

D. E. Marsh
**Deputy Clerk**

Joseph F. McCloskey III
**Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**

George D. Dysart (U.S.A.)
Sidney I. Lezak (U.S.A.)
James B. Hovis (Yakima Tribe)
Douglas Nash (Umatilla Tribe)
Robert C. Strom (Nez Perce Tribe)
Dennis C. Karnopp (Warm Springs Tribes)
Tim Weaver (Yakima Tribe)
Frederick Noland (Sohappy plaintiffs)
Darrell L. Cornelius (Sohappy plaintiffs)

**ATTORNEYS PRESENT FOR DEFENDANTS:**

James Johnson (State of Washington)
Ray Underwood (State of Oregon)

Lloyd W. Weisensee - (Columbia River Fish etc. Gillnetters)

**PROCEEDINGS:**

see above.

MINUTES FORM 11
CIVIL — GEN

D — M

Initials of Deputy Clerk _____

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES — GENERAL

Case No. 68-513 - 68-409

Date April 30, 1974

Title Sohappy v. Smith - U.S.A. v. Oregon

DOCKET ENTRY

Record of hearing Oregon and Washington's motion for temporary restraining order.  Ordered motion granted. (RCB)

PRESENT:

HON. ROBERT C. BELLONI , JUDGE

D. E. Marsh
Deputy Clerk

Joseph F. McCloskey III
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

Sidney I. Lezak    (U.S.A.)
George Dysart      (U.S.A.)
James B. Hovis     (Yakima Indians)
Robert C. Strom    (Nez Perce Indians)
Dennis C. Karnopp  (Warm Springs Indians)
Douglas Nash       (Umatilla Indians)

ATTORNEYS PRESENT FOR DEFENDANTS:

James M. Johnson  (Washington)
Ray Underwood     (Oregon)

Lloyd W. Weisensee - Gillnetters

PROCEEDINGS:

see above.

MINUTES FORM 11
CIVIL — GEN

D — M

Initials of Deputy Clerk _____

U. S. DISTRICT COURT
DISTRICT OF OREGON
FILED

JUL 8 1969

DON... ...IVAN, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD SOHAPPY; ALECK SOHAPPY; DAVID )
SOHAPPY; MYRA SOHAPPY; CLARA S. SOHAPPY; )
JAMES ALEXANDER; JAMES ALEXANDER, JR; )
LEO ALEXANDER; CLIFFORD ALEXANDER; HENRY )
J. ALEXANDER  ANDREW JACKSON; ROY WATLAMET; )
SHIRLEY McCONVILLE and CLARENCE TAHKEAL, )
                                         )
                         Plaintiffs     )  CIVIL NO.
                                         )        68-409
v.                                       )
                                         )
McKEE A. SMITH, EDWARD G. HUFFSCHMIDT,   )
J.I. EOFF, Commissioners, Oregon Fish    )
Commission; ROBERT W. SCHONING, Director, )
Oregon Fish Commission, their agents,    )
servants, employees and those persons in )
active concert or participation with them; )
JOHN W. McKEAN, Director, Oregon Game    )
Commission, his agents, servants, employees )
and those persons in active concert or   )
participation with him,                  )
                                         )
                         Defendants      )
                                         )
_____)
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                         Plaintiff       )
                                         )
v.                                       )  CIVIL NO.
                                         )        68-513
STATE OF OREGON                          )
                                         )
                         Defendant       )
                                         )
v.                                       )
                                         )
THE CONFEDERATED TRIBES OF THE WARM SPRINGS )
RESERVATION OF OREGON; CONFEDERATED TRIBES )
& BANDS OF THE YAKIMA INDIAN NATION;     )
CONFEDERATED TRIBES OF THE UMATILLA INDIAN )  O P I N ...
RESERVATION; and NEZ PERCE TRIBE OF IDAHO, )
                                         )
                         Intervenors     )

1 - OPINION

1

| | |
|---|---|
| **Attorneys for United States of America:** | **Attorneys for Plaintiffs in 68-409** |

Sidney I. Lezak
United States Attorney
Michael L. Morehouse
Assistant United States Attorney
District of Oregon
506 United States Courthouse
Portland, Oregon, 97207

George D. Dysart
Assistant Regional Solicitor
United States Dept. of Interior
P.O. Box 3621
Portland, Oregon, 97208

**Attorney for Yakima Indian Nation:**

James B. Hovis
P.O. Box 433
Yakima, Washington 98902

**Attorneys for Warm Springs Tribe:**

Owen M. Panner
David F. Berger
1026 Bond Street
Bend, Oregon 97701

**Attorneys for Umatilla Tribe:**

Mark C. McClanahan
Dean D. DeChaine
King, Miller, Anderson,
Nash & Yerke
1200 American Bank Bldg.
Portland, Oregon 97205

**Attorneys for Nez Perce Tribe of Idaho:**

Arthur Lazarus, Jr.
1700 K Street N.W.
Washington, D.C. 20006

Robert C. Strom
Box 155
Craigmont, Idaho 83523

John T. Lewis
Box 306
The Dalles, Oregon 97058

Robert A. Bennett
Willner, Bennett & Leonard
900 Corbett Building
Portland, Oregon, 97204

Jack Greenberg
Melvyn H. Zarr
National Office for the
Rights of the Indigent
10 Columbus Circle
New York, New York 10019

David R. Hood
MacDonald, Hoague & Bayless
1500 Hoge Building
Seattle, Washington 98104

Donald J. Horowitz
Farris, Bangs & Horowitz
1605 IBM Building
Seattle, Washington 98101

Ralph W. Johnson
School of Law
University of Washington
Seattle, Washington 98105

**Attorneys for Defendants in both cases:**

Robert Y. Thornton
Attorney General
George S. Woodworth
Henry Kane
Assistant Attorneys
General
469 State Office Bldg.
Portland, Oregon 97201

Roy C. Atchison
Assistant Attorney General
1634 S.W. Alder Street
Portland, Oregon 97208

2 - OPINION

FPI SANDSTONE—
11-3-65—75M—558

BELLONI, Judge:

Fourteen individual members of the Confederated Tribes and Bands of the Yakima Indian Nation filed case No. 68-409 against the members and director of the Fish Commission of the State of Oregon and the Oregon State Game Commission. They seek a decree of this court defining their treaty right "of taking fish at all usual and accustomed places" on the Columbia River and its tributaries and the manner and extent the State of Oregon may regulate Indian fishing.

Shortly thereafter the United States on its own behalf and on behalf of the Confederated Tribes and Bands of the Yakima Reservation, the Confederated Tribes and Bands of the Umatilla Reservation composed of the Walla Walla, Cayuse and Umatilla Bands or Tribes, the Nez Perce Indian Tribe and "all other tribes similarly situated" filed Case No. 68-513. Upon their individual motions the Warm Springs tribe, the Yakimas, the Umatillas and the Nez Perce Tribe were permitted to intervene in their own behalf. Following the intervention of the Warm Springs Tribe and upon the inability of government counsel to identify any other tribes who were "similarly situated", the State's motion to strike the reference to such other tribes was granted.

Sohappy v. Smith is brought pursuant to 28 USC §1331(a). United States v. Oregon is pursuant to 28 USC §1345. In each case the matter in controversy exceeds $10,000. Declaratory judgments are sought pursuant to 28 USC §2201. By order of this court the proceedings were consolidated for pre-trial procedures and for trial. Fed R Civ P 42(a).

