DAN RAYFIELD
Attorney General
CHRISTINA L. BEATTY-WALTERS #981634
DEANNA CHANG  #192202
AUSTIN D. SAYLOR #085614
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Tina.BeattyWalters@doj.oregon.gov
       Deanna.J.Chang@doj.oregon.gov
       Austin.Saylor@doj.oregon.gov

Attorneys for Defendant State of Oregon

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No.  3:68-CV-00513-SI |
| Plaintiffs,<br>v. | STATE OF OREGON'S MOTION TO DISMISS |
| **STATE OF OREGON** | |
| Defendants. | |

### *LR conferral certification*

Counsel for the State of Oregon have conferred by videoconference with counsel for the Shoshone-Bannock Tribes regarding the basis for this motion and the relief sought, and the parties could not resolve their dispute.

Page 1 -    STATE OF OREGON'S MOTION TO DISMISS
          DC4/rn1/1000438421

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant State of Oregon moves for an order dismissing the claims asserted against it in the Shoshone-Bannock Tribes' First Amended Complaint. This motion is supported by the following memorandum of law as well as the long record in this case.

## I.    INTRODUCTION

The Shoshone-Bannock Tribes' ("Shoshone-Bannock") claims against Oregon fail on their face and should be dismissed for multiple reasons. First, the claims are barred by Oregon's Eleventh Amendment immunity. The unavailability of immunity on the claims originally brought by the United States does not eliminate immunity to claims asserted by other parties. Nor has Oregon waived immunity; at no point before now was Oregon required to assert its immunity to the Shoshone-Bannock's claims. Second, the Shoshone-Bannock lack standing to pursue claims against Oregon. In its First Amended Complaint, the Shoshone-Bannock fail to identify any actions taken by Oregon at all, much less actions that allegedly interfered with their treaty rights. If the Shoshone-Bannock have suffered an injury, the First Amended Complaint fails to link that injury to any action by the State of Oregon and fails to identify how a judgment sought against Oregon would redress their injuries. For these reasons, the Court lacks jurisdiction to hear the claims asserted against Oregon. Additionally, and for the same reasons, the Shoshone-Bannock fails to state a claim against Oregon because they do not identify anything Oregon did or threatened to do that did or would interfere with their treaty rights.

## II.    BACKGROUND

In 1968, the United States filed this case against the State of Oregon on behalf of three tribes: Confederated Tribes of the Umatilla Indian Reservation ("Umatilla Tribes"), Confederated Tribes and Bands of the Yakama Nation ("Yakama Tribes"), and the Nez Perce Tribe of Idaho ("Nez Perce Tribe"), along with "all other tribes similarly situated," seeking to enforce the tribes' treaty-protected fishing rights. ECF No. 1 ¶ 2; *Sohappy v. Smith*, 302 F. Supp.

Page 2 -    STATE OF OREGON'S MOTION TO DISMISS
DC4/rn1/1000438421

899, 904 (D. Or. 1969). The Umatilla Tribes, Yakama Tribes, and Nez Perce Tribe intervened, as did the Confederated Tribes of Warm Springs of Oregon ("Warm Springs Tribes"). Early in the case, upon intervention by the Warm Springs Tribes and "the inability of government counsel to identify any other tribes who were 'similarly situated,' the State's motion to strike the reference to such other tribes was granted." *Id.*

The Court entered a judgment in 1969, ruling that the four tribes "are entitled to a fair share of the fish produced by the Columbia River system." *Id.* at 911. In 1974, the Court amended the 1969 judgment by declaring that a fair share of a certain spring Chinook salmon run means the four tribes are "'entitled to have the opportunity to take up to 50 percent of the harvest of the spring Chinook Salmon run destined to reach the tribes' usual and accustomed grounds and stations.'" *Sohappy v. Smith*, 529 F.2d 570, 572 (9th Cir. 1976) (quoting judgment). The Court retained jurisdiction to implement the judgment and subsequently entertained a series of motions for temporary restraining orders and preliminary injunctions. *See, e.g.,* ECF Nos. 2-1300, 2-299.