3 - OPINION

In both actions the defendants moved that the cases be heard by a three-judge court pursuant to 28 USC §2281 and that the actions be dismissed for failure to join the State of Washington as an indispensable party pursuant to Rule 19. Defendants also moved to dismiss No. 68-409 as being a suit against the state in contravention of the Eleventh Amendment of the United States Constitution, and for lack of plaintiffs' standing to sue as individuals. All of the foregoing motions were denied. These cases challenge the validity of certain Oregon Statutes and regulations under the Supremacy Clause of the Constitution of the United States as being contrary to certain treaties of the United States. U.S. Const. Article VI, Clause 2. A three-judge court is not authorized in these cases. Swift & Co. v. Wickham, 382 U.S. 111 (1965); Jehovah's Witnesses in State of Washington v. King County Hospital, et al, 278 F. Supp. 488 (W.D. Wash. 1967), aff'd 390 U.S. 598 (1968); Ness Produce Co. v. Short, 263 F. Supp 586 (D. Or. 1966), aff'd 385 U.S. 537 (1967). Neither the State of Washington nor any official thereof is an indispensable party to these actions. Fed. R. Civ. P. 19; Provident Tradesmen's Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968). No. 68-409 is not a suit against the State of Oregon and is not barred by the Eleventh Amendment of the United States Constitution. Ex parte Young, 209 U.S. 123 (1908); Georgia Railroad and Banking Co. v. Redwine, 342 U.S. 299 (1952). The individual plaintiffs in No. 68-409 have an interest in the controversy and have standing to maintain that action to assert that interest.

By agreement of the parties, the cases were heard by the court without a jury and certain issues were segregated for separate hearings and determination. This

4 - OPINION

opinion deals with those issues.

In 1855 the United States negotiated separate treaties with each of the above named Indian tribes. These treaties were ratified and proclaimed by the United States in 1859. Treaty of June 9, 1855, with the Yakima Tribe (12 Stat. 951); Treaty of June 25, 1855, with the Tribes of Middle Oregon (12 Stat. 963); Treaty of June 9, 1855, with the Umatilla Tribe (12 Stat. 945); Treaty of June 11, 1855, with the Nez Perce Tribe (12 Stat. 957). Each of these treaties contained a substantially identical provision securing to the tribes "the right of taking fish at all usual and accustomed places, in common with the citizens of the Territory."

Most of the argument has centered around the state's interpretation of that provision. It believes that it gives the treaty Indians only the same rights as given to all other citizens. Such a reading would not seem unreasonable if all history, anthropology, biology, prior case law and the intention of the parties to the treaty were to be ignored.

I will review some of these factors and declare the rights of the parties.

Subsequent to the execution of the treaties and in reliance thereon the members of said four tribes have continued to fish for subsistence and commercial purposes at their usual and accustomed fishing places. Such fishing provided and still provides an important part of their subsistence and livelihood. Both prior to and subsequent to the treaties, the Indians used a variety of means to take fish, including various types of nets, weirs and gaff hooks.

The policy of the United States to extinguish

5 - OPINION

Indian rights in the Oregon Territory by negotiation rather than by conquest was firmly established in the Act of August 14, 1848 (9 Stat. 323) which established the Oregon Territory. That act declared that nothing in it "shall be construed to impair the rights of persons or property now pertaining to the Indians in said Territory, so long as such rights shall remain unextinguished by treaty between the United States and such Indians. *** ." The act also extended to the Oregon Territory the provisions of the Northwest Ordinance of 1787 which provided, among other things, that "good faith shall always be observed toward the Indians; their lands and property shall never be taken from them without their consent." (1 Stat. 51, Note a)

The treaties with which we are here concerned are parts of the result of that policy. They are not treaties of conquest but were negotiated at arm's length. The word of the United States was pledged. Today, some 114 years later, all of the parties to those treaties are in essential agreement as to their meaning and they have joined in asking this court to confirm that construction. Only the State of Oregon, successor to many of the rights of the United States, disagrees with the interpretation which the parties to the treaties assert here.

It hardly needs restatement that Indian treaties, like international treaties, entered into by the United States are part of the supreme law of the land which the states and their officials are bound to observe. United States v. 43 Gallons of Whiskey (United States v. Lariviere et al), 93 U.S. (3 Otto) 188 (1876); Worcester v. Georgia, 31 U.S. (6 Peters) 515 (1832). The Supreme Court has on numerous occasions noted that while the courts cannot vary the plain language of an Indian treaty, such treaties are to

6 - OPINION

be construed:

> "as 'that unlettered people' understood it,
> and, 'as justice and reason demand in all
> cases where power is exerted by the strong
> over those to whom they owe care and protection,'
> and counterpoise the inequality 'by the
> superior justice which looks only to the
> substance of the right, without regard to
> technical rules, Choctaw Nation v. United
> States, 119 U.S. 1, 30 L. Ed. 306, 7 Sup. Ct.
> Rep. 75; Jones v. Meehan, 175 U.S. 1, 44 L. Ed.
> 49, 20 Sup. Ct. Rep. 1.' United States v. Winans,
> supra. [198 U.S. 371, 49 L. Ed. 1089, 25 Sup.
> Ct. Rep. 662]" Northern Pacific Railway Co.
> v. United States, 227 U.S. 355, 366 (1913).

> "It is our responsibility to see that the
> terms of the treaty are carried out, so far
> as possible, in accordance with the meaning
> they were understood to have by the tribal
> representatives at the council and in a spirit
> which generously recognizes the full obligation
> of this nation to protect the interests of a
> dependent people." Tulee v. Washington,
> 315 U.S. 681, 684 (1942).

The Columbia River has long been one of the world's major producers of salmonid fish. Several species of salmon and steelhead trout inhabit the river and its tributaries. They are spawned in the tributaries, headwaters and main-stem, migrate to the Pacific Ocean where they spend the bulk of their adult life, return generally to the river or stream of their origin, spawn, and, in case of salmon, die. From aboriginal times these salmon and steelhead have been a highly prized source of food. They are also a major recreational attraction to sports fishermen.

From the earliest known times, up to and beyond the time of the treaties, the Indians comprising each of the intervenor tribes were primarily a fishing, hunting and gathering people dependent almost entirely upon the natural animal and vegetative resources of the region for their subsistence and culture. They were heavily dependent upon such fish for their subsistence and for trade with other tribes and later with the settlers. They cured and

7 - OPINION

dried large quantities for year around use.  With the advent of canning technology in the latter half of the 19th Century the commercial exploitation of the salmonid resource by non-Indians increased tremendously.  Indians, fishing under their treaty-secured rights, also participated in this expanded commercial fishery and sold many fish to non-Indian packers and dealers.

During the negotiations which led to the signing of the treaties the tribal leaders expressed great concern over their right to continue to resort to their fishing places and hunting grounds.  They were reluctant to sign the treaties until given assurances[1] that they could continue to go to such places and take fish and game there. The official records of the treaty negotiations prepared by the United States representatives reflect this concern and also the assurances given to the Indians on this point as inducement for their acceptance of the treaties.

The Supreme Court has recently restated the nature of the non-exclusive off-reservation fishing rights secured by these Indian treaties.  In Puyallup Tribe, et al v. Department of Game, et al, 391 U.S. 392 (1968), it declared:

> "The right to fish 'at all usual and accustomed places' may, of course, not be qualified by the State, even though all Indians born in the United States are now citizens of the United States. *** But the manner of fishing, the size of the take, the restriction of commercial fishing, and the like may be regulated by the State in the interest of conservation, provided the regulation meets appropriate standards and does not discriminate against the Indians."

---

1/  At the time of presenting the treaty to the Cayuse, Walla Walla and Nez Perce for signing, Governor Stevens prompting a reluctant Nez Perce Chief stated: "Looking Glass knows that he can ..... catch fish at any of the fishing stations."  Record of Proceedings Walla Walla Valley Treaty Council June 9th, 1855, p. 145

8 - OPINION

FPI SANDSTONE—
11-3-65—765M—558

The Court referred to its earlier decisions in
Tulee v. Washington , 315 U.S. 681 (1942), and United States
v. Winans, 198 U.S. 371 (1905) and affirmed the view that
to the extent "necessary for the conservation of the fish"
the state could exercise its police power to impose
appropriate restrictions on the time and manner of fishing
that did not discriminate against the Indians.