Over the course of the litigation, Washington and Idaho successfully intervened as defendants. In 1985, the Shoshone-Bannock moved to intervene. In 1986, the Court permitted the Shoshone-Bannock to intervene over the objections of the original four intervening tribes, Washington, and Oregon. ECF No. 2-934 (Tribes' and Washington's opposition); ECF No. 2-931 (Oregon's opposition); ECF No. 2-892 (order). In October 1986, the Shoshone-Bannock filed their Complaint-in-Intervention. ECF No. 2-967.

In the years and decades following their intervention, the Shoshone-Bannock took no action to force resolution of their claims. *See, e.g., United States v. Oregon*, 699 F. Supp. 1456, 1466 (D. Or. 1988), *aff'd*, 913 F.2d 576 (9th Cir. 1990) ("The issues raised in this case do not require the court to resolve the 1868 treaty fishing rights of the Shoshone-Bannock. Nor have I been asked to do so."); ECF No. 2-735 (April 1988 Shoshone-Bannock brief explaining that they reserve their right to litigate the nature and extent of their treaty rights and that they "may elect to

litigate these matters at some future date"). And, although the Shoshone-Bannock in their original complaint requested that the United States assert claims on their behalf, the United States has never done so. The State of Oregon, like most other parties, never responded to the original Shoshone-Bannock complaint.

Now, nearly forty years after intervening in this action, the Shoshone-Bannock seek a declaration that their 1868 treaty with the United States guarantees them a "treaty right to fish," a "shared, secured priority interest in the fishery resource," and an entitlement to "an equitable share of any harvestable allocation made available" to the plaintiff intervenor tribes and the states. First Amended Complaint ("FAC") *prayer* ¶¶ A-C. They also seek relief enjoining "all parties to recognize the Shoshone-Bannock's off-reservation treaty fishing right in any management decisions" and enjoining "any fishing by downriver users that threatens the preservation of Treaty anadromous fish runs relied upon by the Shoshone-Bannock Tribes." FAC *prayer* ¶¶ D, E.

## III.    ARGUMENT

### A.    Legal standards under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Fed. R. Civ. P. 12(b)(1) allows for challenges to a court's subject matter jurisdiction, which can be a facial or factual attack. In a facial attack, the defendant challenges the allegations of the complaint, and the court applies the standards that apply to motions under Fed. R. Civ. P. 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Meaning, the court accepts the truth of the factual allegations and evaluates whether the allegations are sufficient to invoke the court's subject matter jurisdiction. *Id*. A factual attack challenges the truth of the complaint's allegations and is typically supported with evidence. *Id*. In that case, the evidentiary standard that applies to motions for summary judgment governs. *Id*.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief." *Updike v.*

Page 4 -   STATE OF OREGON'S MOTION TO DISMISS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Clackamas Cnty.*, 2015 WL 7722410 *1 (D. Or. 2015). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Nor do legal conclusions presented as factual allegations receive the presumption of truth. *Id*.

**B.     The State of Oregon is immune under the Eleventh Amendment.**

Under sovereign immunity principles and the Eleventh Amendment, states are generally not subject to suit in federal court without their consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (describing proposition). This immunity extends to suits brought against states by Indian tribes. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268-69 (1997); *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 782 (1991). Although courts recognize multiple exceptions to Eleventh Amendment immunity, no exception applies here.

One such exception applied to the original claims in this case. Eleventh Amendment immunity does not apply when the United States brings suit against a state. *See Blatchford*, 501 U.S. at 782 (so stating and citing authorities). The State of Oregon was not immune from the claims originally brought by the United States in 1968 that resulted in the entry of judgment. But the inapplicability of sovereign immunity as to those claims does not subject Oregon to claims asserted by other parties on whose behalf the United States did not act. For Oregon to be subject to suit on the Shoshone-Bannock's claims, one of the other exceptions to sovereign immunity must apply. None does.