It will facilitate an understanding of the issues
involved in these cases if we note briefly certain points
that are not here in issue.  None of the plaintiffs or
intervenor tribes denies the jurisdiction of the State of
Oregon to regulate Indian exercise of these off-reservation
fishing rights.  Nor do they deny the need for regulation
of Indian commercial fishing on the Columbia River to
protect fish stocks.  As the issue is stated in the
Government's brief, "The concept of necessary regulation
we accept, and we accept the states as being one class of
agents of the public to determine and administer such
regulations -- provided they act with due regard to their
responsibilities under the laws of this land, including
these treaties."

The issue in these cases concerns the limitation
on the state's power to regulate the exercise of the
Indians' federal treaty right.  At least three such
limitations are indicated by the Supreme Court in its
Puyallup decision.  First, the regulation must be "necessary
for the conservation of the fish."  Second, the state
restrictions on Indian treaty fishing must "not discriminate
against the Indians."  And third, they must meet "appropriate
standards."

The regulations and policies heretofore applied
by the state's regulatory and enforcement agencies have

9- OPINION

FPI SANDSTONE—
11-3-65—75M—558

9

been premised upon the belief that, except for a right of access over private lands and exemption from the payment of license fees, the treaties afforded the Indians no rights beyond those accorded under the Fourteenth Amendment of the United States Constitution and under Article 1, Section 20, of the Oregon Constitution. The state argues that its regulatory scheme complies with the treaty requirements so long as the specific regulations applicable at any particular time or place impose no greater restriction on Indians fishing at such time or place than are imposed upon others fishing there. The state contends that the Indians' right to take fish at their usual and accustomed places is not a right that must be given any separate recognition or protection or be separately dealt with in the state's regulatory scheme. It argues that it may, in the interest of conservation, impose any restriction on treaty Indians fishing at their usual and accustomed places which it may impose upon non-Indians fishing at those same locations, even to the point of completely closing certain such areas to all forms of commercial fishing. It further argues, on the basis of its reading of a number of federal court decisions, including Puyallup Tribe, et al v. Department of Game, supra, that it may not allow Indians to fish at their usual and accustomed places in any manner or at any time that it does not similarly allow non-Indians to fish at those same locations. There is no support in any of these federal cases for any such narrow interpretation of the state's authority to distinguish between the regulation of Indian treaty-protected fishing and that of fishing by others.

The plaintiffs and intervenor tribes contend that before Oregon may regulate the taking and disposition of

10 - OPINION

fish by treaty Indians at their usual and accustomed

fishing places:

> "(a) It must establish preliminary to
> regulation that the specific proposed
> regulation is both reasonable and necessary
> for the conservation of the fish resource.
> In order to be necessary, such regulations
> must be the least restrictive which can be
> imposed consistent with assuring the necessary
> escapement of fish for conservation purposes;
> the burden of establishing such facts is on the
> state.

> "(b) Its regulatory agencies must deal with
> the matter of the Indians' treaty fishing
> as a subject separate and distinct from that
> of fishing by others. As one method of
> accomplishing conservation objectives it
> may lawfully restrict or prohibit non-Indians
> fishing at the Indians' usual and accustomed
> fishing places without imposing similar
> restrictions on treaty Indians.

> "(c) It must so regulate the taking of fish
> that the treaty tribes and their members
> will be accorded an opportunity to take,
> at their usual and accustomed fishing places,
> by reasonable means feasible to them, a fair
> and equitable share of all fish which it
> permits to be taken from any given run."

They also contend that ORS 511.106 (1), 506.006 (4), and

certain orders of the Fish Commission establishing closed

areas or seasons above Bonneville Dam may not be applied

so as to prevent Indians from taking fish at their usual

and accustomed places east of the confluence of the Columbia

and Deschutes River under their treaty rights because such

application is not reasonable and necessary for conservation

and constitutes an arbitrary and unreasonable total pro-

hibition against the exercise of such treaty rights. In

addition, they contend that such application of the

regulations violates ORS 506.045.

As is discussed more fully below, I believe that

these contentions of the plaintiffs and the tribes correctly

state the law applicable to state regulation of the Indians'

federal treaty right.

11 - OPINION

FFI SANDSTONE—
11-3-65—75M—558

Under Oregon law responsibility for the management of the fish resources of the state is divided between the Fish Commission and the Game Commission, with the former having exclusive jurisdiction over all fish other than game fish.  ORS 506.040.  The Game Commission has jurisdiction over game fish.  ORS 496.160.  Salmon and steelhead are food fish except when taken by angling, in which case they are classified as game fish.  Subject to certain statutory limitations, the Fish Commission and Game Commission are each given broad authority to regulate the times, places and manner of taking fish and the possession and disposition of fish in waters or areas under the state's jurisdiction.  One such statutory limitation, dating back to 1901 and presently contained in ORS 511.106(1) permanently closes the area east of the confluence of the Columbia and Deschutes Rivers to any fishing by any means other than angling.

The defendants' narrow interpretation of the Indians' rights under the treaties has been consistently rejected by the higher federal courts.  Puyallup Tribe et al v. Department of Game et al, supra; Tulee v. Washington, supra, Holcomb v. Confederated Tribes of the Umatilla Indian Reservation, 382 F 2d 1013 (1967); Maison v. Confederated Tribes of the Umatilla Indian Reservation, 314 F 2d 169 (9th Cir 1963), cert. denied 375 U.S. 829 (1963); Makah Indian Tribe v. Schoettler, 192 F 2d 224 (9th Cir 1951).  The question was most recently examined by the Supreme Court in Puyallup Tribe et al v. Department of Game et al, supra, where, as previously noted, certain limitations on the state's regulatory authority over this federal right were mentioned.  We turn now to a discussion of those limitations.

The parties place differing interpretations on

12 - OPINION

FPI SANDSTONE—
11-3-65—75M—558

the limitations on state authority inherent in the require-
ment that the state restriction on treaty-referenced
fishing must be "necessary for the conservation of the
fish."

By this reference the Supreme Court was undoubtedly
speaking of conservation in the sense of perpetuation or
improvement of the size and reliability of the fish runs.
It was not endorsing any particular state management
program which is based not only upon that factor but also
upon allocation of fish among particular user groups or
harvest areas, or classification of fish to particular
uses or modes of taking.

The state may regulate fishing by non-Indians
to achieve a wide variety of management or "conservation"
objectives.  Its selection of regulations to achieve these
objectives is limited only by its own organic law and
the standards of reasonableness required by the Fourteenth
Amendment.  But when it is regulating the federal right
of Indians to take fish at their usual and accustomed
places it does not have the same latitude in prescribing
the management objectives and the regulatory means of
achieving them.  The state may not qualify the federal
right by subordinating it to some other state objective
or policy.  It may use its police power only to the extent
necessary to prevent the exercise of that right in a manner
that will imperil the continued existence of the fish
resource.  The measure of the legal propriety of a
regulation concerning the time and manner of exercising
this "federal right" is, therefore, "distinct from the
federal constitutional standard concerning the scope of
the police power of the state."  Puyallup Tribe et al
v. Department of Game et al, supra, F.N. 14, p. 402.  To

13 - OPINION

FPI SANDSTONE—
12-1-68—75M—1192

prove necessity, the state must show there is a need to
limit the taking of fish and that the particular regulation
sought to be imposed upon the exercise of the treaty right
is necessary to the accomplishment of the needed limitation.
This applies to regulations restricting the type of gear
which Indians may use as much as it does to restrictions
on the time at which Indians may fish.

Oregon's conservation policies are concerned with
allocation and use of the state's fish resource as well as
with their perpetuation.  It has divided the regulatory and
promotional control between two agencies -- one concerned
with the protection and promotion of fisheries for sports-
men (ORS 496.160) and the other concerned with protection
and promotion of commercial fisheries (ORS 506.036).  The
regulations of these agencies, as well as their extensive
propagation efforts, are designed not just to preserve the
fish but to perpetuate and enhance the supply for their
respective user interests.  This is shown not only in the
documentary evidence in this case but in the deposition
testimony of Fish Commission personnel.