States can waive their immunity and consent to suit in federal court. *See, e.g., Coeur d'Alene Tribe of Idaho*, 521 U.S. at 267 (describing waiver). But Oregon has not waived its sovereign immunity here. Waiver can be found "only where stated 'by the most express language

Page 5 -   STATE OF OREGON'S MOTION TO DISMISS
DC4/rn1/1000438421

or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). To be sure, waiver can occur "by conduct that is incompatible with an intent to preserve [] immunity." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (internal quotations omitted). But no such thing occurred here. The Shoshone-Bannock intervened and filed a complaint in 1986, well after the judgment was entered and affirmed. Oregon was never required to, and never did, respond to that complaint. Nor does it appear that the Shoshone-Bannock ever—until now—demanded that their claims be litigated. *See, e.g.*, ECF No. 2-735 (April 1988 Shoshone-Bannock brief reserving the right to litigate the nature and extent of their treaty rights in the future). The Shoshone-Bannock did not even demand a resolution of their claims when they unsuccessfully sought a temporary restraining order from Oregon and Washington in 1992; there, they relied on a balancing of the equities or hardships. *See* ECF No. 2-334 (Shoshone-Bannock memorandum in support of motion). Given the posture of this case when the Shoshone-Bannock intervened and the absence of a demand to litigate their claims, there was simply no point at which raising the Eleventh Amendment was required to avoid its waiver.

Finally, under *Ex parte Young*, 209 U.S. 123 (1908), claims for prospective declaratory and injunctive relief asserted against state officials, as opposed to the State itself, are often not barred under the Eleventh Amendment. *But see Coeur d'Alene Tribe of Idaho*, 521 U.S. at 287-88 (explaining that *Ex parte Young* does not allow the federal court to hear case affecting a special state sovereign interest). *Ex parte Young* plainly does not apply because the State of Oregon is the only named Oregon defendant.

Because Oregon is immune from the claims the Shoshone-Bannock asserts against it, this Court lacks jurisdiction to consider those claims.

DC4/rn1/1000438421

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**C.      The Shoshone-Bannock lack standing to assert a claim against the State of Oregon.**

The court also lacks subject matter jurisdiction because the Shoshone-Bannock cannot satisfy the bare minimum elements of standing. Article III to the U.S. Constitution limits the jurisdiction of federal courts to live "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); *see also* 28 U.S.C. § 2201 (authorizing federal courts to enter declaratory judgments "[i]n a case of actual controversy within [their] jurisdiction"). To satisfy this requirement, the plaintiff must establish each of the three standing elements: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Additionally, to have standing to seek declaratory relief, a party must not have an injury that "lies wholly in the past," but instead must have an injury that is reasonably likely to recur. *Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1268 (D. Or. 2014) (citing *Leu v. Int'l Boundary Com'n*, 605 F.3d 693, 694-95 (9th Cir. 2010)). Similarly, to seek injunctive relief, a party must demonstrate that it is "'realistically threatened by a repetition of [the violation].'" *Melendes v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). A plaintiff must demonstrate standing for each claim against each defendant and for each form of relief. *Murthy v. Missouri*, 603 U.S. 43, 61 (2024). Because the Shoshone-Bannock cannot establish each of the standing elements to support their claims as alleged against the State of Oregon, the Court lacks subject matter jurisdiction and the claims against Oregon should be dismissed.