The Director of the Fish Commission testified
as follows:

> "Q.  Now, isn't it true that in fixing seasons,
> establishing gear limitations and the like
> below the escapement goal point, wherever it is,
> what the Fish Commission is doing really is
> only deciding where the harvestable portion
> of the run is to be caught?
>
> "A.  That is one of the things we are doing.
> We are also more accurately assuring that we
> might get the escapement.
>
> "***
>
> "Q.  Paraphrasing from what you said a moment ago,
> would it not be best to have one regulatory
> agency regulate both the offshore landing,
> sports control and also the in-river landings,
> both commercial, gill and Indian and sports?

14 - OPINION

"A. It's been our stated position that a single resource such as anadromous fish could best be managed by a single entity.

"Q. Correct. Now, if a single entity has that authority and that responsibility, is it not true that that single entity must make some determination between the various user groups or taking groups as to what percentage or what use or what landing of the resource that this particular user group may make of it?

"A. In some way, deliberately or inadvertently, this decision must be made." (Schoning Dep. Ex. 45 Vol. III, pp 44, 90-91) (Emphasis supplied)

The research biologist and project leader for the Commission's Columbia River investigations testified:

"Q. Now, these people that fish in the lower river, if you open up an area above Bonneville Dam, and consequently have to reduce the fishing that is done below Bonneville Dam and still maintain the escapement goal, a run that will reach your escapement goal, by setting the length of season at various places along the river, in effect, you are determining who catches the fish, aren't you?

"A. To some extent, I am sure we are. Every regulation we set for fishermen below Bonneville, someone objects to it; because they feel they are being discriminated against because there are more fish going out of Astoria, and they have to fish up at Portland. So, many fish up at Astoria and some fish up around Corbett.

"***

"Q. Isn't it your experience at these meetings with the Washington Department of Fisheries and the Oregon Fish Commission, that they try in some manner to come up with a regulation that is not unpopular?

"A. I think as much as possible if you could still achieve the escapement goal. They try to accomodate as many people as possible just within the authority and within their responsibility as they see it and maintain the resource. They try to do it. I think it is a fair statement.

"***

"Q. You also have to take into consideration those compromises among those different people that are dissatisfied that you mentioned earlier?

"A. I don't personally. The Commission does." (Oakley Dep., Ex. A-46 pp 58-59, 60-61, 62) (Emphasis supplied)

15 - OPINION

1    There is no evidence in this case that the defend-
2  ants have given any consideration to the treaty rights of
3  Indians as an interest to be recognized or a fishery to
4  be promoted in the state's regulatory and developmental
5  program.  This same discriminatory aspect of the state's
6  conservation policy was recognized earlier by the court of
7  appeals in Maison v. Confederated Tribes of the Umatilla
8  Reservation , 314 F 2d at 173.
9    The parties also place widely differing inter-
10  pretations upon the Supreme Court's criteria that the state's
11  restriction on the time and manner of fishing by treaty
12  Indians must not discriminate against the Indians.  The
13  state believes that this means only that each law or
14  regulation must be equally applicable to Indian and non-
15  Indian.  The United States, on the other hand, contends
16  that the state's over-all regulation of the fishery must
17  not discriminate against the Indians' exercise of their
18  treaty rights in favor of the taking of fish by others at
19  other locations -- that it is the treaty right which must
20  be given equal protection with other interests in the
21  state's regulatory scheme.  It says that in the case of
22  anadromous fish the total impact of the state's regulations
23  on the entire run as it proceeds through the area of the
24  state's jurisdiction must be considered; that a non-
25  discriminatory set of regulations requires that treaty
26  Indians be given an opportunity to catch fish at their
27  usual and accustomed places equal to that of other users
28  to catch fish at locations preferred by them or by the
29  state.
30    In considering the problem of salmon and steel-
31  head conservation in the Columbia River and its tributaries,
32  it is necessary to consider the entire Columbia River
system.  The off-shore fishery in the Pacific Ocean has

some effect on the numbers of fish that enter the river.
The salmon and steelhead that enter the Columbia River are
anadromous fish and spend much of their adult life in the
Pacific Ocean.  Therefore, they must pass as fingerlings
down the Columbia River to the sea; and as adults they must
pass up the Columbia River into the particular tributary
or area where they spawn.

One of the principal tools which the states of
Oregon and Washington use for managing most runs of the
anadromous fish resources of the Columbia River system is
the "escapement goal."  This goal is set by the Fish
Commission, generally in conjunction with the Washington
Department of Fisheries, as being the estimated numbers of
fish which must escape above all commercial fishing in
order that, considering all factors which influence the
matter above that point, the greatest aggregate numbers
of fish from such fish run will be produced and return
down the Columbia to the Pacific Ocean.  In establishing
the escapement goal for a particular run the Fish
Commission and its biological staff consider the losses
which will occur above the escapement goal point from all
causes, including natural causes, losses at dams and the
sports catch on the upstream and tributaries in Oregon,
Washington and Idaho.  All the estimated numbers of fish
in a given run in excess of the escapement goal are
regarded by the Fish Commission as harvestable.

The state regulates fishing within its borders
from the Continental Shelf to the upper limits of the river
and its tributaries.  It manages its resources to allow the
harvest to be taken on whatever portions of the river it
desires.  It must manage the over-all fish run in a way
that does not discriminate against the treaty Indians as it

17 - OPINION

has heretofore been doing.  Oregon recognizes sports

fishermen and commercial fishermen and seems to attempt

to make an equitable division between the two.  But the

state seems to have ignored the rights of the Indians who

acquired a treaty right to fish at their historic off-

reservation fishing stations.  If Oregon intends to maintain

a separate status of commercial and sports fisheries, it

is obvious a third must be added, the Indian fishery.  The

treaty Indians, having an absolute right to that fishery,

are entitled to a fair share of the fish produced by the

Columbia River system.

        The Supreme Court has said that the right

to fish at all usual and accustomed places may not be

qualified by the state.  <u>Puyallup Tribe et al v. Department

of Game, et al</u> , supra, p. 398.  I interpret this to mean

that the state cannot so manage the fishery that little or

no harvestable portion of the run remains to reach the

upper portions of the stream where the historic Indian

places are mostly located.

        It is clear that the state has the full and

complete power to regulate all kinds of fishing, including

the Indian fishery, to the end that the resource is

preserved.  There is no reason to believe that a ruling

which grants the Indians their full treaty rights will

affect the necessary escapement of fish in the least.

The only effect will be that some of the fish now taken

by sportsmen and commercial fishermen must be shared with

the treaty Indians, as our forefathers promised over a

hundred years ago.

        In prescribing restrictions upon the exercise

of Indian treaty rights the state may adopt regulations

18 - OPINION

permitting the treaty Indians to fish at their usual and accustomed places by means which it prohibits to non-Indians.  Maison v. Confederated Tribes of the Umatilla Indian Reservation, supra.  While the treaties do not give the Indians the right to insist that the state restrict non-Indians to a greater degree than it restricts Indians, neither do they limit the state's authority to restrict non-Indian fishing.

In determining what is an "appropriate" regulation one must consider the interests to be protected or objective to be served.  In the case of regulations affecting Indian treaty fishing rights the protection of the treaty right to take fish at the Indians' usual and accustomed places must be an objective of the state's regulatory policy co-equal with the conservation of fish runs for other users.  The restrictions on the exercise of the treaty right must be expressed with such particularity that the Indian can know in advance of his actions precisely the extent of the restriction which the state has found to be necessary for conservation.  Cf. Winters v. New York, 333 U.S. 507, 515 (1948); Cline v. Frink Dairy Company, 274 U.S. 445, 465 (1927); United States v. Reese, 92 U.S. 214, 221 (1875).