The First Amended Complaint fails to identify any alleged injury traceable to Oregon that can support the Shoshone-Bannock's standing to seek the relief it seeks. Very few allegations even mention Oregon at all. Paragraph 15 explains that the defendant States "possess a shared responsibility for the management of anadromous fish resources," but does not identify any action the State of Oregon took as a manager of fish resources. Paragraphs 23 and 25 allege that

Page 7 -    STATE OF OREGON'S MOTION TO DISMISS
DC4/rn1/1000438421

ancestors of present-day Shoshone Bannock tribal members ranged over a large area, including parts of what is now Oregon. Paragraph 48 obliquely alleges that all defendants "fail[ed] to recognize the need for these fish to reach the headwaters of their home-streams." No allegations identify allegedly wrongful actions Oregon took that harmed the Shoshone-Bannock, either in the past or the present. These bare bones allegations starkly contrast with allegations in the original 1968 United States complaint. There, the United States alleged that the State of Oregon's officers "seized nets and other property" belonging to tribal members, "harassed, intimidated and threatened [tribal members] or caused them to be arrested and prosecuted for allegedly violating state laws, * * * confiscated or released fish belonging to said members," and "interfered with, obstructed, and attempted to prevent the transportation or sale of such fish[.]" ECF No. 1 ¶ 9.

To the extent the Shoshone-Bannock have identified injuries, they fail to explain how those injuries were caused in any way by the State of Oregon. They have neglected to identify any action by Oregon that violated their treaty rights, much less any actions that Oregon threatens to take that would support the prospective relief they seek. And because the Shoshone Bannock have identified no actions taken or threatened by Oregon that caused or will cause alleged injuries, they cannot satisfy redressability either. Without some alleged link between the Tribes' injuries and Oregon, the Court cannot conclude that relief against Oregon is likely to redress any of the Shoshone-Bannock's injuries. Because the Shoshone-Bannock have not met the elements of standing, the Court lacks subject matter jurisdiction, and the claims against Oregon should be dismissed.

**D.      The Shoshone-Bannock fail to state a claim against the State of Oregon.**

The Shoshone-Bannock's claims against Oregon fail for a third reason. The First Amended Complaint fails to state a claim. The Shoshone-Bannock's claims are for declaratory and injunctive relief. But neither declaratory relief nor injunctive relief is an independent cause of action; instead, both are forms of relief. *See, e.g., McKee v. General Motors Co.*, 601 F. Supp.

Page 8 -   STATE OF OREGON'S MOTION TO DISMISS
DC4/rn1/1000438421

3d 901, 910 (W.D. Wash. 2022); *Fierro v. Capital One, N.A.*, 620 F. Supp. 3d 1105, 1112-13 (S.D. Cal. 2022); *Bisson v. Bank of America, N.A.*, 919 F. Supp. 2d 1130, 1139-40 (W.D. Wash. 2013). A plaintiff is required to "plead substantive claims that provide for those remedies." *Fierro*, 620 F. Supp. 3d at 1112-13. The Shoshone-Bannock have failed to allege sufficient factual matter to state a plausible claim against the State of Oregon.

The Shoshone-Bannock seek to enforce their treaty rights. However, as described above, the allegations against Oregon are limited, at best. The First Amended Complaint identifies no actions taken or threatened by the State of Oregon at all, much less actions that support a cause of action against it for violation of the Shoshone-Bannock's treaty rights. The First Amended Complaint is insufficient to "raise a right to relief above the speculative level" against Oregon. *Twombly*, 550 U.S. at 555. For that reason, the claims against Oregon should be dismissed.

### IV.    CONCLUSION

For all the above reasons, the claims in the First Amended Complaint asserted against the State of Oregon should be dismissed for lack of jurisdiction or, at a minimum, for failure to state a claim for relief.

DATED November  20 , 2025.

<div style="margin-left:50%">

Respectfully submitted,

DAN RAYFIELD
Attorney General


   *s/ Christina L. Beatty-Walters*
CHRISTINA L. BEATTY-WALTERS #981634
DEANNA CHANG #192202
AUSTIN D. SAYLOR #085614
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Tina.BeattyWalters@doj.oregon.gov
Deanna.J.Chang@doj.oregon.gov
Austin.Saylor@doj.oregon.gov
Of Attorneys for Defendant State of Oregon

</div>

Page 9 -    STATE OF OREGON'S MOTION TO DISMISS
DC4/rn1/1000438421

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000