This court cannot prescribe in advance all of the details of appropriate and permissible regulation of the Indian fishery, nor do the plaintiffs ask it to.  As the Government itself acknowledges, "proper anadromous fishery management in a changing environment is not susceptible of rigid pre-determination.  * * * the variables that must be weighed in each given instance make judicial review of state action, through retention of continuing jurisdiction, more appropriate than overly-detailed judicial predeter-mination."  The requirements of fishery regulation are

19 - OPINION

such that many of the specific restrictions, particularly
as to timing and length of seasons, cannot be made until
the fish are actually passing through the fishing areas
or shortly before such time.  Continuing the jurisdiction
of this court in the present cases may, as a practical
matter, be the only way of assuring the parties an
opportunity for timely and effective judicial review of
such restrictions should such review become necessary.

I also do not believe that this court should at
this time and on this record attempt to prescribe the
specific procedures which the state must follow in
adopting regulations applicable to the Indian fishery.
The state must recognize that the federal right which the
Indians have is distinct from the fishing rights of others
over which the state has a broader latitude of regulatory
control and that the tribal entities are interested parties
to any regulation affecting the treaty fishing right.  They,
as well as their members to whom the regulations will be
directly applicable, are entitled to be heard on the subject
and, consistent with the need for dealing with emergency
or changing situations on short notice, to be given
appropriate notice and opportunity to participate meaning-
fully in the rule-making process.

This does not mean that tribal consent is required
for restrictions on the exercise of the treaty rights.  As
the Supreme Court has stated on several occasions, the
state's police power gives it adequate authority to regulate
the exercise of the treaty-secured Indian off-reservation
fishing rights, provided its regulations meet the standards
which that court has prescribed.

It is not necessary at this time, and it would be
inappropriate on this record, to determine the extent, if

20 - OPINION

FPI SANDSTONE—
12-1-66—75M—1192

any, of the authority of the Federal Government or of the
intervenor tribes to prescribe regulations that would govern
Indians in the exercise of the treaty-secured fishing rights.
It is sufficient to say that the state's authority to pres-
cribe restrictions within the limitations imposed by the
treaties and directly binding upon the Indians is not
dependent upon assent of the tribes or of the Secretary
of the Interior.  But certainly agreements with the tribes
or deference to tribal preference or regulation on specific
aspects pertaining to the exercise of treaty fishing rights
are means which the state may adopt in the exercise of its
jurisdiction over such fishing rights.  Both the state and
the tribes should be encouraged to pursue such a cooperative
approach.  See Makah Indian Tribe v. Schoettler, supra.

Two other contentions of defendant can be disposed
of very briefly.  Defendant urges that the treaty provisions
were in some manner altered or affected by Oregon's admission
to the Union on an "equal footing" basis subsequent to the
time the treaties were negotiated and signed and prior to
the time they were ratified and became effective as the law
of the land.  There is no merit in this contention.  Statehood
does not deprive the Federal Government of the power to enter
into treaties affecting fish and game within a state,
especially migratory species.  Missouri v. Holland, 252 U.S.
416 (1924).  Nor did subsequent statehood diminish the
treaty-secured fishing right.  Puyallup Tribe et al v.
Department of Game et al, supra; Holcomb v. Confederated
Tribes of the Umatilla Indian Reservation, supra.  Defendant
also argues that the treaty provisions were modified or
superseded by the subsequent congressional action approving
the 1918 Columbia Interstate Compact.  Nothing in the
Compact (ORS 507.010) or in the Act of Congress consenting
thereto (40 Stat. 515) impaired the Indian treaty right in
any way.  Menominee Tribe v. United States, 391 U.S. 404

FPI SANDSTONE—
12-1-66—75M—1192

21 - OPINION

(1968); <u>United States v. Payne</u>, 264 U.S. 446 (1924);

<u>United States v. Lee Yen Tai</u>, 185 U.S. 213 (1902), <u>P.J.</u>

<u>McGowan & Sons v. Van Winkle</u>, 21 F 2d 76, aff'd 227 U.S.

574 (1928); <u>Olin v. Kitzmiller</u>, 268 F 348, aff'd 259 U.S.

260 (1922); <u>Anthony v. Veatch</u>, 189 Or. 462, 220 P 2d 493,

appeal dismissed 340 U.S. 923 (1950); <u>Union Fishermen's</u>

<u>Co. v. Shoemaker</u>, 98 Or. 659, 193 P. 476 (1921); <u>State v.</u>

<u>James,</u> 72 Wash. 2d 746, 435 P 2d 521 (1967); <u>State ex rel</u>

<u>Gile v. Huse</u>, 183 Wash. 561, 49 P 2d 25 (1935).

This opinion shall constitute findings of

fact and conclusions of law in accordance with Rule 52(a)

Fed. R. Civ. P.

Dated this 5 day of July, 1969.

United States District Judge

22 - OPINION

U. S. DISTRICT COURT
DISTRICT OF OREGON
F I L E D

OCT 1 0 1969

MILDRED SPARGO, Clerk
By DERoberts Deputy

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD SOHAPPY; ALECK SOHAPPY, )
DAVID SOHAPPY, MYRA SOHAPPY, CLARA )
S. SOHAPPY, JAMES ALEXANDER, JAMES )
ALEXANDER, JR., LEO ALEXANDER, )
CLIFFORD ALEXANDER, HENRY J. )
ALEXANDER, ANDREW JACKSON, ROY )    CIVIL NO. 68-409
WATLAMET, SHIRLEY McCONVILLE )
and CLARENCE TAHKEAL, )

            **Plaintiffs** )

             )

vs )

McKEE A. SMITH, EDWARD G. HUFFSCHMIDT, )
J.I. EOFF, Commissioners, Oregon Fish )
Commission, ROBERT W. SCHONING, Director,)
Oregon Fish Commission, their agents, )
servants, employees and those persons in )
active concert or participation with them)
JOHN W. McKEAN, Director, Oregon Game )
Commission, his agents, servants, )
employees and those persons in active )
concert or participation with him, )

            **Defendants** )

             )

UNITED STATES OF AMERICA, )

            **Plaintiff** )

             )    CIVIL NO. 68-513

vs. )

STATE OF OREGON, )

            **Defendant** )

             )

vs. )

THE CONFEDERATED TRIBES OF THE WARM )
SPRINGS RESERVATION OF OREGON, )
CONFEDERATED TRIBES & BANDS OF THE )
YAKIMA INDIAN NATION, CONFEDERATED )
TRIBES OF THE UMATILLA INDIAN )

FPI SANDSTONE
12-1-66—75M—1192

1 - JUDGMENT

Copies sent to all attorneys

23

RESERVATION, AND NEZ PERCE    )
TRIBE OF IDAHO,                )
                               )
                Intervenors    )        J U D G M E N T
                               )
                               )
                               )
_____)

The court having filed its opinion dated July 8, 1969, as Findings of Fact and Conclusions of Law in these proceedings,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Before the State of Oregon may regulate the taking and disposition of fish by members of the Intervenor Tribes herein at usual and accustomed fishing places pursuant to treaties between the respective tribes and the United States:

(a) It must establish by hearings preliminary to regulation that the specific proposed regulation is both reasonable and necessary for the conservation of the fish resource. In order to be necessary, such regulations must be the least restrictive which can be imposed consistent with assuring the necessary escapement of fish for conservation purposes; the burden of establishing such facts is on the state.

(b) Its regulatory agencies must deal with the matter of the Indians' treaty fishing as a subject separate and distinct from that of fishing by others. As one method of accomplishing conservation objectives it may lawfully restrict or prohibit non-Indians fishing at the Indians' usual and accustomed fishing places without imposing similar restrictions on treaty Indians.

(c) It must so regulate the taking of fish that, except for unforeseeable circumstances beyond its control, the treaty tribes and their members will be accorded

2 - JUDGMENT

an opportunity to attempt to take, at their usual and
accustomed fishing places, by reasonable means feasible to
them, a fair and equitable share of all fish which it permits
to be taken from any given run.

      2. ORS 511.106(1) may not be applied or relied
upon by the State of Oregon or its agents, officers or
employees to restrict fishing by members of the Intervenor
tribes at their usual and accustomed places pursuant to their
tribe's treaties with the United States.

      3. The State of Oregon, to the extent that it
can establish that such regulations are reasonable and
necessary for conservation of the fish resources and do not
discriminate against the Indians, and in accordance with the
other provisions of this decree, may regulate the treaty
Indian off-reservation fisheries; provided, that this judgment
does not modify or affect in any way the judgment or orders
of this court in the case of Confederated Tribes of the
Umatilla Indian Reservation, et al v. Maison, et al, Civil
No. 77-59, or any proceedings therein. In promulgating these
regulations the protection of the treaty right to take fish
at the usual and accustomed places must be an object of the
state's regulatory policy and any restriction on the exercise
of the treaty right must be expressed with such particularity
that a member of the intervenor tribes can know in advance
of their actions precisely the extent of the restrictions
which the state has found to be necessary for conservation.
In promulgating regulations, the State of Oregon must give
the Intervenors and designated representatives of their
members whose name and address are on file with the State of
Oregon Fish Commission appropriate notice of the hearing and
of the proposed restrictions to be considered and accord them
an opportunity to be heard and participate meaningfully in

3 - JUDGMENT

the rulemaking process.

    4. This judgment constitutes a final judgment under Fed. R. Civ. P. 54(b) on the segregated claims above set forth, there being no just reason for delay. The court retains jurisdiction of the matters in suit herein for disposition of the remaining claims of the parties or to grant further or amended relief upon application of any of the parties. Any party at any time may apply to the court for a subsequent modification of any provision of this decree where the continued application of the decree has become inequitable or impracticable, but this right shall not affect the finality of the decree with respect to times prior to any such modification.

    5. Each party shall bear its own costs.

    DATED THIS __/__ day of October, 1969.


_____
United States District Judge

4 - JUDGMENT

_____Solomon, CJ._____Kilkenny, J._ xxx Belloni, J.   Aug 13                 19 69

Reporter_____

Deputy_____ C. Mundorff

RICHARD SOHAPPY                    )          CIVIL NO._____ 68-409
                                  )
                                  )          CR. NO._____
                                  )

              vs.                       Information_____   Indictment_____

     McKEE A. SMITH                )    Violation:
                                  )    Section_____   _____
                                  )
                                  )    Title_____   _____

Pltfs                                   Deft Present_____   Not Present_____
Attys_____       )
                                  )    Juvenile_____   Age_____
                                  )
                                  )    No. Counts_____   Arraigned_____
                                  )
                                  )    Plea: Guilty_____   Not Guilty_____

Defts                                   Trial: Court_____   Jury_____
Attys_____       )
                                  )    Counsel:
                                  )    Appointed_____   Retained_____
                                  )


Memo. directing clerk to correct error in the original opinion

Page 22, line 7 should read 72 Wash. 2d 746


Correction Made
   8-13-69
      C. M.

1                    EXHIBIT GROUP A - PRETRIAL ORDER EXHIBITS

2  A.1      Letter from Governor Stevens to Indian Commissioner Manypenny.
           December 30, 1854, transmitting his first Treaty (Medicine
3          Creek).

4  A.2(a)   Records of official proceedings, Indian Treaty Council, Walla
           Walla Valley, June 9-11, 1855 (with Yakima, Umatilla, Nez
5          Perce Tribes).

6  A.2(b)   Letter of June 12, 1855, from Governor Stevens and Superin-
           tendent Palmer to Indian Commissioner Manypenny transmitting
7          Nez Perce and Umatilla Treaties.

8  A.3      Treaty with the Yakimas, June 9, 1855 (12 Stat 951).

9  A.4      Treaty with the Walla Walla, Cayuse and Umatilla Tribes, June
           9, 1855 (12 Stat 945).
10
   A.5      Treaty with the Nez Perce Tribe, June 11, 1855 (12 Stat 957).
11
   A.6      Report of the official proceedings of the Treaty Council with
12         the Middle Oregon Tribes, June 22 to 25, 1855 (Warm Springs
           Tribe).
13
   A.7(a)   Treaty with the Confederated Tribes and Bands of Middle Oregon,
14         June 25, 1855 (longhand copy).

15 A.7(b)   Treaty with the Confederated Tribes and Bands of Middle Oregon,
           June 25, 1855 (printed copy)   (12 Stat 963).
16
   A.8      Yakima Enrollment Act of August 9, 1946 (60 Stat 968).
17
   A.9(a)   Constitution and bylaws, Confederated Tribes of the Warm Springs
18         Reservation of Oregon.

19 A.9(b)   Amendment VIII amending section 2(a) of Article III of Warm
           Springs Constitution, with Departmental approval letters.
20
   A.10     Constitution and bylaws of the Confederated Tribes of the
21         Umatilla Reservation.

22 A.11     Revised Constitution and bylaws of the Nez Perce Tribe with
           Commissioner of Indian Affairs approval memorandum.
23
   A.12     Map, areas ceded under certain Pacific Northwest Indian treaties
24         (also shows reservations).

25 A.13     Excerpts from various historical accounts re early Indian fish-
           ing in Columbia basin.
26
   A.14(a)  Report of Bureau of Indian Affairs Special Indian Agent George
27         W. Gordon, January 12, 1889, with attached map.

28 A.14(b)  Overlay map showing fishing sites listed by Gordon, Columbia
           River area.
29
30 A.14(c)  None.

   A.15     "History and development of the fisheries of the Columbia River"
31         by J. A. Craig and R. L. Hacker, U. S. Bureau of Fisheries
           Bulletin No. 32, 1940.
32

Page  30-A Pretrial Order

1 A.16    "The Indian dip net fishery at Celilo Falls on the Columbia
          River" by R. W. Schoning, T. R. Merrill, Jr., and D. R. Johnson,
2         Oregon Fish Commission Contribution No. 17, November 1951.

3 A.17    Summary report on the Indian fishery at Celilo Falls and vicinity,
          Columbia River, 1947-1954, by U. S. Fish and Wildlife Service.
4
  A.18(a)  Map, mid-Columbia Basin area.
5
  A.18(b)  Overlay to map 18(a), state and tribal open commercial fishing
6          areas.

7 A.18(c)  Area 1 inset to 18(a), state and tribal closed fishing areas.

8 A.18(d)  Area 2 inset to 18(a), state and tribal closed fishing areas.

9 A.18(e)  Area 3 inset to 18(a), state and tribal closed fishing areas.

10 A.18(f)  Area 4 inset to 18(a), state and tribal closed fishing areas.

11 A.18(g)  Area 5 inset to 18(a), state and tribal closed fishing areas.

12 A.18(h)  Area 6 inset to 18(a), state and tribal closed fishing areas.

13 A.18(i)  Area 7 inset to 18(a), state and tribal closed fishing areas.

14 A.18(j)  Area 8 inset to 18(a), state and tribal closed fishing areas.

15 A.18(k)  Area 9 inset to 18(a), state and tribal closed fishing areas.

16 A.19    Excerpts from Act of March 2, 1945 (59 Stat 22) re in-lieu
          sites, Bonneville reservoir.
17
  A.20(a)  Site description, Big White Salmon in-lieu site.
18
  A.20(b)  Map for Big White Salmon in-lieu site.
19
  A.20(c)  Site description, Wind River in-lieu site.
20
  A.20(d)  Map for Wind River in-lieu site.
21
  A.20(e)  Site description, Little White Salmon in-lieu site.
22
  A.20(f)  Map for Little White Salmon in-lieu site.
23
  A.20(g)  Site description, Lone Pine in-lieu site.
24
  A.20(h)  Map for Lone Pine in-lieu site.
25
  A.20(i)  Site description, Cascade Locks in-lieu site.
26
  A.20(j)  Map for Cascade Locks in-lieu site.
27
  A.20(k)  Map of Columbia River segment showing location of in-lieu sites.
28
  A.21    Act of June 30, 1954, re payment for Celilo inundation (68
          Stat 330).
29
30 A.22(a)  Celilo inundation agreement with Yakima Tribe.

31 A.22(b)  Celilo inundation agreement with Umatilla Tribe.

32

Page 30-B  Pretrial Order

A.22(c)   Celilo inundation agreement with Warm Springs Tribe.

A.22(d)   Celilo inundation agreement with Nez Perce Tribe.

A.22(e)   Corps of Engineers letter of March 26, 1957, regarding effect of The Dalles Dam on Indian fishing rights.

A.23(a) to A.23(f)   1961 agreement among Fish Commission of Oregon, Washington Department of Fisheries, Umatilla Tribe and Warm Springs Tribe and Washington's withdrawal therefrom.

A.24   Letter from Oregon State Game Commission to Nez Perce tribal attorney, June 20, 1961, re ORS 497.170.

A.25   Interior Department Solicitor's Opinion re off-reservation Indian fishing rights of May 16, 1962, 69 I. D. 68.

A.26(a) to A.26(d)   Conservation regulations of Yakima (a), Umatilla (b), Warm Springs (c), and Nez Perce (d), Tribes with BIA letters of approval.

A.27   Summary report "Indian fishery on Columbia River - 1964," E. M. Maltzeff, U. S. Bureau of Commercial Fisheries.

A.28   Opinion of June 18, 1968, of Attorneys General of Oregon, Washington and Idaho re Puyallup decision.

A.29(a)   Regulations, Fish Commission of Oregon, excerpt from Chapter 10-625.

A.29(b)   Regulations, Fish Commission of Oregon, FC 180.

A.29(c)   Regulations, Fish Commission of Oregon, FC 181.

A.29(d)   Regulations, Fish Commission of Oregon, FC 182.

A.29(e)   Regulations, Fish Commission of Oregon, FC 187.

A.30   Synopsis of Oregon Angling Regulations, 1969, Oregon State Game Commission.

A.31   "Commercial fisheries of the Columbia River and adjacent ocean waters" by A. T. Pruter, U. S. Bureau of Commercial Fisheries (1968).

A.32   "The Columbia River Fishery," a joint statement by biologists for Fish Commission of Oregon and U. S. Bureau of Commercial Fisheries, February 20, 1969.

A.33(a)   1967 Corps of Engineers Fish Passage Report, Columbia and Snake Rivers.

A.33(b)   Table from forthcoming 1968 Corps of Engineers Fish Passage Report.

A.34(a)   1968 status report of the Columbia River commercial fisheries, Fish Commission of Oregon and Washington Department of Fisheries.

1  A.34(b)  Excerpts from 1967 status report as above (Spring Season).

2  A.35  "Regulation of commercial fishing gear and seasons on the
3  Columbia River from 1859 - 1963" by Henry O. Wendler, from
   Washington Department of Fisheries Fisheries Research Papers,
4  December, 1966.

   A.36  "The effects on salmon populations of the partial elimination of
5  fixed gear on the Columbia River in 1935" by D. R. Johnson,
   W. M. Chapman and R. W. Schoning from Oregon Fish Commission
6  Contribution No. 11.

7  A.37  "Spawning areas and abundance of chinook salmon in the Columbia
   River basin, past and present" by Leonard A. Fulton, U. S. Fish
8  and Wildlife Service, with maps.  Special Scientific Report,
   Fisheries No. 571, 1968.
9
   A.38  "Timing of Willamette River spring chinook salmon through the
10 lower Columbia River," James A. Galbreath, Fish Commission of
   Oregon Research Briefs, June 1965.
11
   A.39  "Trends in production rates for upper Columbia River runs of
12 salmon and steelhead and possible effects of changes in
   turbidity" by C. O. Junge and A. L. Oakley, Fish Commission
13 of Oregon Research Briefs, April 1966.

14 A.40  "Timing of tributary races of chinook salmon through the lower
   Columbia River based on analysis of tide recoveries," J. L.
15 Galbreath, Fish Commission of Oregon Research Briefs, April
   1966.
16
17 A.41  Oregon Game Commission Catch Statistics for Salmon and
   Steelhead.

18 A.42  Excerpts from Annual Report by Indian Agent R. R. Thompson,
19 dated August 14, 1855.

20 A.43  Table of estimated distribution of maximum runs of salmon and
   steelhead trout to the Snake River System in percent and num-
21 ber.  Prepared by Fish and Wildlife Task Force on Federal
   Power Commission hearing on High Mountain Sheep Dam.

22 A.44  Designated portions of deposition of Edward G. Huffschmidt
23 taken December 19, 1968:

24              From                              To
          Page      Line                    Page      Line
25         4          1                       4         25
26        15         11                      23         12
   A.45  Designated portions of deposition of Robert W. Schoning taken
27 December 19, 1968, and January 2, 1969:

28              From                              To
          Page      Line                    Page      Line
29 Vol I    4          1                       6         22
30        19         14                      26         18
          30          4                      38         15
31        50          5                      55          1

32

# EXHIBIT GROUP A – PRETRIAL ORDER EXHIBITS

**A.1**  Letter from Governor Stevens to Indian Commissioner Manypenny. December 30, 1854, transmitting his first Treaty (Medicine Creek).

**A.2(a)**  Records of official proceedings, Indian Treaty Council, Walla Walla Valley, June 9-11, 1855 (with Yakima, Umatilla, Nez Perce Tribes).

**A.2(b)**  Letter of June 12, 1855, from Governor Stevens and Superintendent Palmer to Indian Commissioner Manypenny transmitting Nez Perce and Umatilla Treaties.

**A.3**  Treaty with the Yakimas, June 9, 1855 (12 Stat 951).

**A.4**  Treaty with the Walla Walla, Cayuse and Umatilla Tribes, June 9, 1855 (12 Stat 945).

**A.5**  Treaty with the Nez Perce Tribe, June 11, 1855 (12 Stat 957).

**A.6**  Report of the official proceedings of the Treaty Council with the Middle Oregon Tribes, June 22 to 25, 1855 (Warm Springs Tribe).

**A.7(a)**  Treaty with the Confederated Tribes and Bands of Middle Oregon, June 25, 1855 (longhand copy).

**A.7(b)**  Treaty with the Confederated Tribes and Bands of Middle Oregon, June 25, 1855 (printed copy)  (12 Stat 963).

**A.8**  Yakima Enrollment Act of August 9, 1946 (60 Stat 968).

**A.9(a)**  Constitution and bylaws, Confederated Tribes of the Warm Springs Reservation of Oregon.

**A.9(b)**  Amendment VIII amending section 2(a) of Article III of Warm Springs Constitution, with Departmental approval letters.

**A.10**  Constitution and bylaws of the Confederated Tribes of the Umatilla Reservation.

**A.11**  Revised Constitution and bylaws of the Nez Perce Tribe with Commissioner of Indian Affairs approval memorandum.

**A.12**  Map, areas ceded under certain Pacific Northwest Indian treaties (also shows reservations).

**A.13**  Excerpts from various historical accounts re early Indian fishing in Columbia basin.

**A.14(a)**  Report of Bureau of Indian Affairs Special Indian Agent George W. Gordon, January 12, 1889, with attached map.

**A.14(b)**  Overlay map showing fishing sites listed by Gordon, Columbia River area.

**A.14(c)**  None.

**A.15**  "History and development of the fisheries of the Columbia" by J. A. Craig and R. L. Hacker, U. S. Bureau of Fisheries Bulletin No. 32, 1940.

1  A.16    "The Indian dip net fishery at Celilo Falls on the Columbia River" by R. W. Schoning, T. R. Merrill, Jr., and D. R. Johnson,
2           Oregon Fish Commission Contribution No. 17, November 1951.

3  A.17    Summary report on the Indian fishery at Celilo Falls and vicinity, Columbia River, 1947-1954, by U. S. Fish and Wildlife Service.
4
   A.18(a)  Map, mid-Columbia Basin area.
5
   A.18(b)  Overlay to map 18(a), state and tribal open commercial fishing areas.
6

7  A.18(c)  Area 1 inset to 18(a), state and tribal closed fishing areas.

8  A.18(d)  Area 2 inset to 18(a), state and tribal closed fishing areas.

9  A.18(e)  Area 3 inset to 18(a), state and tribal closed fishing areas.

10 A.18(f)  Area 4 inset to 18(a), state and tribal closed fishing areas.

11 A.18(g)  Area 5 inset to 18(a), state and tribal closed fishing areas.

12 A.18(h)  Area 6 inset to 18(a), state and tribal closed fishing areas.

13 A.18(i)  Area 7 inset to 18(a), state and tribal closed fishing areas.

14 A.18(j)  Area 8 inset to 18(a), state and tribal closed fishing areas.

15 A.18(k)  Area 9 inset to 18(a), state and tribal closed fishing areas.

16 A.19    Excerpts from Act of March 2, 1945 (59 Stat 22) re in-lieu sites, Bonneville reservoir.
17

18 A.20(a)  Site description, Big White Salmon in-lieu site.

19 A.20(b)  Map for Big White Salmon in-lieu site.

20 A.20(c)  Site description, Wind River in-lieu site.

21 A.20(d)  Map for Wind River in-lieu site.

22 A.20(e)  Site description, Little White Salmon in-lieu site.

23 A.20(f)  Map for Little White Salmon in-lieu site.

24 A.20(g)  Site description, Lone Pine in-lieu site.

25 A.20(h)  Map for Lone Pine in-lieu site.

26 A.20(i)  Site description, Cascade Locks in-lieu site.

27 A.20(j)  Map for Cascade Locks in-lieu site.

28 A.20(k)  Map of Columbia River segment showing location of in-lieu sites.

29 A.21    Act of June 30, 1954, re payment for Celilo inundation (68 Stat 330).

30 A.22(a)  Celilo inundation agreement with Yakima Tribe.

31 A.22(b)  Celilo inundation agreement with Umatilla Tribe.

32

Page 30-B  Pretrial Order

1  A.22(c)    Celilo inundation agreement with Warm Springs Tribe.

2  A.22(d)    Celilo inundation agreement with Nez Perce Tribe.

3  A.22(e)    Corps of Engineers letter of March 26, 1957, regarding effect
           of The Dalles Dam on Indian fishing rights.
4

5  A.23(a)
      to
6  A.23(f)    1961 agreement among Fish Commission of Oregon, Washington
           Department of Fisheries, Umatilla Tribe and Warm Springs Tribe
7           and Washington's withdrawal therefrom.

8  A.24      Letter from Oregon State Game Commission to Nez Perce tribal
           attorney, June 20, 1961, re ORS 497.170.

9  A.25      Interior Department Solicitor's Opinion re off-reservation
           Indian fishing rights of May 16, 1962, 69 I. D. 68.
10

11 A.26(a)
      to
12 A.26(d)    Conservation regulations of Yakima (a), Umatilla (b), Warm
           Springs (c), and Nez Perce (d), Tribes with BIA letters of
13          approval.

14 A.27      Summary report "Indian fishery on Columbia River - 1964,"
           E. M. Maltzeff, U. S. Bureau of Commercial Fisheries.

15 A.28      Opinion of June 18, 1968, of Attorneys General of Oregon,
           Washington and Idaho re Puyallup decision.
16

17 A.29(a)    Regulations, Fish Commission of Oregon, excerpt from Chapter
           10-625.

18 A.29(b)    Regulations, Fish Commission of Oregon, FC 180.

19 A.29(c)    Regulations, Fish Commission of Oregon, FC 181.

20 A.29(d)    Regulations, Fish Commission of Oregon, FC 182.

21 A.29(e)    Regulations, Fish Commission of Oregon, FC 187.

22 A.30      Synopsis of Oregon Angling Regulations, 1969, Oregon State
           Game Commission.
23

24 A.31      "Commercial fisheries of the Columbia River and adjacent ocean
           waters" by A. T. Pruter, U. S. Bureau of Commercial Fisheries
25          (1968).

26 A.32      "The Columbia River Fishery," a joint statement by biologists for
           Fish Commission of Oregon and U. S. Bureau of Commercial Fisheries,
27          February 20, 1969.

28 A.33(a)    1967 Corps of Engineers Fish Passage Report, Columbia and Snake
           Rivers.
29

   A.33(b)    Table from forthcoming 1968 Corps of Engineers Fish Passage
30          Report.

31 A.34(a)    1968 status report of the Columbia River commercial fisheries,
           Fish Commission of Oregon and Washington Department of Fisheries.
32

Page  30-C   Pretrial Order

1 A.34(b)    Excerpts from 1967 status report as above (Spring Season).

2 A.35       "Regulation of commercial fishing gear and seasons on the
3            Columbia River from 1859 - 1963" by Henry O. Wendler, from
             Washington Department of Fisheries Fisheries Research Papers,
4            December, 1966.

5 A.36       "The effects on salmon populations of the partial elimination of
             fixed gear on the Columbia River in 1935" by D. R. Johnson,
6            W. M. Chapman and R. W. Schoning from Oregon Fish Commission
             Contribution No. 11.

7 A.37       "Spawning areas and abundance of chinook salmon in the Columbia
8            River basin, past and present" by Leonard A. Fulton, U. S. Fish
             and Wildlife Service, with maps.  Special Scientific Report,
9            Fisheries No. 571, 1968.

10 A.38      "Timing of Willamette River spring chinook salmon through the
             lower Columbia River," James A. Galbreath, Fish Commission of
11           Oregon Research Briefs, June 1965.

12 A.39      "Trends in production rates for upper Columbia River runs of
             salmon and steelhead and possible effects of changes in
13           turbidity" by C. O. Junge and A. L. Oakley, Fish Commission
             of Oregon Research Briefs, April 1966.

14 A.40      "Timing of tributary races of chinook salmon through the lower
15           Columbia River based on analysis of tide recoveries," J. L.
             Galbreath, Fish Commission of Oregon Research Briefs, April
16           1966.

17 A.41      Oregon Game Commission Catch Statistics for Salmon and
             Steelhead.

18 A.42      Excerpts from Annual Report by Indian Agent R. R. Thompson,
19           dated August 14, 1855.

20 A.43      Table of estimated distribution of maximum runs of salmon and
21           steelhead trout to the Snake River System in percent and num-
             ber.  Prepared by Fish and Wildlife Task Force on Federal
             Power Commission hearing on High Mountain Sheep Dam.

22 A.44      Designated portions of deposition of Edward G. Huffschmidt
23           taken December 19, 1968:

|  | From |  |  | To |  |
|---|---|---|---|---|---|
| 24 | Page | Line |  | Page | Line |
| 25 | 4 | 1 |  | 4 | 25 |
| 26 | 13 | 14 |  | 23 | 12 |

27 A.45      Designated portions of deposition of Robert W. Schoning taken
             December 19, 1968, and January 2, 1969:

|  | From |  |  | To |  |
|---|---|---|---|---|---|
| 28 | Page | Line |  | Page | Line |
| 29 Vol I | 4 | 1 |  | 6 | 22 |
| 30 | 19 | 14 |  | 26 | 18 |
| 31 | 30 | 4 |  | 38 | 15 |
|  | 50 | 5 |  | 55 | 1 |

32